Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jordan S. Stern, State Bar No. 311527
E-Mail: jstern@hurrellcantrall.com
Nicole G. Ortega, State Bar No. 345882
E-Mail: nortega@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES and BLAKE RUNGE

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

RUBIN LAW OFFICE, P.C.
David Rubin (SBN 304744)
david@rubinlawoffice.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Phone: (619) 719-1087

Attorneys for PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>        Plaintiffs,<br><br>     v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and DOES 1-10,<br><br>        Defendants. | Case No. 2:23-cv-09285-SB (MARx)<br><br>***DISCOVERY MATTER***<br><br>**STIPULATED  PROTECTIVE ORDER GOVERNING PRODUCTION OF "CONFIDENTIAL" INFORMATION**<br><br>[Discovery Document: Referred to Magistrate Margo A. Rocconi ]<br><br>[Assigned to Hon. Stanley Blumenfeld, Jr., Courtroom 6C] |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

I. **PURPOSE AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following [Proposed] Stipulated Protective Order (hereafter "this Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery; and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

II. **GOOD CAUSE STATEMENT**

This action is likely to involve confidential information pertaining to personnel records and other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Limiting disclosure of these documents to the context of this litigation as provided herein will, accordingly, further important law enforcement objectives and interests, including the safety of personnel and the public, as well as the privacy rights of plaintiffs, the individual defendants, and third party witnesses. Such confidential materials and information consists of, among other things, materials entitled to privileges and/or protections under the following: the United States Constitution, First Amendment; the California Constitution, Article I, Section 1; *California Penal Code* §§ 832.5, 832.7, and 832.8; *California Evidence Code* §§ 1040 and 1043, et seq.; the Privacy Act of 1974, 5 U.S.C. § 552a; Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191, decisional law relating to such provisions; and information otherwise generally unavailable to the public; or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Defendants also contend that such confidential materials and

1    information consists of materials entitled to the Official Information Privilege.

2        Confidential information with respect to the Defendants may include:

3    personnel files; internal investigative files and documents; email and written

4    correspondence records; and policies and procedures that are kept from the public in

5    the ordinary course of business, as well as other items subject to the Official

6    Information Privilege and other privileges.  Confidential information with respect to

7    the Plaintiff may include: employment and financial records; email and written

8    correspondence records; and psychological notes, evaluations, and report and

9    treatment plans relating to the treatment, care, and evaluation of the Plaintiff.

10       The parties reserve the right to challenge a designation of confidentiality

11   pursuant to the terms set forth under Paragraph 8 of this Order.

12       Accordingly, to expedite the flow of information; to facilitate the prompt

13   resolution of disputes over confidentiality of discovery materials; to adequately

14   protect information the parties are entitled to keep confidential; to ensure that the

15   parties are permitted to reasonably use such material in preparation for and in

16   conduct of trial; to address their handling at the end of the litigation; and serve the

17   ends of justice, a protective order for such information is justified in this matter.  It

18   is the intent of the parties that information will not be designated as confidential for

19   tactical reasons and that nothing be so designated without a good faith belief that it

20   has been maintained in a confidential, non-public manner; and there is good cause

21   why it should not be part of the public record of this case.

22   **III.**   **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**

23         **SEAL**

24       The parties further acknowledge, as set forth in Section 14.3, below, that this

25   Order does not entitle them to file confidential information under seal; *Local Civil*

26   *Rule* 79-5 sets forth the procedures that must be followed and the standards that will

27   be applied when a party seeks permission from the court to file material under seal.

28       There is a strong presumption that the public has a right of access to judicial

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1  proceedings and records in civil cases.  In connection with non-dispositive motions,
2  good cause must be shown to support a filing under seal.  See *Kamakana v. City and*
3  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*
4  *Corp.* 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics*,
5  Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999), (even stipulated protective orders
6  require good cause showing, and a specific showing of good cause or compelling
7  reasons with proper evidentiary support and legal justification, must be made with
8  respect to material that a party seeks to file under seal).  The parties' mere
9  designation of material as "CONFIDENTIAL" does not— without the submission
10  of competent evidence by declaration, establishing that the material sought to be
11  filed under seal qualifies as confidential, privileged, or otherwise protectable—
12  constitute good cause.  Further, if a party requests sealing related to dispositive
13  motion or trial, then compelling reasons, not only good cause, for the sealing must
14  be shown, and the relief sought shall be narrowly tailored to serve the specific
15  interest to be protected.  See *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79
16  (9th Cir. 2010).

17  Any document that is not confidential, privileged, or otherwise protectable in
18  its entirety will not be filed under seal if the confidential portions can be redacted.
19  If documents can be redacted, then a redacted version for public viewing, omitting
20  only the confidential, privileged, or otherwise protectable portions of the document,
21  shall be filed.  Any application that seeks to file documents under seal in their
22  entirety should include an explanation of why redaction is not feasible.

23  **IV.   DEFINITIONS**

24  4.1   Action:  *Ursula Byram,* et al. *v. County of Los Angeles*, et al. Case No.
25  2:23-cv-09285-SB.

26  4.2   Challenging Party: a Party or Non-Party that challenges the designation
27  of information or items under this Order.

28  4.3   "CONFIDENTIAL" Information or Items:  Information (regardless of

4

the medium or manner in which it is generated, stored, or maintained) or tangible things that qualify for protection under *Federal Rule of Civil Procedure* 26(c), and as specified above in the Good Cause Statement.

4.4    Counsel:  General Counsel of Record and House Counsel (as well as their support staff).

4.5    Designating Party:  a Party or Non-Party that designated information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include General Counsel of Record or any other outside Counsel.

4.9    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.10   General Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that Party, as well as their support staff.

4.11   Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and General Counsel of Record (and their support staffs).

4.12   Producing Party:  a Party or Non-Party that makes a Disclosure or

produces Discovery Material in this Action.

4.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15   <u>Producing Party</u>:  a Party that makes a Disclosure or produces Discovery Material to the Receiving Party.

4.15   <u>Receiving Party</u>:  a Party that receives a Disclosure or Discovery Material from a Producing Party.

## V.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel (as defined by Sections 4.8 and 4.10) that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## VI.   <u>DURATION</u>

The confidentiality obligations imposed by this Order shall remain in effect until Final Disposition of this case.  "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

## VII. <u>DESIGNATING PROTECTED MATERIAL</u>

7.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the materials made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, and before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

Order.

## VIII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2     Meet and Confer.  The Challenging Party shall initiate the meet and confer process outlined in Local Rule 37.1, *et seq*.

8.3     The burden of persuasion, in any such challenge proceeding, shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## IX.     ACCESS TO AND USE OF PROTECTED MATERIAL

9.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section VI, *infra*.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

"CONFIDENTIAL" only to:

(a) the Receiving Party's General Counsel of Record in this Action, as well as employees of said General Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound," attached and hereafter referred to as "Exhibit A."

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign Exhibit A; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

///

**X.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**XI.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

1    (b) In the event that a Party is required, by a valid discovery request, to

2    produce a Non-Party's confidential information in its possession, and the Party is

3    subject to an agreement with the Non-Party not to produce the Non-Party's

4    confidential information, then the Party shall:

5        (1) promptly notify in writing the Requesting Party and the Non-Party

6    that some or all of the information requested is subject to a confidentiality

7    agreement with a Non-Party;

8        (2) promptly provide the Non-Party with a copy of this Order in this

9    Action, the relevant discovery request(s), and a reasonably specific description of

10   the information requested; and

11       (3) make the information requested available for inspection by the Non-

12   Party, if requested.

13   (c) If the Non-Party fails to seek a protective order from this Court within

14   fourteen (14) days of receiving the notice and accompanying information, the

15   Receiving Party may produce the Non-Party's confidential information responsive

16   to the discovery request.  If the Non-Party timely seeks a protective order, the

17   Receiving Party shall not produce any information in its possession or control that is

18   subject to the confidentiality agreement with the Non-Party before a determination

19   by the Court.  Absent a court order to the contrary, the Non-Party shall bear the

20   burden and expense of seeking protection in this Court of its Protected Material.

21   **XII.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

22       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23   Protected Material to any person or in any circumstance not authorized under this

24   Order, the Receiving Party must immediately (a) notify in writing the Designating

25   Party of the unauthorized disclosures; (b) use its best efforts to retrieve all

26   unauthorized copies of the Protected Material; (c) inform the person or persons to

27   whom unauthorized disclosures were made of all the terms of this Order; and (d)

28   request such person or persons to execute Exhibit A.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

1  **XIII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
2  **PROTECTED MATERIAL**

3      When a Producing Party gives notice to Receiving Parties that certain
4  inadvertently produced material is subject to a claim of privilege or other protection,
5  the obligations of the Receiving Parties are those set forth in *Federal Rule of Civil*
6  *Procedure* 26(b)(5)(B).  This provision is not intended to modify whatever
7  procedure may be established in an e-discovery order that provides for production
8  without prior privilege review.  Pursuant to *Federal Rule of Evidence* 502(d) and
9  (e), insofar as the Parties reach an agreement on the effect of disclosure of a
10 communication or information covered by the attorney-client privilege or work
11 product protection, the Parties may incorporate their agreement in a subsequent
12 stipulation to the Court.

13 **XIV.  MISCELLANEOUS**

14     14.1   Right to Further Relief.  Nothing in this Order abridges the right of any
15 person to seek its modification by the Court in the future.

16     14.2   Right to Assert Other Objections.  By stipulating to the entry of this
17 Order, no Party waives any right it otherwise would have to object to disclosing or
18 producing any information or item on any ground not addressed in this Order.
19 Similarly, no Party waives any right to object on any ground to use in evidence of
20 any of the material covered by this Order.

21     14.3   Filing Protected Material.  A Party that seeks to file under seal any
22 Protected Material must comply with Local Civil Rule 79-5.  Protected Material
23 may only be filed under seal pursuant to a court order authorizing the sealing of the
24 specific Protected Material at issue.  If a Party's request to file Protected Material
25 under seal is denied by the Court, then the Receiving Party may file the information
26 in the public record unless otherwise instructed by the Court.

27 **XV.  FINAL DISPOSITION**

28     After the final disposition of this Action, as defined in Section VI, *supra*,

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

13

within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section VI, *supra*.

///
///
///
///
///
///
///
///
///
///
///
///

## XVI.  **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

DATED:  February 2, 2024          LAW OFFICES OF DALE K. GALIPO


By:    _/s/ Cooper Alison-Mayne_
       Dale K. Galipo
       Cooper Alison-Mayne
       Attorneys for PLAINTIFFS

DATED:  February 2, 2024          HURRELL CANTRALL LLP


By:    _/s/ Nicole G. Ortega_
       THOMAS C. HURRELL
       JORDAN S. STERN
       NICOLE G. ORTEGA
       Attorneys for Defendants, COUNTY OF
       LOS ANGELES and BLAKE RUNGE


***FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.***

Dated:  2/16/2024


Margo A. Rocconi
United States Magistrate Judge

15

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California in the case of *Ursula Byram, et al. v. County of Los Angeles, et*

*al. Case No. 2:23-cv-09285-SB*.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.  I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

16