UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA BYRAM et al., | ) NO. 23-CV-09285-KS |
| Plaintiffs, | ) |
| v. | ) STANDING ORDER |
| COUNTY OF LOS ANGELES et al., | ) |
| Defendants. | ) |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND MAY DIFFER FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Karen L. Stevenson. The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. "[T]o secure the just, speedy, and inexpensive determination of every action," FED. R. CIV. P. 1, all counsel are hereby ordered to familiarize themselves with the Fed. R. Civ. P., particularly Fed. R. Civ. P. 16, 26, the Local Rules of the Central District of California, this Court's Order for Jury Trial, and this Court's Order for Court Trial.[1]

---

[1] Copies of the Local Rules are available on our website at http://www.cacd.uscourts.gov.

1

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

<u>**IF ANY OF THE BELOW-REFERENCED EVENTS (E.G., SERVICE OF THE COMPLAINT, ANSWER, OR SUBMISSION OF THE RULE 26 REPORT) HAVE ALREADY TAKEN PLACE, THE PARTIES ARE NOT REQUIRED TO REPEAT ANY OF THESE EVENTS**</u>.

1. **Service of the Complaint:** The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Any Defendant(s) not timely served shall be dismissed from the action without prejudice. Any "DOE" or fictitiously-named Defendant(s) who is not identified and served within ninety (90) days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

2. **Removed Actions:** Any answers filed in state court must be re-filed in this Court as a supplement to the petition. Any pending motions must be re-noticed in accordance with the Local Rules. If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the parties or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10, and 11.

3. **Presence of Lead Counsel:** The attorney attending any proceeding before this Court, including all scheduling, settlement, and pretrial conferences, must be the lead counsel. Un-excused failure of lead counsel to appear will be grounds for sanctions.

**4. Rule 26(f) Meeting of Counsel:** Counsel for the parties shall meet personally pursuant to Fed. R. Civ. P. 26(f) and applicable Local Rules to confer on a discovery plan not later than twenty-one (21) days before the Scheduling Conference. FED. R. CIV. P. 16(b).

**5. Joint Report of Rule 26(f) Meeting:** The Joint Rule 26(f) Report, which shall be filed not later than fourteen (14) days before the Scheduling Conference, shall be drafted by Plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page. It shall address all matters described below, which include those required to be discussed by Fed. R. Civ. P. 26(f) and Local Rule 26:

(a) **Statement of the case:** A brief statement by each party (not to exceed two pages) setting forth the party's factual summary of the case as well as the party's main claims, counterclaims, or affirmative defenses.

(b) **Subject matter jurisdiction:** A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

(c) **Legal issues:** A brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

(d) **Parties, evidence, etc.:** A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

(e) **Damages:** The realistic range of provable damages.

(f) **Insurance**: Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

(g) **Motions**: A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

(h) **Manual for Complex Litigation**: Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

(i) **Status of discovery**: A discussion of the present state of discovery, including a summary of completed discovery.

(j) **Discovery plan**: A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise limited, **any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced,** whether applicable discovery limitations should be changed or other limitations imposed, and whether the Court should enter other orders.

(k) **Discovery cut-off**: A proposed discovery cut-off date. This means the final day for completion of discovery, including production of all documents, completion of depositions, and resolution of all discovery motions.

**(l) Expert discovery:** Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

**(m) Dispositive motions:** A description of the issues or claims that any party believes may be determined by motion for summary judgment or other dispositive motion.

**(n) Settlement:** A statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement pursuant to Local Rule 16-15.4 selecting a settlement mechanism under that Rule. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

**(o) Trial estimate:** A realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds eight (8) court days, counsel shall be prepared to discuss in detail the estimate.

**(p) Trial counsel:** The name(s) of the attorney(s) who will try the case.

**(q) Independent expert:** Whether this is a case where the Court should consider appointing an independent scientific expert.

**(r) Timetable:** Counsel should complete the Schedule of Pretrial and Trial Dates form attached to this Order and attach it to the Joint Rule 26(f) Report. The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate

for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the pretrial conference. The form is designed to enable counsel to ask the Court to set different last dates by which the key requirements must be completed. Each side should write in the month, day, and year it requests for each event. For example, for the expert discovery cut-off the entry might be "10/1/16" for Plaintiff and "10/31/16" for Defendant, if they cannot agree. At the conference, the Court will review this form with counsel. Each entry proposing Court dates shall fall on a Tuesday. In appropriate cases, the Court may order different dates after it hears from counsel. As the Court indicated in subsection (k) above, the discovery cut-off is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must have been heard, not filed. The cut-off date for motions is the last date on which motions may be heard, not filed.

(s) **Other issues:** A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above described information under section headings corresponding to those in this Order. <u>Again, if the Rule 26(f) Report was previously filed, the parties are not required to re-file the Report.</u>

**6. Selection of Mandatory Settlement Procedure:** In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at the time of the Scheduling Conference. Available alternatives for consideration include:

(a) A settlement conference before an available Magistrate Judge willing to conduct the conference. Parties should contact the Courtroom Deputy Clerk, Gay Roberson, at 213-894-3922, and provide the name of the requested Magistrate Judge. The Courtroom Clerk will then contact the requested Magistrate Judge's Courtroom Clerk to determine availability and dates. (Note: the Court does not participate in settlements of cases on its own docket unless the parties elected to proceed to a jury trial);

(b) A settlement conference or mediation before a neutral selected from the Court's Mediation Panel (list available from the Court's website); and

(c) The employment by the parties of a private judge, mediator, or arbitrator.

7. **Discovery**: All discovery matters will be heard by Judge Stevenson. **The discovery cut-off date is the date by which all discovery and discovery motions must be resolved. Discovery shall be served sufficiently in advance of the date to resolve all motions regarding discovery prior to the cut-off date. No discovery or discovery-related motions may proceed after the discovery cut-off date. This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed. Expert discovery shall be completed by the expert discovery cut-off date.**

8. **Motions–General Requirements**:

(a) **Time for filing and hearing motions**: Motions shall be filed in accordance with Local Rules 6 and 7. This Court typically hears civil motions on Wednesdays, commencing at 10:00 a.m. Opposition and Reply briefs, including all declarations and supporting documentation, will be rejected if not timely filed in accordance

with the Local Rules.  No supplemental or sur-reply brief shall be filed without prior leave of Court.  Local Rule 7-10.  Adherence to the timing requirements is essential for the Court's preparation of motion matters.

(b) **Pre-filing requirement**:  Counsel must comply with Local Rule 7-3 which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution," and to confirm in the notice of motion that such conference has taken place.  Local Rule 7-3.  Counsel should discuss the issues sufficiently that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.  Counsel should resolve minor procedural or other non-substantive matters during the conference.  The pro per status of one or more parties does not negate this requirement.  **Failure to comply with Local Rule 7-3 and to set forth such compliance in the notice of motion may result in the Court striking the motion and/or sanctions.**

(c) **Length and format of motion papers**:  Memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages.  Replies shall not exceed ten (10) pages.  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.  Documents presented to the Court must comply with the requirements of Local Rule 11-3.  Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or a monospaced font may be used.  Typeface shall comply with Local Rule 11-3.1.1.  Footnotes shall be in typeface no less than one size smaller than text size and shall be used sparingly.  Filings that do not conform to the Local Rules and this Order will not be considered.

(d) **Oral argument**: If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court may deem the matter appropriate for decision without oral argument of counsel.

9. **Proposed Orders**: Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citation. In addition to e-filing and sending the required courtesy copy to chambers, an electronic version of all Proposed Orders compatible with Word must be e-mailed to ks_chambers@cacd.uscourts.gov. **Proposed Orders must be on pleading paper and should not contain attorney names, addresses, etc., on the caption page; should not contain a footer with the document name or other information; and should not contain a watermark designation of the firm name, etc., in the margin.**

10. **Telephonic Hearings**: The Court will conduct status conferences by telephone if any party outside the district so requests and all involved parties consent. The attorney requesting the telephonic hearing shall contact the Courtroom Deputy Clerk, Gay Roberson, at 213-894-3922, at least one week prior to the date scheduled for the motion or conference to make the necessary arrangements.

11. **Ex parte Applications**: Counsel are reminded that ex parte applications are solely for extraordinary relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Applications that fail to conform with Local Rules 7-19 and 7-19.1, including the failure to include a statement of opposing counsel's position, will not be considered. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. In addition to the requirements of Local Rules 7-19 and 7-19.1, counsel for the moving party shall serve opposing counsel by email and shall notify

opposing counsel that opposition papers must be filed no later than twenty-four (24) hours following such electronic service. Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice of non-opposition papers to Judge Stevenson's chambers. The Courtroom Deputy Clerk will notify counsel of a hearing date and time if the Court determines a hearing is necessary.

12. **Continuances:** Counsel requesting a continuance must lodge—prior to the date to be continued—a Proposed Stipulation and Order including a detailed declaration of the grounds for the requested continuance or extension of time. Local Rule 7-11. The Court grants continuances only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. **Proposed stipulations to continue scheduling dates shall address the effect of such continuance on any other dates previously set by the Court. Such stipulations do not become effective unless and until signed by the Court. Parties requesting conformed copies shall comply with Local Rule 11-4.5**.

13. **Communications with Chambers:** Counsel shall not attempt to contact the Court or its chambers staff by telephone, letter, facsimile, e-mail, or by any other ex parte means. Local Rule 83-2.5. Counsel may contact the Courtroom Deputy Clerk, Gay Roberson at 213-894-3922, with appropriate inquiries. To facilitate communication with the Courtroom Deputy Clerk, counsel should include their email address along with their telephone number on all papers.

14. **Proposed Protective Orders and Filing Under Seal:** A Court approved template for a proposed protective order pertaining to discovery is available on the Court's webpage. Proposed protective orders must include a statement of good cause (*see* FED. R. CIV. P. 26) and should not purport to allow, without further order of the Court, the filing

under seal of pleadings or documents filed in connection with dispositive motions or trial before Judge Stevenson. The existence of a protective order alone does not justify the filing of pleadings or other documents under seal, in whole or in part.

An application to file documents under seal must meet the requirements of Local Rule 79-5. Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with reasonable amount of effort. The parties should file both a complete version of the pleadings and documents under seal, and a redacted version for public viewing, omitting only such portions as the Court has ordered may be filed under seal. Counsel are ORDERED to comply with Local Rule 79-5.2.2.

There is a strong presumption of access in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information sought to be filed under seal, the party seeking protection must identify and discuss the factual or legal justification for the Court to find "good cause" or "compelling reasons," as appropriate, that such document or type of information should be protected. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Sealing must be justified for each individual item to be sealed or redacted; blanket claims of confidentiality are not allowed and will result in a denial of the application to seal. Counsel is strongly encouraged to consider carefully whether sealing or redaction is required for a given piece of evidence or argument. The inclusion of clearly meritless requests to seal or redact documents may result in the complete rejection of an application to seal.

Please refer to Local Rule 79-5.2.2 for submission of sealed documents.

15. **Specific Motion Requirements:**

   (a) <u>Motions pursuant to Fed. R. Civ. P. 12</u>:  Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment).  Further, a party has the right to amend the complaint once as a matter of course within twenty-one (21) days of serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1).  Even after a complaint has been amended or the time for amending it as a matter of course has run, the Federal Rules provide that leave to amend should be "freely give[n] when justice so requires." FED. R. CIV. P. 15(a)(2).  In light of these principles, Plaintiff's counsel should carefully evaluate Defendant's contentions as to the deficiencies in the complaint.  In most instances, the moving party should agree to any amendment that would cure the defect.

   (b) <u>Motion to Amend</u>:  In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall:  (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page and line number(s) and wording of any proposed change or addition of material.  The parties shall deliver to Chambers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

**(c) Summary Judgment Motions:** Parties should not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. Moreover, the Court expects that the party moving for summary judgment will strictly observe the timing requirements of the Local Rules and this Standing Order. A motion under Rule 56 must be filed at least **forty-nine (49)** days prior to the date on which the motion is noticed for hearing. The opposition is due no later than **twenty-one (21)** days before the date designated for the hearing of the motion, and the reply no later than **fourteen (14)** days before the date designated for the hearing of the motion. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the Court in absorbing the mass of facts (e.g., generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56-1 through 56-3. **No party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication, without leave from the Court.**

　　i.　Statement of Undisputed Facts and Statement of Genuine Issues: Before filing a motion for summary judgment, counsel are strongly encouraged to review Chapter 14 of James Fitzgerald and J. Stevenson, California Practice Guide: Federal Civil Procedure Before Trial (2016). To assist the Court, the moving party shall submit the required separate statement of undisputed facts in a two-column format. The left hand column sets forth the allegedly undisputed fact. The right hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. Citations to attached facts or declarations should include hyperlinks.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left hand column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. The Court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what is in that exhibit or evidence that refutes the asserted fact. **No legal argument should be set forth in this document.** Citations to attached facts or declarations should include hyperlinks.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

    ii. <u>Supporting Evidence</u>: No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment. The Court will not consider such material.

>Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. The Court will accept counsel's authentication of deposition transcripts, written discovery responses, and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significant. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity. Citations to evidence should include hyperlinks.

>>iii. Objections to Evidence: If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued in that document. Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact. Boilerplate objections will be overruled and disregarded.

**16. <u>Order Setting Scheduling Conference</u>:** Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an Order setting a scheduling conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required. Counsel should be prepared to address questions regarding the trial date and discovery plan.

**17. <u>Notice of this Order</u>:** Counsel for Plaintiff or Plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

The Court thanks all parties for their professionalism and cooperation, and for their participation in the Court's consent programs.

DATED: March 18, 2024

                                                                                _____
                                                                                HON. KAREN L. STEVENSON
                                                                                CHIEF U.S. MAGISTRATE JUDGE