**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**RUBIN LAW OFFICE, P.C.**
David Rubin (SBN 304744)
david@rubinlawoffice.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Phone: (619) 719-1087

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian *ad litem* TIMOTHY BYRAM, N.B. by and through guardian *ad litem* TIMOTHY BYRAM, and A.B. by and through guardian *ad litem* KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,<br><br>Defendants. | Case No.: 2:23-cv-9285-KS<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br>Judge:     Hon. Karen L. Stevenson<br>Date:       May 21, 2024<br>Time:       9:30 AM<br>Location:  Courtroom 580<br>                 Roybal Federal Building and Courthouse<br><br>Original Complaint:     Nov 3, 2023<br>Amended Complaint:  Mar 29, 2023<br>County Answer:          April 12, 2023<br>Runge Answer:           April 12, 2023<br>Alcantara Answer:      May 15, 2023<br>Trial (Proposed):         July 8, 2025 |

Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Report.

Pursuant to Federal Rule of Civil Procedure Rule 26(f), a telephonic conference was held between counsel on April 26, 2024. The telephonic conference was attended by Cooper Alison-Mayne of the Law Offices of Dale K. Galipo, counsel for the plaintiffs, and Jordan S. Stern of Hurrell Cantrall LLP, counsel for County of Los Angeles, Blake Runge, and Brenda Alcantara.

**STATEMENT OF THE CASE**

This is a civil rights action brought pursuant to 42 U.S.C. §1983 and California law. This case arise from alleged violations of various rights under the United States Constitution and California law in connection with the fatal shooting of Everett Byram ("Decedent"). This case also involves the alleged false imprisonment of Decedent's wife, Plaintiff Ursula Byram, in the hours after the shooting. Plaintiffs bring state and federal causes of action for: (1) Fourth Amendment, Excessive Force; (2) Fourteenth Amendment, Interference with Familial Relationship; (3) Fourth Amendment, Unlawful Detention; (4) Municipal Liability, Unconstitutional Custom or Policy; (5) Municipal Liability, Failure to Train; (6) Municipal Liability, Ratification; (7) violations of the Americans with Disabilities Act; (8) Battery; (9) Negligence; (10) False Imprisonment; and (11) Violation of California Civil Code Section 52. Plaintiffs seek punitive damages against Defendant Blake Runge.

a. **Plaintiffs' Statement of the Case**

On February 10, 2023, Los Angeles County Sheriff's Department (LASD) deputies responded to a mental health crisis involving 34-year-old Everett Byram at his residence. Deputies confronted him in the backyard where he held a blunt sword. Two deputies initially aimed non-lethal weapons at him, but Deputy Runge, arriving later, drew his firearm and fatally shot Mr. Byram, ignoring calls for non-lethal intervention. The shooting occurred while Mr. Byram posed no immediate lethal threat, being approximately 20 feet away and not advancing towards the deputies. There was no verbal warning before the use of deadly force, and the deputies failed to provide prompt medical aid, resulting in Mr. Byram's death.

Following the incident, Ursula Byram was detained for over seven hours without justification, along with her son. For part of this time, deputies refused to inform her of her daughter's whereabouts, leaving her with the impression that she may have been injured during the shooting. This caused Mrs. Byram significant distress.

The shooting violated Peace Officer Standards and Training Program (POST) standards for the use of deadly force. Los Angeles County is culpable for failing to adequately train its deputies in the use of deadly force and the handling mental health crises. The deputies' rapid escalation to lethal force, despite the availability of non-lethal options and Mr. Byram's known mental health issues, highlights a lack of appropriate training and protocols for such situations.

Furthermore, the county's subsequent actions, or lack thereof, effectively ratified the deputies' conduct. This incident is a stark illustration of systemic flaws within the county's policies and practices, which prioritize aggressive tactics over de-escalation and compassionate intervention in mental health emergencies.

      **b.    Defendants' Statement of the Case**

The defendants are exploring all of the Plaintiffs' allegations and maintain that deputies acted lawfully and reasonably at all times. Defendants maintain that Plaintiff was armed with a sword, visible to deputies, while ignoring commands to drop the weapon. Thus, the force used in response was reasonable. Defendants also dispute the nature and extent of Plaintiffs' claimed damages.

**SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over Plaintiffs' federal question and civil rights claims under United States Constitution and 42 U.S.C. §1983 pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Plaintiffs' supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiffs' federal question claims.

**LEGAL ISSUES**

The following are among the principle issues raised by Plaintiffs' Complaint:

1) Whether the actions and inactions by the involved deputies were reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence;

2) Whether the shooting interfered with Plaintiffs' right to a familial relationship with the decedent;

3) Whether the shooting and use of excessive force against Decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;

4) Whether the LASD has unconstitutional policies, practices, or customs that were the cause of the decedent's and Plaintiffs' injuries;

5) Whether the LASD failed to train its deputies under the Plaintiffs' Monell claim;

6) Whether LASD ratified its deputies' unconstitutional actions that were the cause of the decedent's and Plaintiffs' injuries;

7) Whether the defendants were negligent with respect to their handling of the situation, including using lethal force with Decedent.

8) Whether the defendants acted intentionally or with substantial certainty handled the situation, including using force against Decedent, would violate his constitutional rights and/or to prevent him from exercising his constitutional rights;

9) Whether Defendants violated the Americans with Disabilities Act by failing to provide reasonable accommodation to Decedent, who was suffering from a mental health crisis when he was shot and killed;

10) Whether Defendants unlawfully detained and falsely imprisoned Mrs. Byram immediately after the shooting;

11) The nature and extent of Plaintiffs' damages, including punitive damages.

**PARTIES & EVIDENCE**

Plaintiffs are Decedent's wife; Ursula Byram, and Decedent's three children: S.B. by and through guardian ad litem Timothy Byram, N.B. by and through guardian ad litem Timothy Byram, and A.B. by and through guardian ad litem Kaitlyn Humenchuk. Plaintiffs sue individually and as successors-in-interest to Decedent.

Defendants are County of Los Angeles, Blake Runge, Brenda Alcantara.

Key witnesses include: (1) Plaintiff Ursula Byram; (2) Blake Runge; (3) Sergeant Cory James; (4) Sergeant Matthew Pereida; (5) Deputy Juan Lopez-Munoz; (6) Deputy Brian Cervantes; (7) Brenda Alcantara.

Key pieces of evidence include: (1) Body-worn-camera footage of the incident; (2) Los Angeles Sheriff's Department Training materials; (3) Recordings of 911 calls; (4) Dispatch recordings; (5) Pictures of scene; (6) the Los Angeles internal investigation report.

**DAMAGES**

Plaintiffs are unable to give an estimate of damages at this time. Damages will be based on the evidence presented at trial and may include both economic

and non-economic losses. Economic damages will cover measurable financial losses, such as funeral and burial expenses, loss of financial support, and legal costs. Non-economic damages will address the emotional and personal impacts, including pre-death pain and suffering, loss of consortium, and loss of life. Plaintiffs may also seek punitive and exemplary damages, intended to punish and deter wrongful conduct, as well as statutory damages as provided by law.

An estimate of damages is challenging at this stage, but Plaintiffs are seeking damages exceeding $10 million.

**INSURANCE**

The County of Los Angeles is self-insured.

**MOTIONS**

Plaintiffs do not anticipate adding any more parties or claims. The Parties do not anticipate filing motions to transfer venue.

**STATUS OF DISCOVERY**

The Parties have been diligently engaged in written discovery, including multiple rounds of supplemental disclosures and document production.

**DISCOVERY PLAN**

Depositions of key witnesses, including Blake Runge and Ursula Byram, are scheduled for May 2024.

In addition to the scheduled depositions, Plaintiffs may depose EMTs, paramedics, and/or fire department members who arrived on scene to provide

medical attention to Decedent, additional witnesses to this incident, a person most knowledgeable regarding LASD policies and procedures pertaining to the use of force, a person most knowledgeable regarding gangs that operate within the LASD, criminalists who participated in any investigation into this incident, and witnesses with knowledge of Blake Runge's involvement in a deputy gang.

According to Plaintiffs, subjects on which discovery may be needed include: the deputies' training, including training regarding the use of force and responding to mental health crises; the deputies' prior uses of force, if any, including any citizens' or internal complaints made against the involved deputies; LASD policies with regards to use of force complaints; LASD policies with regards to when deadly force may be used; LASD policies; the handling of evidence by LASD employees; medical treatment provided to the decedent on the scene of the incident; testimony of witnesses and involved deputies.

Defendants anticipate discovery on the subjects of (1) whether the Plaintiffs' Fourth and Fourteenth Amendment rights were violated; (2) whether the Defendant Deputies used unreasonable force; (3) whether the County of Los Angeles can be held liable for any purported violation of Plaintiffs' Constitutional Rights under §§ 1983 and 1988; and (4) whether the defendant is entitled to qualified immunity.

**DISCOVERY CUT-OFF**

The Parties propose a Non-Expert Discovery cutoff of February 14, 2025.

**EXPERT DISOCERY CUT-OFFS**

The Parties propose the following expert discovery cut-offs:

| | |
|---|---|
| Expert Disclosure (Initial) | February 21, 2025 |
| Expert Disclosure (Rebuttal) | March 7, 2025 |
| Expert Discovery cut-off | March 14, 2025 |

**DISPOSITIVE MOTIONS**

Plaintiffs do not anticipate filing any dispositive motions in this case, but Plaintiffs will file motions in limine if the case proceeds to trial. Defendants are presently considering filing a Motion for Summary Judgment, but further review of case is necessary. Defendants will file Motions in Limine if this case proceeds to trial.

**SETTLEMENT**

a. Prior Discussions: No discussion has been taken at the time of drafting this report.

b. ADR Selection: The Parties have agreed to Richard Copeland as panel mediator. The Parties have schedule a mediation for August 19, 2024

**9. TRIAL ESTIMATE**

a. Time Estimate: The parties estimate the length of the trial at approximately five to seven court days.

b. Jury or Court Trial: Parties request trial by jury.

c. Plaintiffs anticipate calling between 8 and 12 witnesses; Defendants

anticipate calling 5 to 6 witnesses.

**TRIAL COUNSEL**

Dale K. Galipo will be the lead trial counsel for the Plaintiffs' case. Thomas Hurrell will be lead trial counsel for Defendants.

**INDEPENDENT EXPERT**

The Parties agree that neither a discovery master nor independent scientific expert are needed for this lawsuit.

**TIMETABLE**

See Appendix A, below.

DATED: May 7, 2024

LAW OFFICES OF DALE K. GALIPO

*/s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

DATED:  May 7, 2024

HURRELL CANTRALL LLP

By:       */s/ Jordan S. Stern*
THOMAS C. HURRELL
NICOLE G. ORTEGA
JORDAN S. STERN
*Attorneys for Defendants COUNTY OF LOS ANGELES, DEPUTY BLAKE RUNGE, and BRENDA ALCANTARA*

APPENDIX A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|
| **TRIAL** [ ] Court   [X] Jury<br>Duration Estimate: 5–7 days | July 8, 2025, 9:00 a.m. (Tuesday) |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br>4 wks before trial | June 10, 2025, 1:00 p.m. (Tuesday) |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE |
|---|---|---|
| Hearing on Motions in Limine | 2 weeks before trial | June 24, 2025, 1:00 p.m. (Tuesday) |
| Lodge Final Pretrial Conference Order, L.R. 16-7; File Proposed and Disputed Jury Instructions and Verdict Forms | 11 days before PTC | May 30, 2025 |
| File Memo of Contentions of Fact and Law, L.R. 16-4; Exhibit and Witness Lists, L.R. 16-5, 16-6<br>File Status Report Regarding Settlement | 7 weeks before trial | May 20, 2025 |
| Trial Brief, L.R. 16-10 | 1 week before trial | July 1, 2025 |

| | | |
|---|---|---|
| Last date to conduct Settlement Conference, L.R. 16-15 | 10 weeks before trial | April 29, 2025 |
| Last date for hearing dispositive motions, L.R. 7 | 12 weeks before trial | April 16, 2025, 10:00 a.m. (Wednesday) |
| Non-Expert Discovery cutoff | | February 14, 2025 |
| Expert Disclosure (Initial) | | February 21, 2025 |
| Expert Disclosure (Rebuttal) | | March 7, 2025 |
| Expert Discovery cut-off | | March 14, 2025 |