**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,<br><br>Defendants. | Case No. 2:23-cv-09285-KS<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>[Assigned to Hon. Karen L. Stevenson, Courtroom 580]<br><br><u>Pre-Trial Conference</u><br>Date: January 21, 2025<br>Time: 10:00 a.m.<br><br>Trial Date: February 10, 2025 |

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

TO THIS HONORABLE COURT, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to Local Rule 16-4 and this Court's Scheduling and Case Management Order, Plaintiffs Ursula Byram, S.B. by and through guardian ad litem Timothy Byram, N.B. by and through guardian ad litem Timothy Byram, and A.B. by and through guardian ad litem Kaitlyn Humenchuk, hereby submit the following Memorandum of Contentions of Fact and Law.

## I. PLAINTIFFS' CLAIMS

### A. ELEMENTS AND LEGAL CONTENTIONS

#### 1. Claim 1: Excessive Force (42 U.S.C. § 1983 and the Fourth Amendment)

Defendant Blake Runge used excessive force against Everett Byram ("Mr. Byram"), which resulted in Mr. Byram's injuries and death. Plaintiffs bring this claim as Mr. Byram's successors in interest and seek survival damages for Mr. Mr. Byram's pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiffs also seek punitive damages and attorneys' fees on this claim.

Elements:

1. Blake Runge acted under color of law;
2. Blake Runge used excessive force against Mr. Byram; and
3. The excessive force caused injury, damage, harm, or death to Mr. Byram

*See* Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.25, Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force (2017) (revised August 2023).

Key Evidence:

Testimony of Deputy Blake Runge, Deputy Juan Lopez Munoz, Deputy Brandon Cervantes, and Sergeant Cory James. Testimony of Plaintiff Ursula Byram regarding incident and damages. Testimony of Plaintiff A.B., Valerie Byram, and Morris Byram regarding damages. Expert testimony including Plaintiffs' police

practices expert, Scott DeFoe, causation/damages expert Dr. Bennet Omalu, and video expert Alec Helm. Testimony of Dr. Richard Ou regarding the autopsy. Video evidence from body-worn cameras. Exhibits including dispatch recordings; CAD event logs; Los Angeles County Sheriff's Department policies; Peace Officer Standards and Training (POST) materials; scene photographs; photographs and videos of Plaintiffs with Mr. Byram.

## 2. Claim 2: Substantive Due Process, Interference with Familial Relations (42 U.S.C. § 1983 and the Fourteenth Amendment)

Defendant Blake Runge use of excessive force against Mr. Byram shocks the concio, which resulted in Mr. Byram's death and interfered with the Plaintiffs' familial relationship with their husband and father, Mr. Byram. Plaintiffs bring this claim individually and seek wrongful death damages on this claim. Plaintiffs also seek punitive damages and attorneys' fees on this claim.

Elements:

1. Blake Runge acted under color of law;
2. If the jury determines that Blake Runge had time to deliberate, then whether Blake Runge acted with deliberate indifference to Mr. Byram's rights; if the jury determines that Blake Runge did not have time to deliberate, then whether Blake Runge acted with a purpose to harm unrelated to a legitimate law enforcement purpose.

*See Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1137 (9th Cir. 2008).

Key Evidence:

Same as Claim 1.

## 3. Claim 3: Unlawful Detention (42 U.S.C. § 1983 and the Fourth Amendment)

Defendant Brenda Alcantara unlawfully detained Plaintiff Ursula Byram ("Mrs. Byram") for a period exceeding four hours without justification, which

resulted in Mrs. Byram suffering emotional distress. Mrs. Byram brings this claim individually and seeks compensatory damages, including pain and suffering, emotional distress, and humiliation. Mrs. Byram also seeks attorney's fees under this claim.

Elements:

1. Brenda Alcantara seized Ursula Byram's person;
2. In seizing Ursula Byram's person, Brendan Alcantara acted intentionally; and
3. The seizure was unreasonable.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.20 Particular rights—Fourth Amendment—Unreasonable Seizure of Person—Generally (2017) (revised March 2021).

Key Evidence:

Testimony of Deputy Brenda Alcantara. Testimony of Plaintiff Ursula Byram regarding incident and damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Exhibits including body-worn-camera footage; surveillance footage from neighbors house; dispatch recordings; CAD event logs; Los Angeles County Sheriff's Department policies; Peace Officer Standards and Training (POST) materials.

### 4. Claim 4: 42 U.S.C. § 1983 Municipal Liability Claim – Unconstitutional Custom or Policy

Defendant County of Los Angeles maintained an unconstitutional custom or policy with respect to the use of deadly force, and this unconstitutional custom or policy played a substantial part in causing Mr. Byram's death and Plaintiffs' damages. Plaintiffs bring this claim individually and as successors in interest to Mr. Byram and seek wrongful death and survival damages on this claim. Plaintiffs also seek punitive damages and attorney's fees on this claim.

Elements:

1. Blake Runge acted under color of law;
2. The acts of Blake Runge deprived Mr. Byram of his constitutional right to be free from excessive force;
3. Blake Runge acted pursuant to an expressly adopted official policy or a widespread longstanding practice or custom of the defendant County of Los Angeles; and
4. The defendant County of Los Angeles' official policy or widespread or longstanding practice or custom caused the deprivation of Mr. Byram's rights by the County of Los Angeles; that is, the County of Los Angeles' official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Mr. Byram's rights as to be the moving force that caused the ultimate injury.

See Ninth Circuit Manual of Model Jury Instructions, No. 9.5 Section 1983 Claims Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).

Key Evidence:

Same as Claim 1.

### 5. Claim 5: 42 U.S.C. § 1983 Municipal Liability Claim – Failure to Train

Defendant County of Los Angeles failed to train Defendant Blake Runge with respect to the use of deadly force, and this failure to train played a substantial part in causing Mr. Byram's death and Plaintiffs' damages. Plaintiffs bring this claim individually and as successors in interest to Mr. Byram and seek wrongful death and survival damages on this claim. Plaintiffs also seek punitive damages and attorneys' fees on this claim.

Elements:

1. The acts of Blake Runge deprived Mr. Byram of his constitutional right to

4

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

be free from excessive force;

2. Blake Runge acted under color of state law;

3. The training policies of the County of Los Angeles, with respect to the use of deadly force, were not adequate to train its sheriff's deputies to handle the usual and recurring situations with which they must deal.

4. The County of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately with respect to the use of deadly force; and

5. The failure of the County of Los Angeles to provide adequate training with respect to deadly force caused Mr. Byram's injuries and/or death.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.8, Section 1983 Claim Against Local Governing Body Defendants Based on a Failure to Train—Elements and Burden of Proof (2017) (revised December 2023); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

Key Evidence:

Same as Claim 1.

6. **Claim 6: 42 U.S.C. § 1983 Municipal Liability Claim – Ratification**

Defendant County of Los Angeles has a history of ratifying unconstitutional and unreasonable uses of force, including deadly force, and ratified Defendant Blake Runge's unreasonable use of lethal force against Mr. Byram, and the bases for the shooting. Defendant County of Los Angeles is therefore liable to Plaintiffs. Plaintiffs bring this claim individually and as successors in interest to Mr. Byram and seek wrongful death and survival damages on this claim. Plaintiffs also seek punitive damages and attorneys' fees on this claim.

Elements:

1. Blake Runge acted under color of state law;

2. The acts of Blake Runge deprived Mr. Byram of his constitutional right to be free from excessive force;

3. A final policymaker for the County of Los Angeles acted under color of state law;

4. A final policymaker for the County of Los Angeles had final policymaking authority from defendant County of Los Angeles concerning the acts of Blake Runge; and

5. A final policymaker for the County of Los Angeles ratified Blake Runge's acts, that is, a final policymaker for the County of Los Angeles knew of and specifically made a deliberate choice to approve Blake Runge's acts and the basis for it.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.7 Section 1983 Claim Against Local Governing Body Defendants Based on Ratification—Elements and Burden of Proof; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).

Key Evidence:

Same as Claim 1.

### 7. Claim 7: Americans with Disabilities Act (42 U.S.C. § 12132)

Mr. Byram was a "qualified individual" with a mental impairment that substantially limited his ability to care of himself and control his mental health. Under the ADA, Defendant County of Los Angeles is mandated to develop effective procedures for interactions with individuals with mental disabilities and to ensure the protection of their personal and civil rights. The County failed to properly train its deputies to respond and interact peacefully with individuals with mental health impairments suffering from mental health crises, such as Mr. Byram. Blake Runge failed to follow procedures for de-escalation, including waiting for a trained mental health crisis team to arrive on scene to assist Mr. Byram, who was experiencing a mental health crisis. *See Sheehan v. City and Cnty. of San Francisco,* 743 F.3d 1211, 1233 (9th Cir. 2014) (holding that the ADA "applies broadly to police 'services,

programs, or activities'" and recognizing claims for "(1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." (internal citations omitted).

As a result of the acts and omissions of Deputy Runge and the County, Mr. Byram suffered damages, including loss of life and pain and suffering. Plaintiffs bring this claim individually and as successors in interest to Mr. Byram and seek wrongful death and survival damages on this claim. Plaintiffs also seek attorneys' fees and costs under this claim.

Elements:

1. Mr. Byram was a qualified individual with a disability;
2. Blake Runge and Los Angeles County excluded Mr. Byram from participation in or denied Mr. Byram the benefits of Los Angeles County's services, programs, or activities, or otherwise discriminated against Mr. Byram; and
3. Such exclusion, denial of benefits, or discrimination was by reason of Mr. Byram's disability.

*Updike v. Multnomah Cnty.*, 870 F. 3d 939, 949 (9th Cir. 2017); *Sheehan v. City & Cnty. of San Fransisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part on other grounds*, *City & Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765 (2015).

Key Evidence:

Same as Claim 1.

**8. Claim 8: Battery (Wrongful Death and Survival)**

Plaintiffs bring this claim against Runge and the County of Los Angeles for the violation of Mr. Byram's rights arising out of Runge's use of unreasonable force

against Mr. Byram. The County is vicariously liable for Runge's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Plaintiffs bring this claim individually and as Mr. Byram's successors in interest and seek wrongful death and survival damages on this claim. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022). Plaintiffs also seek punitive damages on this claim.

Elements:

1. Blake Runge used force against Mr. Byram;

2. Blake Runge used unreasonable force;

3. Mr. Byram did not consent to the use of force;

4. Mr. Byram was killed; and

5. Blake Runge's use of unreasonable force was a substantial factor in causing Mr. Byram's injury and/or death.

*See* CACI 1305B, Battery by Peace Officer; *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004).

Key Evidence:

Same as Claim 1.

**9. Claim 9**: **Negligence (Wrongful Death and Survival)**

Plaintiffs bring this claim against Defendants Runge and the County of Los Angeles for the violation of Mr. Byram's rights arising out of Runge's negligent use of force against him, including Runge's pre-shooting negligent tactics. *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639 (2013) (pre-shooting tactics "are relevant considerations under California law in determining whether the use of deadly force

gives rise to negligence liability).  The County is vicariously liable for Runge's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Plaintiffs bring this claim individually and as Mr. Byram's successors in interest and seek wrongful death and survival damages on this claim. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

Elements:

1. Blake Runge was negligent;

2. Mr. Byram was killed;

3. The negligence of Runge was a substantial factor in causing Mr. Byram's injury and/or death.

*See* CACI 441, Negligent Use of Deadly Force by Peace Officer.

Key Evidence:

Same as Claim 1.

### 10. Claim 10: False Imprisonment

Plaintiff Ursula Byram brings this claim against Defendants Brenda Alcantara and the County of Los Angeles for the violation of Mrs. Byram's rights arising out of Alcantara's unlawful detention of Mrs. Byram. The County is vicariously liable for Alcantara's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Mrs. Byram brings this claim and seeks damages for emotional distress and mental anguish.

Elements:

1. Brenda Alcantara intentionally deprived Ursula Byram of her freedom of movement;
2. The detention compelled Ursula Byram to stay or go somewhere for some appreciable time, however short;
3. Ursula Byram did not knowingly or voluntarily consent;
4. Ursula Byram was actually harmed; and
5. Brendan Alcantara's conduct was a substantial factor in causing Ursula Byram's harm.

See CACI 1400, No Arrest Involved – Essential Factual Elements.

Key Evidence:

Same as Claim 3.

### 11. Claim 11: Violation of the Bane Act (Cal. Civil Code § 52.1)

Defendant Runge acted with a reckless disregard for Mr. Byram's rights under Cal. Civil Code § 52.1 when he shot him. Plaintiffs bring this claim against Runge and the County of Los Angeles. Plaintiffs bring this claim as Mr. Byram's successors in interest and seek survival damages for Mr. Byram's pain and suffering, loss of life, and loss of enjoyment of life on this claim. Plaintiffs also seek punitive damages and a multiplier pursuant to Cal. Civil Code § 52 et seq.

Elements:

1. Blake Runge acted under color of law;
2. Blake Runge intended to violate Mr. Byram's rights, which can be shown by a reckless disregard for his constitutional rights;
3. Mr. Byram was injured;
4. Blake Runge's conduct was a substantial factor in causing Mr. Byram's injuries and/or death.

See Reese v. Cnty. of Sacramento, 888 F.3d 1030 (9th Cir. 2018) (quoting United States v. Reese, 2 F. 3d 870 (9th Cir. 1993) ("[I]t is not necessary for the defendants

to have been 'thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018).

<u>Key Evidence</u>:

Same as Claim 1.

## B. ANTICIPATED EVIDENTIARY ISSUES

Plaintiff anticipates filing motions *in limine* to exclude Mr. Byram's prior bad acts, and information unknown to Deputy Runge at the time of the shooting. Mr. Byram was a comedian and produced some controversial content that has no relation to this incident; Plaintiffs will seek to exclude all such content. Plaintiffs will seek to exclude  The Plaintiffs will also seek to exclude, whether by stipulation or motion, any post-incident findings by any agency.

## II. **BIFURCATION OF ISSUES**

Plaintiffs do not presently request bifurcation of the trial. However, Plaintiffs respectfully request an opportunity to revisit this discussion if this Court denies Plaintiffs' motions in limine on the grounds that certain evidence that Plaintiffs contend is prejudicial under Federal Rules of Evidence, Rule 403, is relevant to damages but not liability.

Plaintiffs are not opposed to trying punitive damages separately. "[C]ourts trying Section 1983 cases in this circuit often bifurcate the punitive damages issue." *Monroe v. Griffin*, 2015 WL 5258115, at *5 (N.D. Cal. 2015)

## III. **JURY TRIAL**

The issues herein are triable by a jury as a matter of right. The parties made a timely demand for trial by jury.

## IV. **ATTORNEY'S FEES**

If Plaintiffs prevail on a federal claim, reasonable attorney fees are

recoverable pursuant to 42 U.S.C. § 1988.  If Plaintiffs prevail on their Bane Act claim, then attorney's fees, as well as a multiplier, are recoverable under Cal. Code Civ. Proc. § 52.

### V. ABANDONMENT OF ISSUES

Plaintiffs do not abandon any of their claims.

Dated: November 12, 2024

**LAW OFFICES OF LUIS A. CARRILLO**
**LAW OFFICES OF DALE K. GALIPO**

*/s/*
Dale K. Galipo
Cooper Mayne
*Attorneys for Plaintiffs*