**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,<br>        Defendants. | Case No.: 2:23-cv-09285-KS<br><br>[Assigned to Hon. Karen L. Stevenson, Courtroom 580]<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>FPTC:  January 21, 2025<br>Trial:   February 10, 2025 |

**1**

**PLEASE TAKE NOTICE** that the Parties hereby submit the Joint Agreed Upon [Proposed] Jury Instructions for the Trial of this matter.

DATED:  December 10, 2024          Respectfully submitted,

LAW OFFICES OF DALE K. GALIPO

By:    */s/ Cooper Alison-Mayne*
       Dale K. Galipo
       Cooper Mayne
       Attorneys for Plaintiffs

DATED:  December 10, 2024          HURRELL CANTRALL LLP

By:       */s/ Jordan S. Stern*
          THOMAS C. HURRELL
          JORDAN S. STERN
          NICOLE G. ORTEGA
          Attorneys for Defendants, COUNTY OF
          LOS ANGELES, BLAKE RUNGE and
          BRENDA ALCANTARA

**2**

| **NUMBER** | **TITLE** | **AUTHORITY** | **PAGE** |
|:---:|:---:|:---:|:---:|
| **Opening Instructions** | | | |
| 1. | Outline of Trial | 9th Cir. 1.21 | |
| 2. | Duty of Jury | 9th Cir. 1.3 | |
| 3. | Claims and Defenses | 9th Cir. 1.5 | |
| 4. | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | |
| 5. | Two or More Parties – Different Legal Rights | 9th Cir. 1.8 | |
| 6. | What is Evidence | 9th Cir. 1.9 | |
| 7. | What is Not Evidence | 9th Cir. 1.10 | |
| 8. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | |
| 9. | Ruling on Objections | 9th Cir. 1.13 | |
| 10. | Credibility of Witness | 9th Cir. 1.14 | |
| 11. | Conduct of Jury | 9th Cir. 1.15 | |
| 12. | No Transcript Available to Jury | 9th Cir. 1.17 | |
| 13. | Taking Notes | 9th Cir. 1.18 | |
| 14. | Bench Conferences and Recesses | 9th Cir. 1.20 | |
| 15. | Expert Opinion | 9th Cir. 2.13 | |

PROPOSED JURY INSTRUCTIONS

| 16. | Stipulations of Fact | 9th Cir. 2.2 | |
|---|---|---|---|
| **Claims** | | | |
| 17. | Section 1983 Claim – Introductory Instruction | 9th Cir. 9.1 | |
| 18. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | |
| 19. | Fourth Amendment— Unreasonable Seizure of Person— Excessive Force | 9th Cir. 9.25 | |
| 20. | Fourteenth Amendment— Substantive Due Process— Interference with Parent-Child Relationship | 9th Cir. 9.32; *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1136-1137 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372-72 (9th Cir. 1998 | |
| 21. | Fourth Amendment – Unreasonable Seizure of Person – Unlawful Detention | 9th Cir. 9.20 | |
| 22. | Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof | 9th Cir. 9.5; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). | |
| 23. | Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train—Elements and Burden of Proof | 9th Cir. 9.8; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). | |
| 24. | Section 1983 Claim Against Local Governing Body Defendants | 9th Cir, 9.7; *Monell v. Dep't of Soc. Servs. of* | |

| | | | |
|---|---|---|---|
| | | Based on Ratification—Elements and Burden of Proof | *N.Y.,* 436 U.S. 658, 690 (1978). |
| 25. | | Americans with Disabilities Act | *Updike v. Multnomah Cnty.*, 870 F. 3d 939, 949 (9th Cir. 2017); *Sheehan v. City & Cnty. of San Fransisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part on other grounds*, *City & Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765 (2015).<br><br>**Defendants object to the inclusion of this jury instruction on the basis that the ADA is inapplicable to circumstances at issue and no legal recourse is available with concerns to the ADA. The cases cited by Plaintiffs are not analogous to the instant matter.** |
| 26. | | Battery by Peace Officer (Deadly Force)—Essential Elements | CACI 1305B |
| 27. | | Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 |
| 28. | | Negligence – Basic Standard of Care | CACI 401 |
| 29. | | Comparative Fault | CACI 407 |
| 30. | | Apportionment of Responsibility | CACI 406 |
| 31. | | Causation: Substantial Factor | CACI 430 |

**5**

| 32. | Causation: Multiple Causes | CACI 431 | |
| 33. | False Imprisonment No Arrest Involved – Essential Factual Elements | CACI 1400 | |
| 34. | Bane Act | *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)). | |
| 35. | Vicarious Liability—Legal Relationship not Disputed | CACI 3703 | |
| 36. | Damages | 9th Cir. 5.1, 5.2; CACI 1621, 3921; *Scofield v. Critical Air Med., Inc.*, 45 Cal. App. 4th 990, 1009 (1996). | |
| **Closing Instructions** | | | |
| 37. | Duty of Jury | 9th Cir. 1.4 | |
| 38. | Duty to Deliberate | 9th Cir. 3.1 | |
| 39. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | |
| 40. | Communication with Court | 9th Cir. 3.3 | |
| 41. | Readback of Playback | 9th Cir. 3.4 | |
| 42. | Return of Verdict | 9th Cir. 3.5 | |

**6**

PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. X**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the Defendants may cross-examine. Then the Defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.21.

## INSTRUCTION NO. X
## DUTY OF JURY

Members of the jury: you are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.3.

## INSTRUCTION NO. X
## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves the shooting of Everett Byram by County of Los Angeles Sheriff's Department Deputy Blake Runge, and the detention of Ursula Byram by County of Los Angeles Sheriff's Department Deputy Brenda Alcantara. The Plaintiffs are Ursula Byram, who is the wife of the decedent, Everett Byram, S.B., who is the minor child of the decedent, Everett Byram, N.B., who is the minor child of the decedent, Everett Byram, and A.B., who is the minor child of the decedent, Everett Byram. The Defendants are Blake Runge, Brenda Alcantara, and the County of Los Angeles. Plaintiffs claim that Blake Runge used excessive and unreasonable force against Everett Byram, discriminated against Everett Byram by reason of a disability, and was negligent toward Everett Byram, when he used deadly force against him. Plaintiffs further claim that Defendant County of Los Angeles is liable for maintaining an unconstitutional custom or policy with respect to the use of deadly force by their deputies, including ratifying the use of deadly force against Everett Byram, and that the County failed to adequately train their deputies with respect to the use of deadly force. Plaintiff Ursula Byram claims that Brenda Alcantara intentionally and unlawfully detained her, and that the detention was unreasonable. Plaintiffs have the burden of proving these claims. Plaintiffs seek damages as permitted by law.

The Defendants deny Plaintiffs' claims and contend the use of deadly force against Everett Byram and the detention of Ursula Byram were reasonable under the totality of the circumstances.

Authority: Ninth Circuit Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.5.

PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO. X**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


<u>Authority</u>: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.6.

PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. X**

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each plaintiff and defendant separately. Unless otherwise stated, the instructions apply to all parties.

<u>Authority</u>: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.8.

### INSTRUCTION NO. X

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consist of:

1.     The sworn testimony of any witness;

2.     The exhibits that are admitted into evidence;

3.     Any facts to which the lawyers have agreed; and

4.     Any facts that I have instructed you to accept as proved.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.9.

**INSTRUCTION NO. X**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.10.

**INSTRUCTION NO. X**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.12.

**14**

**INSTRUCTION NO. X**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit may be received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.13.

# INSTRUCTION NO. X
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.14.

### INSTRUCTION NO. X
### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter (now X), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2020), 1.15.

**19**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. X
## NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.17.

**INSTRUCTION NO. X**
**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.18.

# INSTRUCTION NO. X
## QUESTIONS TO WITNESSES BY JURORS

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), 1.19.

### INSTRUCTION NO. X
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.20.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. X**

**EXPERT OPINION**

You have heard testimony from Scott DeFoe, Dr. Bennett Omalu, Alex Helm, Paul Cappitelli, and Dr. Othon Mena, who testified to their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, 2.13 (revised March 2023).

**INSTRUCTION NO. X**

**STIPULATIONS OF FACT**

The Parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

      1.  [Stipulated facts]


Authority: Manual of Model Jury Instructions for the Ninth Circuit, No. 2.2 (2017).

**INSTRUCTION NO. X**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

The Plaintiffs bring some of their claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

<u>Authority</u>: Manual of Model Jury Instructions for the Ninth Circuit, 9.1 (revised Dec. 2023).

## INSTRUCTION NO. X

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on their § 1983 claims against the Defendant Blake Runge, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. The Defendant acted under color of state law; and

2. The acts of the Defendant deprived Everett Byram, the decedent, of his rights and/or deprived the Plaintiffs of their rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Blake Runge was acting under color of state law.

If you find that the Plaintiffs have proved each of these elements against Blake Runge, and if you find that the Plaintiffs have proved all the elements they are required to prove under Instructions ____, your verdict should be for Plaintiffs on that claim. If, on the other hand, you find that the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Blake Runge on that claim.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, 9.3 (revised Dec. 2023).

**INSTRUCTION NO. X**

**FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—**
**EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a sheriff's deputy uses excessive force in making a lawful arrest or in defending himself and/or others. Therefore, to establish an unreasonable seizure by excessive force in this case, the Plaintiffs must prove by a preponderance of the evidence that Blake Runge used excessive force against the decedent, Everett Byram.

Under the Fourth Amendment, a deputy may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable deputy on the scene and not with the 20/20 vision of hindsight. Although the facts known to Blake Runge are relevant to your inquiry, Blake Runge's subjective intents or motives are not relevant to your inquiry.

In determining whether Blake Runge used excessive force in this case, consider all of the circumstances known to him including:

1.    The nature of the circumstances to which Blake Runge was responding;

2.    Whether Everett Byram posed an immediate threat of death or serious bodily injury to Blake Runge or others;

3.    Whether Everett Byram was actively resisting arrest or attempting to evade arrest by flight;

4.    The amount of time Blake Runge had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.    The relationship between the need for the use of force and the amount of force used;

6.    The extent of Everett Byram's injuries;

7.    Any effort made by Blake Runge to temper or to limit the amount of force;

8.    The severity of the security problem at issue;

9.    The availability of alternative methods to take Everett Byram into custody;

10.   The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability, *i.e.*, which party created the dangerous situation, and which party is more innocent;

11.   Whether it was practical for Blake Runge to give warning of the imminent use of force, and whether such warning was given;

12.   Whether it should have been apparent to Blake Runge that Everett Byram was emotionally disturbed; and

13.   Whether a reasonable deputy would have or should have accurately perceived a mistaken fact.

Authority:  Ninth Circuit Manual of Model Jury Civil Instructions, 9.25 (revised Dec. 2023).

## INSTRUCTION NO. X

## FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS – INTERFERENCE WITH PARENT/CHILD RELATIONSHIP

Plaintiffs Ursula Byram, S.B., N.B., and A.B. claim that Defendant Blake Runge deprived them of their right under the Fourteenth Amendment to be free from unlawful state interference with their familial relationships with the decedent, Everett Byram.

In order to prove that Defendant Blake Runge deprived Plaintiffs Ursula Byram, S.B., N.B., and A.B. of their Fourteenth Amendment right to be free from unreasonable state interference with their relationships with the decedent, Plaintiffs must prove that Defendant Blake Runge acted with deliberate indifference when he used deadly force against Everett Byram. Deliberate indifference is reflected by a conscious disregard of a risk to Everett Byram's health or safety. However, if you find that it was impracticable for Blake Runge to deliberate before he used deadly force against Everett Byram, then Plaintiffs must instead prove that Blake Runge acted with a purpose to harm Everett Byram that was unrelated to a legitimate law enforcement objective.

Authority: Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.32; *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1136-1137 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372-72 (9th Cir. 1998).

PROPOSED JURY INSTRUCTIONS

**INSTRUCTION NO.X**

**FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – UNLAWFUL DETENTION**

As previously explained, the plaintiff has the burden of proving the acts of the defendants deprived the plaintiff of particular rights under the United States Constitution. In this case, plaintiff Ursula Byram alleges that the defendant Brenda Alcantara deprived her of her rights under the Fourth Amendment of the Constitution when Brenda Alcantara detained Ursula Byram.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  Brenda Alcantara seized Ursula Byram's person;

2.  In seizing Ursula Byram's person, Brenda Alcantara acted intentionally; and

3.  The seizure was unreasonable.

A defendant "seizes" the plaintiff's person when she restrains the plaintiff's liberty through coercion, physical force or a show of authority. A person's liberty is restrained when under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

1.  The number of deputies present;

2.  Whether weapons were displayed;

3.  Whether the encounter occurred in a public or nonpublic setting;

4.  Whether the deputy's manner would imply that compliance would be compelled; and

**31**

    5.  Whether the deputies advised the plaintiff that she was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, Ursula Byram must prove that the defendant Brenda Alcantara intended to detain her. It is not enough to prove that the defendant negligently or accidentally engaged in that action. But while the plaintiff must prove that the defendant intended to act; the plaintiff need not prove that the defendant intended to violate the plaintiff's Fourth Amendment rights.

<u>Authority:</u> Ninth Circuit Manual of Model Jury Instructions, No. 9.20 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally (2017) (revised March 2021).

## INSTRUCTION NO. X

## SECTION 1983 CLAIMS AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE OR CUSTOM— ELEMENTS AND BURDEN OF PROOF

In order to prevail on the plaintiffs' § 1983 claim against defendant County of Los Angeles alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Blake Runge acted under color of law;

2. The acts of Blake Runge deprived Mr. Byram of his constitutional right to be free from excessive force;

3. Blake Runge acted pursuant to an expressly adopted official policy or a widespread longstanding practice or custom of the defendant County of Los Angeles; and

4. The defendant County of Los Angeles' official policy or widespread or longstanding practice or custom caused the deprivation of Mr. Byram's rights by the County of Los Angeles; that is, the County of Los Angeles' official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Mr. Byram's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

"Official Policy" means a formal policy means a formal policy, such as a rule or regulation adopted by the defendant County of Los Angeles, resulting from a deliberate choice to follow a course of action made among various alternatives by the

**33**

official or officials responsible for establishing final policy with respect to the subject matter in question.

      "Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant County of Los Angeles. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

      If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] __ , your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Manual of Model Jury Instructions, No. 9.5 Section 1983 Claims Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. X**

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON A FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on plaintiffs' § 1983 claim against defendant County of Los Angeles alleging liability based on a policy of failure to train its sheriff's deputies, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The acts of Blake Runge deprived Mr. Byram of his constitutional right to be free from excessive force;

2. Blake Runge acted under color of state law;

3. The training policies of the County of Los Angeles, with respect to the use of deadly force, were not adequate to train its sheriff's deputies to handle the usual and recurring situations with which they must deal.

4. The County of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately with respect to the use of deadly force; and

5. The failure of the County of Los Angeles to provide adequate training with respect to deadly force caused Mr. Byram's injuries and/or death.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, cunty, or municipal law, ordinance or regulation.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional

**35**

violations. To establish that there is a policy based on a failure to preserve constitutional rights, the plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard a known or obvious consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the facts available to the County of Los Angeles put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as the plaintiff due to sheriff deputy's conduct.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] __, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Manual of Model Jury Instructions, No. 9.8, Section 1983 Claim Against Local Governing Body Defendants Based on a Failure to Train— Elements and Burden of Proof (2017) (revised December 2023); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

PROPOSED JURY INSTRUCTIONS

## SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF

In order to prevail on the plaintiff's § 1983 claim against County of Los Angeles alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  Blake Runge acted under color of state law;

2.  The acts of Blake Runge deprived Mr. Byram of his constitutional right to be free from excessive force;

3.  A final policymaker for the County of Los Angeles acted under color of state law;

4.  A final policymaker for the County of Los Angeles had final policymaking authority from defendant County of Los Angeles concerning the acts of Blake Runge; and

5.  A final policymaker for the County of Los Angeles ratified Blake Runge's acts, that is, a final policymaker for the County of Los Angeles knew of and specifically made a deliberate choice to approve Blake Runge's acts and the basis for it.

A person acts "under color of state law" when the person purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

I instruct you that [*name of final policymaker*] had final policymaking authority from defendant [*name of local governing body*] concerning the act[s] at issue and, therefore, the fourth element requires no proof.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] [*specify the instruction[s] that deal with the particular right[s]*], your

verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions No. 9.7 Section 1983 Claim Against Local Governing Body Defendants Based on Ratification— Elements and Burden of Proof; *Monell v. Dep't of Soc. Servs. Of N.Y.*, 436 U.S. 658, 691 (1978).

### INSTRUCTION NO. X
### AMERICANS WITH DISABILITIES ACT

In order to prevail on the plaintiff's claim against Blake Runge and County of Los Angeles alleging liability based on the Americans with Disabilities Act (ADA), the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Everett Byram was a qualified individual with a disability;

2. Blake Runge and the County of Los Angeles excluded Everett Byram from participation in or denied Everett Byram the benefits of Los Angeles County's services, programs, or activities, or otherwise discriminated against Everett Byram; and

3. Such exclusion, denial of benefits, or discrimination was by reason of Everett Byram's disability.

Authority: *Updike v. Multnomah Cnty.*, 870 F. 3d 939, 949 (9th Cir. 2017); *Sheehan v. City & Cnty. of San Fransisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part on other grounds*, *City & Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765 (2015).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INSTRUCTION NO. X
### BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL ELEMENTS

A sheriff's deputy may use deadly force only when necessary in defense of human life. Plaintiffs claim that Defendant Blake Runge unnecessarily used deadly force against Everett Byram. To establish this claim, Plaintiffs must prove all of the following:

1.    That Blake Runge intentionally shot Everett Byram;

2.    That Blake Runge used deadly force against Everett Byram;

3.    That Blake Runge's use of deadly force was not necessary to defend human life;

4.    That Everett Byram was injured; and

5.    That the use of deadly force by Blake Runge was a substantial factor in causing Everett Byram's injuries.

Blake Runge's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Blake Runge at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Blake Runge or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and

PROPOSED JURY INSTRUCTIONS

no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Blake Runge and Everett Byram leading up to the use of deadly force. In determining whether Blake Runge's use of deadly force was necessary in defense of human life, you must consider Blake Runge's tactical conduct and decisions before using deadly force on Everett Byram and whether Blake Runge used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Blake Runge knew or had reason to know that Everett Byram was suffering from a physical, mental health, developmental, or intellectual disability that may have affected Everett Byram's ability to understand or comply with commands from the deputies.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Authority: CACI 1305B (2024 edition).

### INSTRUCTION NO. X
### NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—
### ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in immediate defense of human life. Plaintiffs claim that Defendant Blake runge was negligent in using deadly force against Everett Byram. To establish this claim, Plaintiffs must prove all of the following:

1. That Blake Runge was a peace officer;

2. That Blake Runge used deadly force against Everett Byram;

3. That Blake Runge's uses of deadly force were not necessary to defend human life;

4. That Everett Byram was injured; and

5. That Blake Runge's shooting of Everett Byram was a substantial factor in causing Everett Byram's injuries.

Blake Runge's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Blake Runge at the time of the shooting, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Blake Runge or any other person.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable deputy in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the deputy or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by Blake Runge at the time of the shooting, including the conduct of Blake Runge and Everett Byram leading up to the use of deadly force. In determining whether Blake Runge's use of deadly force was necessary in defense of human life, you must consider Blake Runge's tactical conduct and decisions before using deadly force against Severett Byram and whether Blake Runge used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable deputy.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Authority: CACI 441 (2024 edition).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INSTRUCTION NO. X

### NEGLIGENCE—BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Everett Byram's situation.  You must decide how a reasonably careful police officer would have acted in Blake Runge's situation.

<u>Authority</u>: CACI 401 (2024 edition).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. X

## COMPARATIVE FAULT

The Defendants assert that Everett Byram's own negligence contributed to his injuries. To succeed on this defense, the Defendants must prove both of the following:

1. That Everett Byram was negligent; and

2. That Everett Byram's negligence was a substantial factor in causing his injuries.

If Defendants prove the above, Plaintiffs' damages are reduced by your determination of the percentage of Everett Byram's responsibility. I will calculate the actual reduction.

Authority:  CACI 407 (2024 edition).

**INSTRUCTION NO. X**
**APPORTIONMENT OF RESPONSIBILITY**

If you find that the negligence of more than one person, including Blake Runge and Everett Byram, was a substantial factor in causing Everett Byram's injuries, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form.  The percentages must total 100 percent.

You will make a separate finding of Plaintiffs' total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

<u>Authority</u>: CACI 406 (2024 edition).

**INSTRUCTION NO. X**

**CAUSATION – SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Authority: CACI 430 (2024 edition).

**INSTRUCTION NO. X**
**CAUSATION: MULTIPLE CAUSES**

A person's conduct may combine with another factor to cause harm. If you find that the conduct of Blake Runge was a substantial factor in causing harm or death to Everett Byram, then Blake Runge is responsible for the harm. Blake Runge cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Everett Byram's harm or death.

Authority: CACI 431 (2024 edition).

## INSTRUCTION NO. X
## FALSE IMPRISONMENT NO ARREST INVOLVED – ESSENTIAL
## FACTUAL ELEMENTS

Ursula Byram claims that she was wrongfully detained by Brenda Alcantara. To establish this claim, Ursula Byram must prove all of the following:

1. Brenda Alcantara intentionally deprived Ursula Byram of her freedom of movement;

2. The detention compelled Ursula Byram to stay or go somewhere for some appreciable time, however short;

3. Ursula Byram did not knowingly or voluntarily consent;

4. Ursula Byram was actually harmed; and

5. Brendan Alcantara's conduct was a substantial factor in causing Ursula Byram's harm.

Authority: CACI 1400, No Arrest Involved – Essential Factual Elements (September 2003) (revised May 2020).

# INSTRUCTION NO. X
## BANE ACT

Plaintiffs claim that Blake Runge intentionally interfered with Everett Byram's constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiffs must prove:

1) That Blake Runge used excessive force;

2) That Blake Runge intended to violate Everett Byram's constitutional rights, demonstrated by a reckless disregard for Everett Byram's constitutional right to be free from excessive force; and

3) The excessive force resulted in harm, injury, and/or death to Everett Byram.

Authority: *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. X**

**VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED**

In this case, Blake Runge was an employee of the County of Los Angeles.

If you find that Blake Runge was acting within the scope of his employment when the incident occurred, then the County of Los Angeles is responsible for any harm caused by Blake Runge's wrongful conduct.

The parties have stipulated that Blake Runge was acting within the scope of his employment during this incident.

Authority:  CACI 3703 (2024 edition).

PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. X

## DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on any of their claims, you must determine the Plaintiffs' damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs or Everett Byram for any injury you find was caused by the Defendant.

You should consider the following as to Everett Byram's damages:

1. The nature and extent of the injuries;

2. Everett Byram's loss life; and

3. The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for all Plaintiffs:

1. The loss of Everett Byram's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

You should consider the following as to the damages for Ursula Byram

1. Emotional suffering and humiliation;

2. Loss of time, physical discomfort, or inconvenience; and

3. Any resulting physical illness or injury to health

Authority: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1 (2017), 5.2; CACI 1621 (2024 edition), CACI 3921 (2024 edition); *Scofield v. Critical Air Med., Inc.*, 45 Cal. App. 4th 990, 1009 (1996).

# INSTRUCTION NO. X
## DUTY OF JURY
## (COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.4.

# INSTRUCTION NO. X
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>Authority</u>:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.1

## INSTRUCTION NO. X

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

PROPOSED JURY INSTRUCTIONS

that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (Dec. 2020), 3.2.

## INSTRUCTION NO. X
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote county or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>Authority</u>:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.3.

**INSTRUCTION NO. X**

**READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.4.

**INSTRUCTION NO. X**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.5.