LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,

Plaintiffs,

v.

COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,

Defendants.

Case No. 2:23-cv-09285-KS

[Assigned to Hon. Karen L. Stevenson, Courtroom 580]

**JOINT NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 3 TO EXCLUDE RECORDINGS OR TRANSCRIPTIONS OF 911 CALLS MADE BY URSULA BYRAM PRIOR TO INCIDENT (MOVING PARTY: PLAINTIFFS)**

***[Filed Concurrently with the Declaration of Cooper Alison-Mayne in Support of JMIL No. 3, and [Proposed] Order]***

<u>Final Pretrial Conference/Hearing on Motions in *Limine*</u>
Date: January 21, 2025
Time: 10:00 a.m.
Courtroom: 580
Trial Date: February 10, 2025

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 21, 2025, at 10:00 a.m. in Courtroom "580" of the above entitled court, located at 255 E. Temple Street, Los Angeles, California 90012, Plaintiffs URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram, (collectively "Plaintiffs") will move this Court, *in Limine* for an Order precluding Defendants COUNTY OF LOS ANGELES, DEPUTY BLAKE RUNGE and DEPUTY BRENDA ALCANTARA (collectively "Defendants") and their counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to the 911 call recording made by Plaintiff Ursula Byram on the night of the incident. Plaintiffs bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried as Defendant Runge had not heard the call at the time of the incident; it contains highly inflammatory content that would unfairly prejudice the jury; and such evidence would only serve to confuse the issues and mislead the jury regarding the objective reasonableness standard they must apply.

Plaintiffs further move this Court to instruct Defendants and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any content from the 911 recordings or reference to such recordings without first obtaining permission of the Court outside the presence and hearing of the jury;
2. Not to make any reference to the fact that this Motion has been filed; and
3. To warn and caution each of Defendants' witnesses to strictly follow the same instructions.

This motion is made following compliance with the meet and confer requirements of *Local Rule* 7-3. (See Declaration of Cooper Alison-Mayne in Support of Motion in *Limine* No. 3.) This Motion is based upon the Memorandum of

Points and Authorities served herewith, upon the pleadings and papers on file herein, Declaration of Cooper Alison-Mayne in Support of Motion in *Limine* No. 3, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

Respectfully submitted,

DATED: December 10, 2024, **LAW OFFICES OF DALE K. GALIPO**

*/s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff moves to exclude the recording of a 911 call made by Plaintiff Ursula Byram shortly before Decedent Everett Byram's encounter with deputies on the night of the incident. The recording contains statements by Mr. Byram about "suicide by cop," threats against law enforcement, and inflammatory language including racial epithets. While Plaintiff moves to exclude this 911 recording itself, this motion does not seek to exclude any dispatch transmissions that may have been based on information from the 911 call to the extent such transmissions were actually heard by Deputy Runge.

Since the United States Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting-death cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. See Graham v. Connor, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances." Tennessee v. Garner, 471 U.S. 1, 26 (1985). The United States Supreme Court reiterated that this standard is an objective one. Kingsley v. Hendrickson, 576 U. S. 389, 402 (2015).

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Here, the relevant legal issue is whether Defendant Runge's use of force against Everett Byram was "'objectively reasonable' in light of the facts and circumstances confronting" Defendant Runge at the time. *See Graham v. Connor*, 490 U.S. 386, 397 (1989).

In *Glenn v. Washington Cnty*., 673 F.3d 864, 873 (9th Cir. 2011), the Ninth Circuit stated that information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered. In *Glenn*, officers used a beanbag gun to shoot a man with a

knife who was threatening suicide. Unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id*. The Ninth Circuit flatly rejected the District Court's "suggestion that, . . . these statements provide 'uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement." *Glenn v. Washington Cnty.*, 673 F.3d 864, 873, n.8 (9th Cir. 2011). The Court reiterated that "[w]e cannot consider evidence of which the officers were unaware--the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." *Id*., citing *Graham*, 490 U.S. at 396.

Here, Defendant Runge had not heard the 911 calls at the time he used force against Mr. Byram. The recordings capture Mr. Byram making statements about "suicide by cop," threats against law enforcement, and using inflammatory language including racial epithets. Because Defendant Runge had not heard the call at the time of the incident it cannot be considered in determining whether his actions were reasonable under the circumstances he faced.

Even if the 911 recordings had some marginal relevance, they should be excluded under Federal Rule of Evidence 403 because their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. The recordings contain highly inflammatory content, including threats of violence and racial epithets, that would likely prejudice the jury against the decedent. Moreover, because these recordings were made shortly before the incident, there is a substantial risk that jurors would conflate this evidence with evidence of what was actually known to Defendant Runge at the time of the shooting. This would confuse the issues for the jury and make it very difficult for them to apply the objective reasonableness standard they are required to apply when evaluating this case.

The introduction of these recordings would improperly shift the jury's focus from the constitutionality of Defendant Runge's actions based on what he saw Mr.

Byram do and say to Mr. Byram's state of mind and alleged motives. *See Wallace v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (affirming inadmissibility of evidence that would shift focus from plaintiff's actions to his mental condition).

Plaintiff respectfully requests that this Court exclude any reference, testimony, or argument related to the 911 recordings, including any transcripts of the calls.

Respectfully submitted,

DATED: December 10, 2024, **LAW OFFICES OF DALE K. GALIPO**

*/s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**

## I. INFORMATION UNKNOWN TO DEPUTIES AT THE TIME OF THE INCIDENT IS RELEVANT AND PROBATIVE

Evidence is relevant and admissible if it tends to make the existence of a fact of consequence more or less probable. *Fed. R. Evid*. 401, 402. Evidence also is admissible when it is relevant to a material issue in the case and is allowed under FRE 404(b); *United States v. Abel*, 469 U.S. 45, 49 (1984); *see also United States v. Takahashi*, 205 F.3d 1161, 1164 (2000). Relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice. *Fed. R. Evid.* 403. "[E]vidence is excludable only if it is 'unfairly' prejudicial, in that it has 'an undue tendency to suggest decision on an improper basis."' *Old Chief v. U.S.*, 519 U.S. 172, 193 (1977), *citing Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) [ "'[U]nfair prejudice'as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair'"'].

Contrary to Plaintiff s arguments, the Ninth Circuit has *not* held that information unknown to police officers can never be admissible. Under *Graham*, evidence of facts unknown to a police officer is admissible "in assessing the credibility of an officer's account of the circumstances that prompted the use of force". *Graham v. Connor*, 490 U.S. 386, 399 n.12 (1989). Consistent with this principle, the Ninth Circuit has held that where the material facts are disputed, as here, facts unknown to the officers at the point of the use of deadly force can be admissible. *Boyd v. City & County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (evidence that Decedent was on drugs was relevant and admissible in an excessive force case because it made assertions that Decedent was acting erratically more probable); *T.D.W. v. Riverside Cnty.*, 2010 U.S. Dist. LEXIS 35821, 2010 WL 1006618, at *4 (C.D. Cal. Mar. 11, 2010) (evidence of Decedent's intoxication was

properly admitted at trial "because this evidence was probative of Decedent's conduct, particularly when defendants contended that Decedent's erratic behavior immediately preceding and at the time of the shooting led to their use of force"). Accordingly, information unknown to the responding deputies at the time of the incident should not be excluded on that basis alone. Decedent's behavior during the 911 call is directly related to Decedent's motive, intent and instability in his confrontation with responding deputies. Moreover, it provides context to Ursula Byram's actions and reasons for contacting the police on the night of the incident.

## II.  THE 911 CALL SHOULD NOT BE EXCLUDED BECAUSE IT IS RELEVANT AND PROVIDES CONTEXT FOR WHAT BROUGHT DEPUTIES TO THE BYRAM RESIDENCE

Plaintiffs argue that the 911 call made by Plaintiff Ursula Byram in the that set the stage for the deputies use of force should not be admitted into evidence because the responding deputies were unaware of the contents of the call. The Plaintiffs posit that the content of the call cannot, therefore, be part of the totality of circumstances considered by the deputies at the time that force was deployed. *Graham v. Connor,* 490 U.S. 386, 396 (1989); *Glenn v. Washington County,* 673 F.3d 864, 873 (9th Cir. 2011). Plaintiffs' analysis is incomplete and ignores the relevance of the contents of the 911 call in explaining both Plaintiff Ursula Byram and decedent Everett Byram's conduct. Here, where the statements made by both Ursula and Everett Byram in the course of the call corroborate the deputies' version of the events and justifications for their actions, the evidence is appropriately admissible, and should not be excluded as requested by Plaintiffs. *See Boyd v. City and Cty. of San Francisco,* 576 F.3d 938, 944-949 (9th Cir. 2009).

Further, the emergency 911 call sets the stage for what occurred in the Byram household that night. The details of the call were passed on to the responding deputies; that Everett Byram had attacked his wife and was threatening "suicide by cop." In fact, the deputies arrived at the scene to investigate Ursula Byram's allegations of domestic abuse, which she then downplayed at the scene. Because the

911 tape contains information that was expressly passed on to the deputies, because everything known to the deputies regarding this incident is relevant and admissible, and because their job requires them to make snap decisions in tense situations with little or incorrect information, the tapes should come in and the jury allowed to evaluate the deputies' actions under the totality of the circumstances.

## III. THE JURY NEEDS APPROPRIATE INFORMATION TO EVALUATE THE INCIDENT

Decedent Everett Byram created an incident requiring law enforcement to investigate his actions and ensure the safety of everyone present at the scene of the incident. The jury will inevitably want to know about all the motivating factors leading up to the armed confrontation, and they are entitled to all such relevant information. *Boyd v. City and County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009.); see also, *Cotton v. City of Eureka*, 2010 WL 5154945 (N.D. Cal. Dec. 14, 2010).

Absent a full accounting of the things that motivated decedent Everett Byram's decisions and actions in arming himself with a sword, attacking his wife and threatening suicide, specifically "suicide by cop," the jury would receive an incomplete and indeed erroneous view of the threat that he posed when the Defendants encountered him on the night of the incident. Exclusion of such evidence—including evidence of what could be heard in the background of the 911 call—could mislead jurors about decedent Everett Byram's state of mind, his motives, and the totality of facts that deputies had before them when confronting him and assessing the threat he posed. All such facts and information are relevant to the question of whether it was reasonable to believe that decedent Everett Byram was a threat to witnesses and responding deputies. Plaintiffs have not met their burden of demonstrating prejudice.

## IV. CONCLUSION

Based on the foregoing, the Court should deny Plaintiffs' Motion in Limine No. 3 exclude recordings or transcriptions of the 911 call made by Ursula Byram

that set into motion the encounter with deputies.