LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,<br><br>Defendants. | Case No. 2:23-cv-09285-KS<br><br>[Assigned to Hon. Karen L. Stevenson, Courtroom 580]<br><br>**JOINT NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 4 TO EXCLUDE PYSCHIATRIC HISTORY AND PSYCHIATRIC RECORDS (MOVING PARTY: PLAINTIFFS)**<br><br>*[Filed Concurrently with the Declaration of Cooper Alison-Mayne in Support of JMIL No. 4, and [Proposed] Order]*<br><br><u>Final Pretrial Conference/Hearing on Motions in *Limine*</u><br>Date:       January 21, 2025<br>Time:      10:00 a.m.<br>Courtroom: 580<br>Trial Date: February 10, 2025 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 21, 2025, at 10:00 a.m. in Courtroom "580" of the above entitled court, located at 255 E. Temple Street, Los Angeles, California 90012, Plaintiffs URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram, (collectively "Plaintiffs") will move this Court, *in Limine* for an Order precluding Defendants COUNTY OF LOS ANGELES, DEPUTY BLAKE RUNGE and DEPUTY BRENDA ALCANTARA (collectively "Defendants") and their counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to Decedent Everett Byram's psychiatric history or any information contained in Decedent's psychiatric records. Plaintiffs bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried as Defendant Runge had no knowledge of this information at the time of the incident; it constitutes improper character evidence under Federal Rule of Evidence 404(a)(1); and such evidence would only serve to unfairly prejudice the jury, confuse the issues, and result in litigation of collateral matters.

Plaintiffs further move this Court to instruct Defendants and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any information regarding Decedent's psychiatric history or records without first obtaining permission of the Court outside the presence and hearing of the jury;
2. Not to make any reference to the fact that this Motion has been filed; and
3. To warn and caution each of Defendants' witnesses to strictly follow the same instructions.

This motion is made following compliance with the meet and confer requirements of *Local Rule* 7-3. (See Declaration of Cooper Alison-Mayne in Support of Motion in *Limine* No. 4.) This Motion is based upon the Memorandum of

Points and Authorities served herewith, upon the pleadings and papers on file herein, Declaration of Cooper Alison-Mayne in Support of Motion in *Limine* No. 4, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

Respectfully submitted,

DATED: December 10, 2024,     **LAW OFFICES OF DALE K. GALIPO**

<u>/s/     Cooper Alison-Mayne     </u>
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**

This case involves the officer-involved shooting death of Everett Byram ("Decedent") in the course of an encounter with Los Angeles County Sheriff's Department Deputy Blake Runge.

Plaintiffs seek to exclude evidence, testimony, argument, or reference to Decedent's psychiatric history, or any information contained in Decedent's psychiatric records because none of that information was known to Deputy Runge at the time of the incident.

## I. Evidence of Decedent's Pyschiatric History and Records Not Known to Runge are not Relevant

Since the United States Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting-death cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985).

Adhering to the parameters of the officers' state of mind in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Tennessee v. Garner*, 471 U.S. 1, 25-26 (1985) (the Fourth Amendment requires the "careful balancing of the important public interest in crime prevention and detection and the nature and quality of the intrusion upon legitimate interests of the individual."), citing *United States v. Place*, 462 U.S. 696, 703 (1983).

In *Glenn v. Washington County*, 673 F.3d 864, 873 (9th Cir. 2011), the Ninth Circuit reiterated that information unknown to an officer at the time of his use of force – or information *acquired after the incident* by investigators or during

discovery – cannot be considered. In *Glenn*, officers used a beanbag gun to shoot a man with a knife who was threatening suicide. Unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id.* The Ninth Circuit flatly rejected the District Court's "suggestion that, …these statements provide 'uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement." *Glenn v. Washington Cnty.*, 673 F.3d 864, 873, n.8 (9th Cir. 2011). The Court reiterated that "[w]e cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." *Id.* (citing *Graham*, 490 U.S. at 396).

Accordingly, juries in the Ninth Circuit are expressly instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id.*; Ninth Circuit Model Jury Instruction 9.25; *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Relevant evidence is only that "evidence having [a] tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Evidence that is not relevant is not admissible. FED. R. EVID. 402.

In light of how the jury will be instructed and given the great weight of Supreme Court and Ninth Circuit authority on this issue, permitting the jury to learn about Decedent's psychiatric history or any information contained in Decedent's psychiatric records that were unknown to Deputy Runge at the time he made the decision to shoot Decedent would be improper. In addition, since this type of

evidence is not relevant to the jury's reasonableness determination, any probative value would be substantially outweighed by the risk of unfair prejudice that the jury would rest its decision on an improper basis.

## II. Evidence Decedent's Psychiatric History and Psychiatric Records is Unfairly Prejudicial

Plaintiffs submit that the probative value of Decedent's psychiatric history or any information contained in Decedent's psychiatric records is nil. In the alternative, if there is any probative value to this evidence, it is substantially outweighed by the danger of unfair prejudice. Accordingly, it should be excluded under Rule 403 of the Federal Rules of Evidence.

Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

In *Wilson v. City of Chicago*, 6 F.3d 1233 (7th Cir.1993), the Seventh Circuit found that it was improper in a civil rights case against interrogating officers for the district court to admit plaintiff's criminal history—turning "trial of the defendants into a trial of the plaintiff." Likewise, it would not be proper in this case for Decedent's psychiatric history to be used to turn a trial of the defendants into a trial of Decedent.

Also, admission of Decedent's psychiatric history or any information contained in Decedent's psychiatric records enforcement pose a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d

Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Deputy Runge's conduct was objectively reasonable under the circumstances. Decedent is not on trial. His prior mental health or communications regarding his mental health does not bear on the reasonableness of Deputy Runge's conduct. If Defendants can introduce evidence of Decedent's psychiatric history or any information contained in Decedent's psychiatric records, then that will compel Plaintiffs to explain the circumstances of the information or otherwise to try to mitigate their prejudicial impact. This will distract the jury from its central tasks and will unduly consume this Court's and the jury's time.

For all the above reasons, Decedent's psychiatric history or any information contained in Decedent's psychiatric records that was unknown to Deputy Runge at the time of the incident should be excluded. In the alternative, if the Court determines that some of this inflammatory evidence may be potentially relevant, the Court should hold a brief hearing outside the presence of the jury under Rule 104(a) to establish relevance, foundation, and any appropriate limits on its use before the jury is permitted to hear any of it.

### III. Decedent's Psychiatrict History and Psychiatric Records are Improper Character Evidence

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Plaintiffs also contend that any reference to Decedent's psychiatric history or any information contained in Decedent's psychiatric records at trial would suggest an improper inference based on character evidence, to the extent that the jury might infer from the fact that Decedent engaged in bad conduct due to his mental illness on another occasion that he gave Deputy Runge probable cause to believe that he would act a certain way on the date in question. *See, generally, Evans v. City of San Diego*, 913 F. Supp. 2d 986, 992-93 (S.D. Cal. 2012) (in false

arrest case, evidence of plaintiff's conduct outside the time frame of the arrest is inadmissible character evidence). Since any evidence of Decedent's psychiatric history or any information contained in Decedent's psychiatric records that was unknown to Deputy Runge at the time of the incident in this case would require an inference as to Decedent's character to make it relevant, it is inadmissible.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion in limine to exclude all information regarding Decedent's psychiatric history or any information contained in Decedent's psychiatric records that was unknown to Deputy Runge at the time of the incident.

Respectfully submitted,

DATED: December 10, 2024,   **LAW OFFICES OF DALE K. GALIPO**

*/s/   Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*

8

# DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

## IV. INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

Motion in *Limine* No. 4 attempts to exclude Mr. Everett Byram's ("Mr. Byram") psychiatric history and psychiatric records on the basis that: (1) Mr. Byram's psychiatric history and records were not known to Deputy Runge, thus are not relevant; (2) Mr. Byram's psychiatric history and records are unfairly prejudicial; and (3) Mr. Byram's psychiatric history and records are improper character evidence.

Plaintiffs' legal reasoning for excluding Mr. Byram's psychiatric history and psychiatric records is flawed and their Motion in *Limine* No. 4 should be denied for a few reasons. First, Plaintiffs have put Mr. Byram's psychiatric history at issue by claiming that he suffers from mental illness and was suffering from a mental crisis the night of the incident. Plaintiffs have also attested Mr. Byram's mental illness episodes, not only the days leading up to the incident, but for the past several months including the August 2022 incident. Further, Mr. Byram's psychiatric history may help explain Mr. Byram's intent to cause great bodily injury to deputies on the night of the incident. As such, Defendants are entitled to question and/or bring up evidence regarding Mr. Byram's psychiatric history and psychiatric records as it relates to Plaintiffs' claims and accusations.

## V. ARGUMENT

### A. EVIDENCE OF FACTS NOT DEFINITIVELY KNOWN TO DEPUTY RUNGE AT THE TIME OF THE SHOOTING IS RELEVANT AND ADMISSIBLE IN THE ANALYSIS OF WHETHER THE DEPUTY DEFENDANTS' USE OF FORCE WAS OBJECTIVELY REASONABLE.

Plaintiffs argue that the jury should only be allowed to hear evidence

concerning what Deputy Runge definitely knew at the time of the shooting. Plaintiffs rely on the Supreme Court's language from *Graham v. Connor*, 490 U.S. 386 (1989) that "the reasonableness of use of force must be judged 'from the perspective of a reasonable officer on the scene . . . and not with the 20/20 vision of hindsight." *Id.* at 396. Plaintiffs argue that "any information contained in Decedent's psychiatric records that were unknown to Deputy Runge at the time he made the decision to shoot Decedent would be in property. …this type of evidence is not relevant to the jury's reasonableness determination,". Plaintiff's Motion, p.3-4. Plaintiff's own arguments defy his logic.

       As noted by the Ninth Circuit in *Boyd v. City and County of San Francisco,* 576 F.3d 938 (9th Cir. 2009), "[i]n a case such as this, where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible." *Id.* at 944, citing *Graham v. Connor,* 490 U.S. 386, 399, n. 12 (1989) (indicating that a fact finder may consider outside evidence "in assessing the credibility of an officer's account of the circumstances that prompted the use of force"); *Billington v. Smith,* 292 F.3d 1177, 1180-82, 1184-85 (9th Cir. 2002) (noting witness reports and the decedent's blood alcohol content in analyzing reasonableness in an excessive force case); *see also Luchtel v. Hagemann,* 623 F.3d 975, 980 (9th Cir. 2010) (citing hospital medical report showing that plaintiff was under the influence of crack cocaine in considering whether the police officers used a reasonable amount of force while arresting her).

       In *Boyd,* the survivors of a man fatally shot by police brought a wrongful death / excessive force action under 42 U.S.C. § 1983, claiming that the use of deadly force was unreasonable. After the jury returned a defense verdict, the plaintiffs appealed. On appeal, the plaintiffs' primary argument was that the trial court erred in allowing the jury to hear evidence not known to the officer at the time of the shooting. This evidence included, among other things: (1) testimony concerning a prior high-speed chase in which the decedent had been involved; (2)

testimony concerning the decedent's criminal history, including the kidnapping attempts and the likely term of incarceration he would have faced had he survived; (3) testimony concerning one of the decedent's prior arrests; (4) evidence that the decedent had drugs in his system at the time he was shot; and (5) evidence of the rap music lyrics and newspaper clipping found in the decedent's car after the shooting. *Boyd*, 576 F.3d at 943.

Like Plaintiffs' argument here, the survivors in Boyd argued that the district court erred in admitting this evidence because the shooting officer "did not know of its existence prior to shooting [the decedent], and the only issue in front of the jury was whether [the officer's] actions were reasonable based on his perspective at the time." *Boyd*, 576 F.3d at 943-44. The Ninth Circuit flatly rejected the survivors' argument, finding that "[u]nder the relevancy analysis prescribed by the Federal Rules, all of the challenged evidence was properly admitted, since it had a tendency to make a fact of consequence more or less probable."

Here, Plaintiffs have called into question the Deputy Runge's account of what he observed Mr. Byram doing when the Deputy Defendants confronted Mr. Byram. Plaintiffs would also like to suggest that Mr. Byram needed psychiatric help and Deputy Defendants should have approached Mr. Byram accordingly, instead of allegedly meeting Mr. Byram with hostility. Plaintiffs claim that Mr. Byram did not exhibit any conduct that could be considered threatening despite Mr. Byram advancing towards the Deputy Defendants wielding a sword and refusing to obey commands to stop and drop his sword. Also, Plaintiffs themselves claim that Defendants, including Deputy Runge, knew "that Mr. Byram was suffering from a mental health crisis," calling into place Deputy Runge's knowledge of Mr. Byram's mental health issues at the time of the shooting. (First Amended Complaint, p.9: 13-16; p.17: 11-17.)

In the face of these arguments, the Defendants must be given the opportunity to respond. The Defendants should be entitled to proffer all evidence to

1 support Deputy Runge's conduct. While the evidence at issue in this motion is
2 relevant for numerous reasons, it is critical to the analysis of the objective
3 reasonableness of Deputy Runge's use of force because it contextualizes a rapidly
4 unfolding series of events. Further, any concerns regarding prejudice can be
5 addressed with proper jury instructions. As such, Plaintiffs' motion should be
6 denied.

7         **B.    EVIDENCE OF MR. BYRAM'S PSYCHIATRIC HISTORY AND**
8                 **PSYCHIATRIC RECORDS ARE NOT UNFAIRLY**
9                 **PREJUDICIAL.**

10      "The Court may exclude relevant evidence if its probative value is
11 substantially outweighed by a danger of one or more of the following: unfair
12 prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or
13 needlessly presenting cumulative evidence." *Fed. R. Evid*. 403. The Court will
14 balance the probative value against the harm likely to result from its admission. (*Id*.)
15 Plaintiffs argue that psychiatric history and psychiatric records' probative value is
16 substantially outweighed by the danger of unfair prejudice, thus should be excluded.
17 Plaintiffs' Motion, p.4.
18      Plaintiffs would have the Court believe that including Mr. Byram's psychiatric
19 history and records would create a trail against Mr. Byram. However, Mr. Byram's
20 psychiatric history is not at issue, but rather his intent and motive to cause great
21 bodily harm to deputies on the night of the incident, which can be evidenced
22 through Mr. Byram's threats on deputies are evidenced in his psychiatric records.
23 These records will show Mr. Byram's disdain for law enforcement, and ultimately
24 help explain his actions the night of the incident by not complying with deputy
25 commands while advancing towards deputies with a sword. Further, any concerns
26 regarding prejudice can be addressed with proper jury instructions. As such,
27 Plaintiffs' motion should be denied.

28         **C.    MR. BYRAM'S PSYCHIATRIC HISTORY AND PSYCHIATRIC**

## RECORDS ARE RELEVANT AND NOT BEING USED AS CHARACTER EVIDENCE.

Evidence of facts not definitely known to the Deputy Defendants at the time of the shooting has a tendency to make a fact of consequence more or less probable. *Fed. R. Evid.* 401. Evidence regarding Mr. Byram mental health condition immediately prior to his encounter with Deputy Runge and Mr. Byram's psychiatric history is relevant to explain why Deputy Defendants approached securing the residence with such caution. Mr. Byram had previously had a mental health episode, where Plaintiff Ursula Byram called deputies for aid, and Mr. Byram threatened to kill deputies.

In this regard, as a general rule, evidence of crimes, wrongs, or prior bad acts is inadmissible "to prove the character of a person in order to show action in conformity therewith." *Fed. R. Evid.* 404(b). However, evidence of earlier behavior is admissible for other purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ..." *Id.* As the Ninth Circuit has held, Rule 404 is a "rule of inclusion ... Unless the evidence of other crimes tends *only* to prove propensity, it is admissible." *United States v. Jackson,* 84 F.3d 1154, 1159 (9th Cir. 1996). The intent behind the rule is not to "flatly prohibit the introduction of such evidence," but to limit the purpose for which it may be introduced. *Huddleston v. United States,* 485 U.S. 681, 687 (1988).

Again, the Ninth Circuit's holding in *Boyd, supra,* is instructive: "[i]n a case such as this, where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible." *Boyd,* 576 F.3d at 944. The fact that Mr. Byram threatened to kill deputies when deputies took Mr. Byram to a hospital for is safety and safety of others, provides a possible explanation for why Mr. Byram was refusing to comply with Defendant deputy commands and continued to waive his sword as he approached deputies the night of the incident. Mr. Byram's psychiatric history may

confirm Mr. Byram's motive/intent to fulfill his prior threats and injury deputies the night of the incident.

The evidence at trial will show that when the radio call went out to respond to a domestic violence issue, then updated to suicide by cop. When deputies arrived, Deputy Cervantes informed his fellow deputies of the prior mental health incident with Mr. Byram a few months back. When deputies spoke with Plaintiff Ursula Byram, she informed deputies that Mr. Byram was mentally ill. Deputy Runge was aware of the dispatch details, and made aware of Mr. Byram's mental health history by Deputy Cervantes and Plaintiff Ursula Byram on the night of the incident before the shooting, which is relevant to the reasonableness of the use of force determination. As such, Plaintiffs' motion should be denied.

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Motion in *Limine* No. 4.