LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,<br><br>Defendants. | Case No. 2:23-cv-09285-KS<br><br>[Assigned to Hon. Karen L. Stevenson, Courtroom 580]<br><br>**JOINT NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 5 TO EXCLUDE TOXICOLOGY REPORT AND EVIDENCE OF BLOOD ALCHOHOL LEVEL(MOVING PARTY: PLAINTIFFS)**<br><br>*[Filed Concurrently with the Declaration of Cooper Alison-Mayne in Support of JMIL No. 5, and [Proposed] Order]*<br><br><u>Final Pretrial Conference/Hearing on Motions in *Limine*</u><br>Date:         January 21, 2025<br>Time:         10:00 a.m.<br>Courtroom: 580<br>Trial Date: February 10, 2025 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 21, 2025, at 10:00 a.m. in Courtroom "580" of the above entitled court, located at 255 E. Temple Street, Los Angeles, California 90012, Plaintiffs URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram, (collectively "Plaintiffs") will move this Court, *in Limine* for an Order precluding Defendants COUNTY OF LOS ANGELES, DEPUTY BLAKE RUNGE and DEPUTY BRENDA ALCANTARA (collectively "Defendants") and their counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to psychiatric medications and blood alcohol content found in Decedent Everett Byram's post-mortem toxicology report. Plaintiffs bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried as Defendant Runge had no knowledge of this information at the time of the incident; it has no probative value as to either liability or damages; and such evidence would only serve to unfairly prejudice the jury, confuse the issues, and deflect the factfinders' attention from the matters truly at issue in this case.

Plaintiffs further move this Court to instruct Defendants and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any information regarding Decedent's post-mortem toxicology results, including any evidence of psychiatric medications or blood alcohol content, without first obtaining permission of the Court outside the presence and hearing of the jury;
2. Not to make any reference to the fact that this Motion has been filed; and
3. To warn and caution each of Defendants' witnesses to strictly follow the same instructions.

This motion is made following compliance with the meet and confer

requirements of *Local Rule* 7-3. (See Declaration of Cooper Alison-Mayne in Support of Motion in *Limine* No. 5.) This Motion is based upon the Memorandum of Points and Authorities served herewith, upon the pleadings and papers on file herein, Declaration of Cooper Alison-Mayne in Support of Motion in *Limine* No. 5, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

Respectfully submitted,

DATED: December 10, 2024,     **LAW OFFICES OF DALE K. GALIPO**

/s/     *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*

3

Case 2:23-cv-09285-KS   Document 87   Filed 12/10/24   Page 4 of 7   Page ID #:774

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES

This civil rights and state tort lawsuit arises out of the fatal shooting of Everett Byram by Los Angeles Sheriff's Department Deputy Blake Runge. The key issue in this case is whether the shooting was excessive and unreasonable. Evidence pertaining to psychiatric medications and blood alcohol content (BAC) found in Mr. Byram's toxicology report after his death has no bearing on whether the shooting was excessive and unreasonable and does not make the material disputed facts more or less probable. Furthermore, the information that Plaintiffs seek to exclude is highly prejudicial and is too speculative to be relevant for a damages inquiry. Thus, Plaintiffs respectfully request an order excluding any evidence of psychiatric medications and elevated blood alcohol content found in Decedent Everett Byram's toxicology report conducted after his death.

      Federal Rules of Evidence, Rule 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than if would be without the evidence. The main contention of the Defendants is that the shooting was reasonable because they claim that Deputy Runge faced an immediate threat from Byram, justifying the use of lethal force. On the other hand, the Plaintiffs contend that the shooting was not reasonable based on the totality of circumstances at the time of the incident.

      Whether Byram had psychiatric medications in his system or an elevated BAC at the time of death is entirely irrelevant to this dispute and would only serve to confuse the jury rather than aid them in determining the critical factual questions in this case, as this information was unknown to Deputy Runge at the time of the shooting.

      Any evidence of psychiatric medications or BAC in Byram's system should also be excluded under Rule 403. See generally, Gregory v. Oliver, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion in limine in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged

excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); Id. at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."). The Ninth Circuit has explained that evidence of a decedent's drug or alcohol use has "marginal, if any probative value as to damages, and none as to liability." Est. of Diaz v. City of Anaheim, 840 F.3d 592, 603 (9th Cir. 2016). Evidence of psychiatric medications or blood alcohol content is highly likely to mislead or confuse the jury into reaching a verdict that reflects its consideration of Mr. Byram's mental state or intoxication as a reason justifying the use of force.

      This evidence is not relevant to Plaintiffs' claim to survival damages for the violations of Byram's civil rights. Plaintiffs' excessive force claim focuses on the circumstances surrounding the use of deadly force and the nature of Byram's pain and suffering before his death. As the Ninth Circuit articulated in Diaz, supra, this evidence is not relevant to Plaintiffs' claim for damages based on wrongful death. 840 F.3d at 603. Any effect Byram's psychiatric medications or blood alcohol content may have had on his life outcomes is purely speculative.

      For the foregoing reasons, Plaintiffs respectfully request an order excluding any evidence of psychiatric medications and blood alcohol content found in Decedent Everett Byram's post-mortem toxicology report.

Respectfully submitted,

| | |
|---|---|
| DATED: December 10, 2024, | **LAW OFFICES OF DALE K. GALIPO** |
| | */s/     Cooper Alison-Mayne* |
| | Dale K. Galipo |
| | Cooper Alison-Mayne |
| | *Attorney for Plaintiffs* |

5

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**

## I.  DECEDENT'S TOXICOLOGY REPORT AND BLOOD ALCOHOL LEVEL IS RELEVANT AND PROBATIVE

Evidence is relevant and admissible if it tends to make the existence of a fact of consequence more or less probable. *Fed. R. Evid*. 401, 402. Evidence also is admissible when it is relevant to a material issue in the case and is allowed under FRE 404(b); *United States v. Abel*, 469 U.S. 45, 49 (1984); *see also United States v. Takahashi*, 205 F.3d 1161, 1164 (2000). Relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice. *Fed. R. Evid.* 403. "[E]vidence is excludable only if it is 'unfairly' prejudicial, in that it has 'an undue tendency to suggest decision on an improper basis.'" *Old Chief v. U.S.*, 519 U.S. 172, 193 (1977), *citing Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) [ "'[U]nfair prejudice'as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair'"].

The parties dispute Everett Byram's behavior prior to the use of force. Accordingly, evidence of Everett Byram's toxicology results showing alcohol in his system and an overuse of psychiatric medicine is relevant and admissible. Such evidence will assist the jury in resolving the factual disputes and in determining credibility. See *Boyd v. City & County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (evidence that Decedent was on drugs was relevant and admissible in an excessive force case because it made assertions that Decedent was acting erratically more probable); *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (citing hospital medical report showing that plaintiff was under the influence of crack cocaine in considering whether the police officers used a reasonable amount of force while arresting her).

Further, the use of alcohol and overuse psychiatric medicine is directly related to an individual's decision-making and rationality of thought. What would be expected behavior of someone not under the influence is completely different from someone that is impaired, erratic and experiencing the effects of alcohol and psychiatric medicine. It is uncontroverted that responding deputies were confronted by an individual that was under the influence of alcohol and psychiatric medicine as the toxicology record clearly demonstrates. What would Plaintiffs do if the toxicology report in this case revealed that Deputy Runge was the one with a positive toxicology for alcohol and an overuse of psychiatric medicine? Would that information be excluded? Both the Deputy's and Decedent's actions and behavior are on trial here, and one is just as relevant as the other.

It also should be allowed under FRE 403 because alcohol does not have a grossly negative stigma. Any prejudice is minimal, and it is certainly not unfair prejudice that will have an "undue tendency to suggest [a] decision on an improper basis." On the contrary, if this evidence is excluded, Defendants will be severely prejudiced as the jury's decision will not be based on all the relevant, material facts, and Defendants will be deprived of a fair trial. Moreover, any potential prejudice to Plaintiff can be cured by a limiting instruction.

## II. CONCLUSION

Based on the foregoing, the Court should deny Plaintiffs' Motion in Limine No. 3 exclude toxicology report and evidence of blood alcohol level.