**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,<br><br>Defendants. | Case No. 2:23-cv-09285-KS [*Hon. Karen L. Stevenson*]<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br><u>Pre-Trial Conference</u><br>January 21, 2025, 10:00 a.m.<br><br><u>Trial</u><br>February 10, 2025, 8:30 a.m. |

-1-

# **TABLE OF CONTENTS**

1.    THE PARTIES ARE:.................................................................5

2.    FEDERAL JURISDICTION AND VENUE ARE INVOKED UPON
      THE FOLLOWING GROUNDS:.........................................................5

3.    TRIAL ESTIMATE: ...............................................................6

4.    THE TRIAL IS TO BE A JURY TRIAL................................................6

5.    THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO
      PROOF: .........................................................................6

6.    THE FOLLOWING FACTS, THOUGH STIPULATED, SHALL BE
      WITHOUT PREJUDICE TO ANY EVIDENTIARY OBJECTION:...............................6

7.    THE PARTIES CLAIMS AND DEFENSES. ..............................................6

      Plaintiffs' Claims:..............................................................7

      (a)    Plaintiffs plan to pursue the following claims against the
             following defendants:.....................................................7

             Claim 1:    Excessive Force (42 U.S.C. § 1983 and the Fourth
                         Amendment) ......................................................7

             Claim 2:    Substantive Due Process, Interference with Familial
                         Relations (42 U.S.C. § 1983 and the Fourteenth
                         Amendment) ......................................................7

             Claim 3:    Unlawful Detention (42 U.S.C. § 1983 and the
                         Fourth Amendment)...............................................7

             Claim 4:    42 U.S.C. § 1983 Municipal Liability Claim –
                         Unconstitutional Custom or Policy................................8

             Claim 5:    42 U.S.C. § 1983 Municipal Liability Claim –
                         Failure to Train ...............................................8

             Claim 6:    42 U.S.C. § 1983 Municipal Liability Claim –
                         Ratification....................................................8

             Claim 7:    Americans with Disabilities Act (42 U.S.C. §
                         12132) ..........................................................9

             Claim 8:    Battery (Wrongful Death and Survival)...........................10

             Claim 9:    Negligence (Wrongful Death and Survival) .......................10

             Claim 10:   False Imprisonment .............................................11

             Claim 11:   Violation of the Bane Act (Cal. Civil Code § 52.1)..............11

2

(b)    The elements required to establish Plaintiffs' claims are: .....................11

Claim 1:    Excessive Force (42 U.S.C. § 1983 and the Fourth Amendment) ...................................................................11

Claim 2:    Substantive Due Process, Interference with Familial Relations (42 U.S.C. § 1983 and the Fourteenth Amendment) ...............................................................12

Claim 3:    Unlawful Detention (42 U.S.C. § 1983 and the Fourth Amendment) ............................................12

Claim 4:    42 U.S.C. § 1983 Municipal Liability Claim – Unconstitutional Custom or Policy..................................13

Claim 5:    42 U.S.C. § 1983 Municipal Liability Claim – Failure to Train ..........................................................13

Claim 6:    42 U.S.C. § 1983 Municipal Liability Claim – Ratification...............................................................14

Claim 7:    Americans with Disabilities Act (42 U.S.C. § 12132) .................................................................15

Claim 8:    Battery (Wrongful Death and Survival)............................15

Claim 9:    Negligence (Wrongful Death and Survival) ....................16

Claim 10:    False Imprisonment ........................................................16

Claim 11:    Violation of the Bane Act (Cal. Civil Code § 52.1)..........16

**AFFIRMATIVE DEFENSES**.................................................................17

1. Defendants Plan To Pursue the Following Affirmitive Defenses.................17

2. The Elements Required to Establish Defendants' affirmitive Defenses.......17

3. The Key Evidence Defendants Rely on for each Affirmitive Defense.........17

8.    REMAINING ISSUES:..................................................................18

Plaintiffs' Contentions: ...........................................................18

Defendant's Contentions: .........................................................19

9.    ALL DISCOVERY IS COMPLETE.............................................20

10.    ALL DISCLOSURES PURSUANT TO F. R. CIV. P 26(A)(3) HAVE BEEN MADE:.................................................................20

11.    THE JOINT WITNESS LISTS OF THE PARTIES HAVE BEEN FILED WITH THE COURT:.........................................................20

12.    LAW AND MOTION: ..................................................................20

13.    THE COURT HAS NOT ORDERED BIFURCATION OF ANY
       ISSUES AT THIS TIME..........................................................21

14.    CONCLUSION, ........................................................................21

IT IS SO ORDERED. ............................................................................21

Following pretrial proceedings, pursuant to Fed. R. Civ. P., Rule 16, and L.R. 16, IT IS HEREBY ORDERED:

This order may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

1.   **THE PARTIES ARE:**

<u>Plaintiffs</u>:      Ursula Byram

S.B., through guardian ad litem Timothy Byram

N.B., through guardian ad litem Timothy Byram

A.B., through guardian ad litem Kaitlyn Humenchuk

<u>Defendants</u>:      County of Los Angeles

Blake Runge

Brenda Alcantara

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiffs' First Amended Complaint filed March 29, 2024 (ECF No. 50); Defendants County of Los Angeles and Blake Runge's Answer filed April 12, 2024 (ECF No. 61); Defendant Brenda Alcantara's Answer filed May 14, 2024 (ECF No. 65); the parties respective Memorandums of Contentions of Fact and Law (ECF Nos. 73, 76); and this [Proposed] Final Pretrial Conference Order.

2.   **FEDERAL JURISDICTION AND VENUE ARE INVOKED UPON THE FOLLOWING GROUNDS:**

Subject-matter jurisdiction is appropriate under 28 U.S.C. §§ 1331, 1343(a),
and 1367 and venue is appropriate under 28 U.S.C. § 1391(b).  The facts requisite to
federal jurisdiction are admitted.

**3.** <u>**TRIAL ESTIMATE:**</u>

The parties estimate 5–7 court days for this trial.

**4.** <u>**THE TRIAL IS TO BE A JURY TRIAL**</u>

The trial is to be a jury trial.

The parties have been and will continue to file pretrial documents according
to this Court's Scheduling Order regarding proposed jury instructions, proposed
special verdict forms, and proposed *voir dire*.

**5.** <u>**THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO
PROOF:**</u>

1.    This incident occurred on February 10, 2023, at approximately 10:30
p.m. at 37539 Oxford Drive, City of Palmdale, County of Los Angeles, State of
California.

2.    Defendant Blake Runge was acting within the course and scope of his
employment as a Deputy Sheriff of the Los Angeles County Sheriff's Department.

3.    Defendant Blake Runge was acting under color of law.

4.    Defendant Brenda Alcantara was acting within the course and scope of
her employment as a Deputy Sheriff of the Los Angeles County Sheriff's.

5.    Defendant Brenda Alcantara was acting under color of law.

**6.** <u>**THE FOLLOWING FACTS, THOUGH STIPULATED, SHALL BE
WITHOUT PREJUDICE TO ANY EVIDENTIARY OBJECTION:**</u>

The parties do not stipulate to any facts beyond those listed in the above
"Admitted Facts" in Section 5 above.

**7.** <u>**THE PARTIES CLAIMS AND DEFENSES.**</u>

Plaintiffs' Claims:

    (a)     Plaintiffs plan to pursue the following claims against the following defendants:

**Claim 1:**    **EXCESSIVE FORCE (42 U.S.C. § 1983 and the Fourth Amendment)**

Claim 1 is brought by Plaintiffs against Defendant Blake Runge. Plaintiffs contend that Blake Runge used excessive force against Everett Byram ("Mr. Byram"), which resulted in Mr. Byram's injuries and death. Plaintiffs bring this claim as Mr. Byram's successors in interest and seek survival damages for Mr. Byram's pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiffs also seek punitive damages and attorneys' fees on this claim.

**Claim 2:**    **SUBSTANTIVE DUE PROCESS, INTERFERENCE WITH FAMILIAL RELATIONS (42 U.S.C. § 1983 and the Fourteenth Amendment)**

Claim 2 is brought by Plaintiffs against Defendant Blake Runge. Plaintiffs contend that Blake Runge used excessive force against Mr. Byram in a manner that shocks the conscience, which resulted in Mr. Byram's death and interfered with the Plaintiffs' familial relationship with their husband and father, Mr. Byram. Plaintiffs bring this claim individually and seek wrongful death damages on this claim. Plaintiffs also seek punitive damages and attorneys' fees on this claim.

**Claim 3:**    **UNLAWFUL DETENTION (42 U.S.C. § 1983 and the Fourth Amendment)**

Claim 3 is brought by Plaintiffs against Defendant Brenda Alcantara. Plaintiffs contend that Defendant Brenda Alcantara unlawfully detained Plaintiff Ursula Byram ("Mrs. Byram") for a period exceeding four hours without justification, which resulted in Mrs. Byram suffering emotional distress. Mrs. Byram brings this claim individually and seeks compensatory damages, including pain and

suffering, emotional distress, and humiliation. Mrs. Byram also seeks attorney's fees under this claim.

**Claim 4:**  **42 U.S.C. § 1983 MUNICIPAL LIABILITY CLAIM –**
                **Unconstitutional Custom or Policy**

Claim 4 is brought by Plaintiffs against Defendant County of Los Angeles. Plaintiffs contend that Defendant County of Los Angeles maintained an unconstitutional custom or policy with respect to the use of deadly force, and this unconstitutional custom or policy played a substantial part in causing Mr. Byram's death and Plaintiffs' damages. Plaintiffs bring this claim individually and as successors in interest to Mr. Byram and seek wrongful death and survival damages on this claim. Plaintiffs also seek punitive damages and attorney's fees on this claim.

**Claim 5:**  **42 U.S.C. § 1983 MUNICIPAL LIABILITY CLAIM – Failure to**
                **Train**

Claim 5 is brought by Plaintiffs against Defendant County of Los Angeles. Plaintiffs contend that Defendant County of Los Angeles failed to train Defendant Blake Runge with respect to the use of deadly force, and this failure to train played a substantial part in causing Mr. Byram's death and Plaintiffs' damages. Plaintiffs bring this claim individually and as successors in interest to Mr. Byram and seek wrongful death and survival damages on this claim.  Plaintiffs also seek punitive damages and attorneys' fees on this claim.

**Claim 6:**  **42 U.S.C. § 1983 MUNICIPAL LIABILITY CLAIM – Ratification**

Claim 6 is brought by Plaintiffs against Defendant County of Los Angeles. Plaintiffs contend that Defendant County of Los Angeles has a history of ratifying unconstitutional and unreasonable uses of force, including deadly force, and ratified Defendant Blake Runge's unreasonable use of lethal force against Mr. Byram, and the bases for the shooting. Defendant County of Los Angeles is therefore liable to Plaintiffs. Plaintiffs bring this claim individually and as successors in interest to Mr.

1  Byram and seek wrongful death and survival damages on this claim. Plaintiffs also

2  seek punitive damages and attorneys' fees on this claim.

3  **Claim 7:    AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)**

4      Claim 7 is brought by Plaintiffs against Defendant County of Los Angeles.

5  Plaintiffs contend that Mr. Byram was a "qualified individual" with a mental

6  impairment that substantially limited his ability to care of himself and control his

7  mental health. Under the ADA, Defendant County of Los Angeles is mandated to

8  develop effective procedures for interactions with individuals with mental

9  disabilities and to ensure the protection of their personal and civil rights. The

10  County failed to properly train its deputies to respond and interact peacefully with

11  individuals with mental health impairments suffering from mental health crises,

12  such as Mr. Byram. Blake Runge failed to follow procedures for de-escalation,

13  including waiting for a trained mental health crisis team to arrive on scene to assist

14  Mr. Byram, who was experiencing a mental health crisis. *See Sheehan v. City and*

15  *Cnty. of San Francisco,* 743 F.3d 1211, 1233 (9th Cir. 2014) (holding that the ADA

16  "applies broadly to police 'services, programs, or activities'" and recognizing claims

17  for "(1) wrongful arrest, where police wrongly arrest someone with a disability

18  because they misperceive the effects of that disability as criminal activity; and (2)

19  reasonable accommodation, where, although police properly investigate and arrest a

20  person with a disability for a crime unrelated to that disability, they fail to

21  reasonably accommodate the person's disability in the course of investigation or

22  arrest, causing the person to suffer greater injury or indignity in that process than

23  other arrestees." (internal citations omitted).

24      As a result of the acts and omissions of Deputy Runge and the County, Mr.

25  Byram suffered damages, including loss of life and pain and suffering. Plaintiffs

26  bring this claim individually and as successors in interest to Mr. Byram and seek

27  wrongful death and survival damages on this claim. Plaintiffs also seek attorneys'

28  fees and costs under this claim.

1  **Claim 8:**     **BATTERY (Wrongful Death and Survival)**

2      Claim 8 is brought by Plaintiffs against Defendants Blake Runge and the

3  County of Los Angeles. Plaintiffs contend that Blake Runge's use of unreasonable

4  force against Mr. Byram violated Mr. Byram's rights.  Plaintiffs contend that the

5  County of Los Angeles is vicariously liable for Runge's conduct pursuant to Cal.

6  Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an

7  act or omission of an employee of the public entity within the scope of his

8  employment if the act or omission would, apart from this section, have given rise to

9  a cause of action against that employee or his personal representative."). Plaintiffs

10  bring this claim individually and as Mr. Byram's successors in interest and seek

11  wrongful death and survival damages on this claim, including pre-death pain and

12  suffering, loss of life, and loss of enjoyment of life. *See Senate Bill 447, Civil*

13  *actions: decedent's cause of action* (2021-2022).  Plaintiffs also seek punitive

14  damages on this claim.

15  **Claim 9:**     **NEGLIGENCE (Wrongful Death and Survival)**

16      Claim 9 is brought by Plaintiffs against Defendants Blake Runge and the

17  County of Los Angeles. Plaintiffs contend that Blake Runge's negligent use of force

18  against Mr. Byram, including Runge's pre-shooting negligent tactics, violated Mr.

19  Byrams rights.  *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639 (2013) (pre-

20  shooting tactics "are relevant considerations under California law in determining

21  whether the use of deadly force gives rise to negligence liability).  The County is

22  vicariously liable for Runge's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A

23  public entity is liable for injury proximately caused by an act or omission of an

24  employee of the public entity within the scope of his employment if the act or

25  omission would, apart from this section, have given rise to a cause of action against

26  that employee or his personal representative."). Plaintiffs bring this claim

27  individually and as Mr. Byram's successors in interest and seek wrongful death and

28

survival damages on this claim, including pre-death pain and suffering, loss of life, and loss of enjoyment of life. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

### Claim 10:    FALSE IMPRISONMENT

Claim 10 is brought by Plaintiffs against Defendants Brenda Alcantara and the County of Los Angeles. Plaintiffs contend that Brenda Alcantara's unlawful detention of Ursula Byram violated her rights. The County is vicariously liable for Alcantara's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Mrs. Byram brings this claim and seeks damages for emotional distress and mental anguish.

### Claim 11:    VIOLATION OF THE BANE ACT (Cal. Civil Code §52.1)

Claim 11 is brought by Plaintiffs against Defendants Blake Runge and the County of Los Angeles. Plaintiffs contend that Defendant Runge acted with reckless disregard for Mr. Byram's rights under Cal. Civil Code § 52.1 when he shot him. Plaintiffs bring this claim as Mr. Byram's successors in interest and seek survival damages for Mr. Byram's pain and suffering, loss of life, and loss of enjoyment of life on this claim.  Plaintiffs also seek punitive damages and a multiplier pursuant to Cal. Civil Code § 52 et seq.

(b)    The elements required to establish Plaintiffs' claims are:

### Claim 1:    EXCESSIVE FORCE (42 U.S.C. § 1983 and the Fourth Amendment)

Elements:

1.  Blake Runge acted under color of law;

2.  Blake Runge used excessive force against Mr. Byram; and

3.  The excessive force caused injury, damage, harm, or death to Mr. Byram

*See* Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.25, Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force (2017) (revised August 2023).

**Claim 2:**      **SUBSTANTIVE DUE PROCESS, INTERFERENCE WITH FAMILIAL RELATIONS (42 U.S.C. § 1983 and the Fourteenth Amendment)**

Elements:

1.  Blake Runge acted under color of law;

2.  If the jury determines that Blake Runge had time to deliberate, then whether Blake Runge acted with deliberate indifference to Mr. Byram's rights; if the jury determines that Blake Runge did not have time to deliberate, then whether Blake Runge acted with a purpose to harm unrelated to a legitimate law enforcement purpose.

*See Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1137 (9th Cir. 2008).

**Claim 3:**      **UNLAWFUL DETENTION (42 U.S.C. § 1983 and the Fourth Amendment)**

Elements:

1.  Brenda Alcantara seized Ursula Byram's person;

2.  In seizing Ursula Byram's person, Brendan Alcantara acted intentionally; and

3.  The seizure was unreasonable.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.20 Particular rights—Fourth Amendment—Unreasonable Seizure of Person—Generally (2017) (revised March 2021).

**Claim 4:     42 U.S.C. § 1983 MUNICIPAL LIABILITY CLAIM –**
**Unconstitutional Custom or Policy**

Elements:

1.  Blake Runge acted under color of law;

2.  The acts of Blake Runge deprived Mr. Byram of his constitutional right to be free from excessive force;

3.  Blake Runge acted pursuant to an expressly adopted official policy or a widespread longstanding practice or custom of the defendant County of Los Angeles; and

4.  The defendant County of Los Angeles' official policy or widespread or longstanding practice or custom caused the deprivation of Mr. Byram's rights by the County of Los Angeles; that is, the County of Los Angeles' official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Mr. Byram's rights as to be the moving force that caused the ultimate injury.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.5 Section 1983 Claims Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).

**Claim 5:     42 U.S.C. § 1983 MUNICIPAL LIABILITY CLAIM – Failure to**
**Train**

Elements:

1.  The acts of Blake Runge deprived Mr. Byram of his constitutional right to be free from excessive force;

2.  Blake Runge acted under color of state law;

3. The training policies of the County of Los Angeles, with respect to the use of deadly force, were not adequate to train its sheriff's deputies to handle the usual and recurring situations with which they must deal.

4. The County of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately with respect to the use of deadly force; and

5. The failure of the County of Los Angeles to provide adequate training with respect to deadly force caused Mr. Byram's injuries and/or death.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.8, Section 1983 Claim Against Local Governing Body Defendants Based on a Failure to Train—Elements and Burden of Proof (2017) (revised December 2023); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

**Claim 6:**    **42 U.S.C. § 1983 MUNICIPAL LIABILITY CLAIM – Ratification**

Elements:

1. Blake Runge acted under color of state law;

2. The acts of Blake Runge deprived Mr. Byram of his constitutional right to be free from excessive force;

3. A final policymaker for the County of Los Angeles acted under color of state law;

4. A final policymaker for the County of Los Angeles had final policymaking authority from defendant County of Los Angeles concerning the acts of Blake Runge; and

5. A final policymaker for the County of Los Angeles ratified Blake Runge's acts, that is, a final policymaker for the County of Los Angeles knew of and specifically made a deliberate choice to approve Blake Runge's acts

14

and the basis for it.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.7 Section 1983 Claim Against Local Governing Body Defendants Based on Ratification—Elements and Burden of Proof; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).

**Claim 7:    AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)**

Elements:

1. Mr. Byram was a qualified individual with a disability;

2. Blake Runge and Los Angeles County excluded Mr. Byram from participation in or denied Mr. Byram the benefits of Los Angeles County's services, programs, or activities, or otherwise discriminated against Mr. Byram; and

3. Such exclusion, denial of benefits, or discrimination was by reason of Mr. Byram's disability.

*Updike v. Multnomah Cnty.*, 870 F. 3d 939, 949 (9th Cir. 2017); *Sheehan v. City & Cnty. of San Fransisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part on other grounds*, *City & Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765 (2015).

**Claim 8:    BATTERY (Wrongful Death and Survival)**

Elements:

1. Blake Runge used force against Mr. Byram;

2. Blake Runge used unreasonable force;

3. Mr. Byram did not consent to the use of force;

4. Mr. Byram was injured and/or killed; and

5. Blake Runge's use of unreasonable force was a substantial factor in causing Mr. Byram's injury and/or death.

*See* CACI 1305B, Battery by Peace Officer; *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004).


## Claim 9:    NEGLIGENCE (Wrongful Death and Survival)

Elements:

1. Blake Runge was negligent;

2. Mr. Byram was injured and/or killed;

3. The negligence of Runge was a substantial factor in causing Mr. Byram's injury and/or death.

*See* CACI 441, Negligent Use of Deadly Force by Peace Officer.

## Claim 10:    FALSE IMPRISONMENT

Elements:

1. Brenda Alcantara intentionally deprived Ursula Byram of her freedom of movement;

2. The detention compelled Ursula Byram to stay or go somewhere for some appreciable time, however short;

3. Ursula Byram did not knowingly or voluntarily consent;

4. Ursula Byram was actually harmed; and

5. Brendan Alcantara's conduct was a substantial factor in causing Ursula Byram's harm.

*See* CACI 1400, No Arrest Involved – Essential Factual Elements.

## Claim 11:    VIOLATION OF THE BANE ACT (Cal. Civil Code § 52.1)

Elements:

1. Blake Runge acted under color of law;

2. Blake Runge intended to violate Mr. Byram's rights, which can be shown by a reckless disregard for his constitutional rights;

3. Mr. Byram was injured;

4. Blake Runge's conduct was a substantial factor in causing Mr. Byram's injuries and/or death.

*See Reese v. Cnty. of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993) ("[I]t is not necessary for the defendants to have been 'thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018).

1.     **AFFIRMATIVE DEFENSES** Defendants plan to pursue the following affirmative defenses:

    a.     Qualified Immunity.

    b.     Self Defense and Defense of Others.

2.     The elements required to establish Defendants' affirmative defenses are:

    a.     Qualified Immunity:

        i.     Whether the facts show that Defendants' conduct violated a constitutional right;

        ii.     If the alleged conduct is constitutionally impermissible, whether said right was "clearly established" by law at the time of the incident; and

        iii.     Whether a reasonable deputy could have believed his conduct was reasonable under the circumstances.

    b.     Self Defense and Defense of Others:

17

        i.      Deputy Runge reasonably believed that the Decedent was going to harm himself, them and/or others; and

        ii.     Deputy Runge used only the amount of force that was reasonably necessary to control the Decedent and protect himself and others.

3.    The key evidence Defendants rely on for each affirmative defense is:

    a.    Defendants did not deprive the Decedent or Plaintiffs of their rights under the United States Constitution;

    b.    Defendants did not violate a clearly established constitutional right of the Decedent and/or Plaintiffs of which a reasonable deputy would have known; and

    c.    The Decedent did not have a clearly established right to not be subjected to use of force by the deputies after he resisted commands to drop his weapon and advanced toward the deputies.

    d.    The force used by Defendants was in response to Decedent's aggression and threatening conduct; and

    e.    The deputies ceased using force when the Decedent stopped resisting.

**8.**    **<u>REMAINING ISSUES</u>:**

    In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

1.    Whether the Defendant Blake Runge used excessive or unreasonable force;

2.      Whether Defendant Blake Runge was negligent in his use of force considering his pre-shooting tactics;

3.      Whether Mr. Byram was comparatively negligent

4.      Whether the Defendant Officers conduct was malicious, oppressive, or in reckless disregard to the rights of Plaintiffs' rights;

5.      Whether Defendant Brenda Alcantara unreasonably detained Ursula Byam;

6.      Whether the County of Los Angeles maintained an unconstitutional custom or policy related to the use of force;

7.      Whether the County of Los Angeles failed to properly train Blake Runge regarding the use of deadly force;

8.      Whether the County of Los Angeles has a history of ratifying unconstitutional and unreasonable uses of force and ratified Blake Runge's use of force;

9.      Whether the County of Los Angeles' customs and failures contributed to the death of Mr. Byram;

10.     Whether Mr. Byram was a "qualified individual" under the ADA;

11.     Whether the County of Los Angeles failed to properly train Blake Runge to respond and interact with individuals like Mr. Byram;

12.     The amount of punitive damages for which the individual Defendant Officers are liable;

13.     The amount of damages;

**Defendant's Contentions:**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

4.      Whether the amount of force used by Deputy Runge was objectively reasonable given the circumstances.

5.      Whether Ursula Byram was unreasonably detained by Deputy Alcantara.

6.      Whether Deputy Runge's actions interfered with Plaintiffs' familial relationship with their father.

7.      Whether Deputies Runge and Alcantara are immune from liability for Plaintiffs' claims.

8.      Whether Defendant County of Los Angeles is liable for Plaintiff's *Monell* claims.

**9.      ALL DISCOVERY IS COMPLETE**

**10.     ALL DISCLOSURES PURSUANT TO F. R. CIV. P 26(A)(3) HAVE BEEN MADE:**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Counsel agrees that this is not the final joint exhibit list, and that counsel will file an Amended Joint Exhibit List as soon as practicable 10 days before the trial begins.

**11.     THE JOINT WITNESS LISTS OF THE PARTIES HAVE BEEN FILED WITH THE COURT:**

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). The parties do not foresee that they will present evidence by way of deposition testimony, other than for impeachment or record refresh.  Therefore, deposition transcripts will not be lodged with the court as required by L.R. 32-1.

**12.     LAW AND MOTION:**

The Parties filed their Joint Motions in Limine on December 10, 2024.

**13.    THE COURT HAS NOT ORDERED BIFURCATION OF ANY ISSUES AT THIS TIME**

Defendants respectfully request that this Court bifurcate the trial. Specifically, Defendants request that Plaintiffs' *Monell* Claim, Failure to Train Claim, and Ratification Claim against the County of Los Angeles be tried during the second phase of trial, assuming a jury finds the Deputy Defendants violated Mr. Byram's constitutional rights

The Parties agree that liability and punitive damages should not be tried together.

**14.    CONCLUSION,**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____, 2024    _____

Honorable Karen L. Stevenson
United States District Court
Central District of California

Approved as to form and content:

DATED: December 10, 2024          **LAW OFFICES OF DALE K. GALIPO**

                                  */s/ Cooper Alison-Mayne*
                                  Dale K. Galipo
                                  Cooper Alison-Mayne
                                  *Attorneys for Plaintiffs*


DATED:  December 10, 2024          HURRELL CANTRALL LLP


                        By:  */s/ Jordan S. Stern*
                             THOMAS C. HURRELL
                             JORDAN S. STERN
                             NICOLE G. ORTEGA
                             Attorneys for Defendants, COUNTY OF
                             LOS ANGELES, BLAKE RUNGE and
                             BRENDA ALCANTARA