Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jordan S. Stern, State Bar No. 311527
E-Mail: jstern@hurrellcantrall.com
Nicole G. Ortega, State Bar No. 345882
E-Mail: nortega@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, BLAKE RUNGE and BRENDA ALCANTARA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA, <br><br> Defendants. | Case No. 2:23-cv-09285-KS <br><br> [Assigned to Hon. Karen L. Stevenson, Courtroom 580] <br><br> **DECLARATION OF JORDAN S. STERN, ESQ IN SUPPORT OF JOINT MOTION IN *LIMINE* NO. 2 TO PRECLUDE ANY REFERENCE OR EVIDENCE OF ALLEGED "DEPUTY GANGS" AND "DEPUTY CLIQUES/SUBGROUPS" (MOVING PARTY: DEFENDANTS)** <br><br> <u>Final Pretrial Conference/Hearing on Motions in *Limine*</u> <br> Date:        January 21, 2025 <br> Time:        10:00 a.m. <br> Courtroom: 580 <br> Trial Date:  February 10, 2025 |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

## <u>DECLARATION OF JORDAN S. STERN, ESQ.</u>

I, Jordan S. Stern, Esq., declare:

1.    I am an attorney duly licensed to practice before this Court and am a partner with Hurrell Cantrall LLP, attorneys of record for Defendants COUNTY OF LOS ANGELES, DEPUTY BLAKE RUNGE and DEPUTY BRENDA ALCANTARA ("Defendants"). The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.    I make this declaration in support of Joint Motion in *Limine* No. 2 to preclude any reference or evidence of alleged "deputy gangs" and "deputy cliques/subgroups" during trial.

3.    Pursuant to *Local Rule* 7-3 and this Court's Order (Dkt. 68), the parties thoroughly met and conferred about the subject of the instant motion in *Limine* on November 21, 2024. After such discussion, opposing counsel refused to stipulate to the exclusion of this subject evidence.

4.    A true and correct copy of the pertinent portions of the deposition testimony of Defendant Deputy Blake Runge, is attached hereto as **Exhibit A**.

5.    A true and correct copy of Plaintiffs' First Amended Complaint, is attached hereto as **Exhibit B**.

6.    A true and correct copy of the pertinent portions of Deputy Blake Runge's Response to Plaintiffs' Request for Admissions, set One, is attached hereto as **Exhibit C**.

7.    A true and correct copy of the pertinent portions of Deputy Blake Runge's Response to Plaintiffs' Request for Production of Documents, set One, is attached hereto as **Exhibit D**.

8.    It is respectfully submitted that evidence concerning "cliques" or "deputy gangs," would be offered by the Plaintiffs in an effort to support their absurd suggestion that Defendant Deputy Runge ("Deputy Runge") is affiliated with a "deputy gang" or "deputy clique" and maliciously singled out and attacked Plaintiffs.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

2

1    By presenting evidence of "cliques" or "deputy gangs" or eliciting testimony

2    regarding Deputy Runge's assignment to North County Correctional Facility during

3    2016 to 2019, where the origins of the Inclusive Province A Klansman I Am

4    ("AKIA") ("IPA") also began, Plaintiffs will undoubtedly mislead the jury and create

5    a confusion of the issues. The quintessential issue the jury should consider is whether

6    the use of force by the Deputy Defendants was objectively reasonable in light of the

7    facts and circumstances confronting them.

8         I declare under penalty of perjury under the laws of the State of California and

9    the United States of America that the foregoing is true and correct.

10

11         Executed on December 10, 2024, at Los Angeles, California.

12

13                        */s/ Jordan S. Stern*_____
                          JORDAN S. STERN, ESQ.

14

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

3

# EXHIBIT "A"

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

```
 1                  UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3

 4   URSULA BYRAM, S.B., by and through    )
     guardian ad litem TIMOTHY BYRAM, N.B.,)
 5   by and through guardian ad litem      )
     TIMOTHY BYRAM, and A.B., by and       )
 6   through guardian ad litem KAITLYN     )
     HUMENCHUK, individually and as        )
 7   successor-in-interest to Everett      )
     Byram,                                )
 8                                         )
                     Plaintiffs,           )
 9                                         )
                     vs.                   )Case No.
10                                         )2-23-CV-09285-KS
     COUNTY OF LOS ANGELES, BLAKE RUNGE,   )
11   and DOES 1-10, inclusive,             )
                                           )
12                   Defendants.           )
     _____)
13

14

15

16          REMOTE VIDEOCONFERENCE DEPOSITION OF

17                      BLAKE RUNGE

18               TUESDAY, MAY 14, 2024

19

20

21

22

23   Reported Stenographically By:

24   Jinna Grace Kim, CSR No. 14151

25   Job No.:  67867
```

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

Page 2

```
 1                    UNITED STATES DISTRICT COURT

 2                    CENTRAL DISTRICT OF CALIFORNIA

 3

 4   URSULA BYRAM, S.B., by and through    )
     guardian ad litem TIMOTHY BYRAM, N.B.,)
 5   by and through guardian ad litem      )
     TIMOTHY BYRAM, and A.B., by and       )
 6   through guardian ad litem KAITLYN     )
     HUMENCHUK, individually and as        )
 7   successor-in-interest to Everett      )
     Byram,                                )
 8                                         )
                     Plaintiffs,           )
 9                                         )
                     vs.                   )Case No.
10                                         )2-23-CV-09285-KS
     COUNTY OF LOS ANGELES, BLAKE RUNGE,   )
11   and DOES 1-10, inclusive,             )
                                           )
12                   Defendants.           )
     _____)
13

14

15

16          The remote videoconference deposition of BLAKE

17   RUNGE, taken on behalf of the Plaintiffs, beginning at 10:05

18   a.m., and ending at 12:19 p.m., on Tuesday, May 14, 2024,

19   before Jinna Grace Kim, Certified Stenographic Shorthand

20   Reporter No. 14151.

21

22

23

24

25
```

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

Page 3

```
 1      APPEARANCES OF COUNSEL:

 2

        For the Plaintiffs:
 3
                LAW OFFICES OF DALE K. GALIPO
 4              BY:  DALE K. GALIPO, ESQ.
                BY:  COOPER ALISON-MAYNE, ESQ.
 5              21800 Burbank Boulevard, Suite 310
                Woodland Hills, California 91367
 6              Tel:  818-347-3333
                Fax:  818-347-4118
 7              E-mail:  dalekgalipo@yahoo.com
                E-mail:  cmayne@galipolaw.com
 8

 9              RUBIN LAW OFFICE, P.C.
                BY:  DAVID RUBIN, ESQ.
10              2292 Faraday Avenue, Suite 100
                Carlsbad, California 92008
11              Tel:  619-719-1087
                E-mail:  david@rubinlawoffice.com
12

13      For the Defendants:

14              HURRELL CANTRALL LLP
                BY:  THOMAS C. HURRELL, ESQ.
15              BY:  JORDAN S. STERN, ESQ.
                725 S. Figueroa Street, Suite 3800
16              Los Angeles, California 90017
                Tel:  213-426-2020
17              E-mail:  thurrell@hurrellcantrall.com
                E-mail:  jstern@hurrellcantrall.com
18

19

20

21

22

23

24

25
```

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

**Page 4**

```
 1                       INDEX

 2   WITNESS:                                    PAGE

 3   BLAKE RUNGE

 4      BY: MR. GALIPO                           5

 5

 6                     EXHIBITS

 7   MARKED FOR IDENTIFICATION                   PAGE

 8   Exhibit 1          Portion of BWC Lopez      54

 9   Exhibit 2          Portion of BWC Cervantes  60

10   Exhibit 3          Portion of BWC Runge      61

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

Page 9

1    A.    I believe October of 2016.

2    **Q.    How old are you now?**

3    A.    34-years old.

4    **Q.    How tall?**

5    A.    Six-foot-six.

6    **Q.    How much do you currently weigh?**

7    A.    Approximately 240 pounds.

8    **Q.    Was that about your weight at the time of the**

9    **shooting incident we're here to talk about?**

10    A.    I was probably like 15 pounds lighter.

11    **Q.    So you think you may have gained some weight since**

12    **the incident?**

13    A.    Yes, sir.

14    **Q.    Did you play any sports in high school or college?**

15    A.    No.

16    **Q.    After graduating from the academy where were you**

17    **assigned initially?**

18    A.    NCCF which is the North County Correctional

19    Facility.

20    **Q.    And what time frame were you assigned there?**

21    A.    From 2016 to 2019, May 2019.

22    **Q.    What was your general assignment when you were**

23    **there?**

24    A.    I worked the Inmate Processing Center.

25    **Q.    Any other assignments while you were there?**

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

Page 10

1    A.   Just general staff stations, monitoring inmates and

2  dorms.

3    Q.   If you were involved in a force incident while you

4  were working at the North Facility, would you have to

5  generate some type of a report explaining the force used and

6  the reasons for the force?

7    A.   Yes.

8    Q.   And do you have an estimate as to how many force

9  incidents you were involved in when you were working at the

10  jails?

11    A.   Maybe approximately ten.

12    Q.   When you worked the jails, would you carry either OC

13  spray or a Taser on you?

14    A.   Yes.  Both.

15    Q.   Both?

16    A.   Yes.

17    Q.   Were some of the force incidents including the use

18  of a Taser while you were working the jails?

19    A.   No.

20    Q.   Did any of the force incidents include the use of OC

21  spray?

22    A.   Yes.

23    Q.   So after working at the North Facility, I guess that

24  would take us to May of 2019.

25    A.   Yes, sir.

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

Page 11

```
1       Q.   And then where were you assigned after that?

2       A.   I was assigned to Palmdale Station.

3       Q.   Was that a patrol assignment?

4       A.   Yes, sir.

5       Q.   And did you have a period of field training?

6       A.   Yes.

7       Q.   And how long was that for, approximately?

8       A.   Approximately six months.

9       Q.   And when did your field training end,

10   approximately?

11      A.   February of 2020.

12      Q.   Did you discuss tactics and use of force during some

13   of your field training?

14      A.   Yes.

15      Q.   And did you have to become familiar with some of the

16   policies related to use-of-force, for example?

17      A.   Yes.

18      Q.   So after February, 2020 you were able to go out on

19   patrol by yourself?

20      A.   Yes.

21      Q.   And the shooting incident we're here to talk about,

22   do you recall the date?

23      A.   February, 2023.

24      Q.   So would it be about three years since your field

25   training ended?
```

URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL
Blake Runge on 05/14/2024

Page 15

1    before?

2        A.    Yes.

3        Q.    On how many occasions, approximately?

4        A.    Approximately three or so.

5        Q.    Now, you're familiar with the bean bag rounds?

6        A.    Yes, sir.

7        Q.    Had you ever used bean bag rounds in the field

8    before?

9        A.    I have not.

10       Q.    How about the 40-millimeter rounds, had you ever

11   used those in the field before?

12       A.    No.

13       Q.    Had you ever been present where either the bean bag

14   rounds or the 40-millimeter rounds were used?

15       A.    Yes.

16       Q.    And can you explain to me on approximately how many

17   occasions?

18       A.    Approximately ten or fifteen.

19       Q.    Had you ever been present where either the bean bag

20   rounds or the 40-millimeter rounds were used against someone

21   who had a knife?

22       A.    Yes.

23       Q.    On approximately how many occasions?

24       A.    Approximately five or so, I think.

25       Q.    Do you recall on the day of the shooting incident

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

Page 16

```
 1   what your shift hours were, approximately?

 2        A.   I was working 08:00 to midnight.

 3             So 16-hour shift.

 4        Q.   And how many days a week would you work at the

 5   time?

 6        A.   Between four and five.

 7        Q.   And would they all be 16-hour shifts?

 8        A.   No.  Eight or sixteen, but majority would be 16-hour

 9   shifts.

10        Q.   Was that common at the time, if you know, for

11   deputies to have 16-hour shifts?

12        A.   Yes, sir.  Due to our staffing shortages.

13        Q.   So you would have started your shift at about 8:00

14   in the morning?

15        A.   Yes.

16        Q.   And then do you have an estimate as to what time the

17   shooting incident occurred?

18        A.   I believe around 22:00.

19        Q.   So about 10 o'clock at night?

20        A.   Yes.

21        Q.   So you would have been working approximately 14

22   hours at the time?

23        A.   Yes, sir.

24        Q.   Would you sometimes have coffee just to keep

25   yourself awake and alert?
```

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

Page 66

| | | |
|---|---|---|
| 1 | Q. | And had his gun out? |
| 2 | A. | Yes. |
| 3 | Q. | Now, I'm going to ask you some questions, and I'm |

not sure where this is going to go, but I'll try to be brief.

        Bear with me.  It's on a topic different from the
shooting.

        When you worked at NCCF, was there any group that
you were aware of referred to as IPA?

  A.  No.

  Q.  Did you ever hear of a group called Province AKIA?

  A.  No.

  Q.  Let me just say it since you have a chance to clear
the air on this.

        Have you ever been involved in any deputy gang?

  A.  No.

  Q.  Do you have any tattoo that symbolizes your
association with any deputy group or gang?

  A.  No.

  Q.  Okay.  Thank you.

        That's all the questions I have.

        MR. GALIPO:  Tom, did you have any follow-up today?

        MR. HURRELL:  No, Dale.

        MR. GALIPO:  All right.

        Well, let's go off the record for a moment.

        (Discussion held off the record.)

```
 1              DECLARATION UNDER PENALTY OF PERJURY

 2

 3     Case Name:  Ursula Byram, et al. vs. County of Los Angeles,

 4     et al.

 5     Date of Deposition:  May 14, 2024

 6     Job No.:  67867

 7

 8              I, BLAKE RUNGE         , hereby certify

 9     under penalty of perjury under the laws of the State of

10     California that the foregoing is true and correct.

11              Executed this  2  day of  JULY       ,

12     20 24 , at LOS ANGELES , California.

13

14

15

16

17

18                              _____
                                      BLAKE RUNGE
19

20

21

22

23

24

25
```

**URSULA BYRAM, S.B., ET AL vs COUNTY OF LOS ANGELES, ET AL**
**Blake Runge on 05/14/2024**

1                          CERTIFICATE

2                              OF

3          CERTIFIED STENOGRAPHIC SHORTHAND REPORTER

4

5          I, JINNA GRACE KIM, CSR No. 14151, a Certified

6   Stenographic Shorthand Reporter of the State of California,

7   do hereby certify:

8          That the foregoing proceedings were taken before me

9   at the time and place herein set forth;

10         That any witnesses in the foregoing proceedings,

11  prior to testifying, were placed under oath;

12         That a verbatim record of the proceedings was made

13  by me, using machine shorthand, which was thereafter

14  transcribed under my direction;

15         Further, that the foregoing is an accurate

16  transcription thereof.

17         I further certify that I am neither financially

18  interested in the action, nor a relative or employee of any

19  attorney of any of the parties.

20

21         IN WITNESS WHEREOF, I have subscribed my name, this

22  date:  May 14, 2024.

23         _____

24         Jinna Grace Kim, CSR No. 14151

25

# EXHIBIT "B"

281-344
Resp - 4/12

1
2
3
4

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

5
6
7
8

**RUBIN LAW OFFICE, P.C.**
David Rubin (SBN 304744)
david@rubinlawoffice.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Phone: (619) 719–1087

9

*Attorneys for Plaintiffs*

10

## UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16

URSULA BYRAM, S.B. by and
through guardian *ad litem* TIMOTHY
BYRAM, N.B. by and through
guardian *ad litem* TIMOTHY
BYRAM, and A.B. by and through
guardian *ad litem* KAITLYN
HUMENCHUK, individually and as
successors-in-interest to Everett
Byram,

17

Plaintiffs,

18

v.

19
20
21
22

COUNTY OF LOS ANGELES,
BLAKE RUNGE, and BRENDA
ALCANTARA,

Defendants.

23
24
25
26
27
28

Case No.: 2:23-cv-09285-SB-MAR

**AMENDED COMPLAINT**

Federal Law Claims
1.  Fourth Amendment, Excessive Force (42 U.S.C. § 1983)
2.  42 U.S.C. § 1983 Fourteenth Amendment, Interference with Familial Relationship
3.  Fourth Amendment, Unlawful Detention (42 U.S.C. § 1983)
4.  Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983)
5.  Municipal Liability, Failure to Train (42 U.S.C. § 1983)
6.  Municipal Liability, Ratification (42 U.S.C. § 1983)
7.  Americans with Disabilities Act (42 U.S.C. § 12132)

State Law Claims
8.  Battery
9.  Negligence
10. False Imprisonment
11. Violation of Cal. Civil Code § 52.

1

33.    DEPUTY RUNGE failed to provide a verbal warning indicating that deadly force would be used and did not afford Mr. Byram an opportunity to heed any such warning.

34.    As a direct and proximate result of the shooting, Mr. Byram experienced severe pain and suffering, loss of life, and loss of earning capacity.

35.    Upon information and belief, the Inclusive Province AKIA ("IPA") is a violent deputy gang involved in criminal activity, similar to other deputy gangs within the Los Angeles County Sheriff's Department, such as the "Executioners" operating in Compton, or the "Bandidos" operating out of East Los Angeles. AKIA is Ku Klux Klan shorthand for "A Klansman I Am."

36.    Upon information and belief, deputy members of IPA use violence and unreasonable force against those they are sworn to protect, as well as falsify reports, violating the civil rights of hundreds of citizens of Los Angeles.

37.    Upon information and belief, at the time of the incident, DEFENDANT RUNGE was a member of the IPA.

38.    Following the shooting of Mr. Byram, DEPUTY ALCANTARA detained URSULA BYRAM in a patrol vehicle without justification.

39.    URSULA BYRAM was held in this manner for an extended period exceeding 4 hours.

40.    During her unlawful detention, URSULA BYRAM was placed in a patrol vehicle along with her son, but her daughter was absent.

41.    The involved deputies deliberately withheld information from URSULA BYRAM concerning the condition and whereabouts of her husband, Mr. Byram, and her daughter.

WHEREFORE, Plaintiffs URSULA BYRAM, S.B., N.B., and A.B. request entry of judgment in their favor against Defendants COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA;  as follows:

1.    For compensatory damages according to proof at trial, including: survival damages, not limited to pre-death pain and suffering and loss of life under federal and state law; and wrongful death damages under federal and state law;

2.    For funeral and burial expenses, and loss of financial support;

3.    For loss of consortium;

4.    For punitive and exemplary damages against BLAKE RUNGE in an amount to be proven at trial;

5.    For statutory damages;

6.    For reasonable attorneys' fees including litigation expenses;

7.    For costs of suit and interest incurred; and

8.    For such other and further relief as the Court may deem just, proper, and appropriate.


DATED: March 29, 2024          **LAW OFFICES OF DALE K. GALIPO**

/s/    *Dale K. Galipo*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby submit this demand that this action be tried in front of a jury.


DATED: March 29, 2024        **LAW OFFICES OF DALE K. GALIPO**

                              /s/     *Dale K. Galipo*
                              Dale K. Galipo
                              Cooper Alison-Mayne
                              *Attorneys for Plaintiffs*

# EXHIBIT "C"

1 | Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
2 | Jordan S. Stern, State Bar No. 311527
E-Mail: jstern@hurrellcantrall.com
3 | Nicole G. Ortega, State Bar No. 345882
E-Mail: nortega@hurrellcantrall.com
4 | HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
5 | Los Angeles, California 90017
Telephone: (213) 426-2000
6 | Facsimile: (213) 426-2020

7 | Attorneys for Defendants, COUNTY OF LOS ANGELES and BLAKE RUNGE

8

9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13 | URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,

Case No. 2:23-cv-09285-KS

**DEFENDANT BLAKE RUNGE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION (SET ONE)**

[Assigned to Magistrate Judge Karen L. Stevenson, Courtroom 580]

Plaintiffs,

v.

COUNTY OF LOS ANGELES, BLAKE RUNGE, and DOES 1-10,

Defendants.

23 | PROPOUNDING PARTY:     URSULA BYRAM, ET AL.

24 | RESPONDING PARTY:      DEFENDANT BLAKE RUNGE

25 | SET NO.:               ONE

26 |     COMES NOW DEFENDANT BLAKE RUNGE, and responds to Plaintiff's

27 | Requests for Admission (Set One), as follows:

28 | ///

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1 not in evidence.

2 Without waiving said objections, and subject thereto, this Responding Party

3 responds as follows: Responding Party cannot admit or deny this Request as phrased.

4 However, Responding Party admits only that a statement was made during

5 investigation.

6 Discovery and investigation are ongoing. Responding Party reserves the right

7 to amend or supplement this response.

8 **REQUEST FOR ADMISSION NO. 3:**

9 Admit that YOU did not face any disciplinary action from COUNTY following

10 the INCIDENT.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

12 Objection. The phrases "face", "any", "disciplined by any person or agency"

13 and "conduct" are vague, ambiguous, and overbroad. Further, this Request is vague,

14 ambiguous, and overbroad as to time and scope. This request may be violative of

15 attorney-client privilege and/or attorney work-product doctrine. This request also

16 lacks foundation and is argumentative because it assumes that there was disciplinary

17 action, which is not in evidence.

18 Without waiving said objections, and subject thereto, this Responding Party

19 responds as follows: Responding Party cannot admit or deny the Request as phrased

20 given the faulty phrasing of this Request in its entirety.

21 Discovery and investigation are ongoing. Responding Party reserves the right

22 to amend or supplement this response.

23 **REQUEST FOR ADMISSION NO. 4:**

24 Admit that YOU were a member of the Inclusive Province AKIA (IPA) gang.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

26 Objection. The phrases "were a member" and "Inclusive Province AKIA (IPA)

27 gang" are vague, ambiguous, and overbroad. This request is compound as to what it

28 seeks. This request may be violative of attorney-client privilege and/or attorney work-

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

3

1  product doctrine. This request seeks information which is neither relevant nor

2  reasonably calculated to lead to the discovery of admissible evidence. Responding

3  Party is unable to respond to this request pursuant to *Federal Rules of Civil Procedure*,

4  Rule 36, without speculating as to what Propounding Party is asking. This request is

5  overbroad as to time and scope. Further, this request also lacks foundation and is

6  argumentative because it assumes that there is a gang called Inclusive Province AKIA

7  (IPA), which is not in evidence.

8  **REQUEST FOR ADMISSION NO. 5:**

9      Admit that YOU are a member of the Inclusive Province AKIA (IPA) gang.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

11     Objection. The phrases "are", "member" and "Inclusive Province AKIA (IPA)

12 gang" are vague, ambiguous, and overbroad. This request may be violative of

13 attorney-client privilege and/or attorney work-product doctrine. This request seeks

14 information which is neither relevant nor reasonably calculated to lead to the

15 discovery of admissible evidence. Responding Party is unable to respond to this

16 request pursuant to *Federal Rules of Civil Procedure*, Rule 36, without speculating as

17 to what Propounding Party is asking. This request is overbroad as to time and scope.

18 This request is compound as to what it seeks. Further, this request also lacks

19 foundation and is argumentative because it assumes that there is a gang called

20 Inclusive Province AKIA (IPA), which is not in evidence.

21 **REQUEST FOR ADMISSION NO. 6:**

22     Admit that YOU were a member of a gang that was led by Deputy Konrad

23 Thieme within the Los Angeles Sheriff's Department.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

25     Objection. The phrases "were a member" and "gang that was led by Deputy

26 Konrad Thieme" are vague, ambiguous, and overbroad. This request may be violative

27 of attorney-client privilege and/or attorney work-product doctrine. This request seeks

28 information which is neither relevant nor reasonably calculated to lead to the

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

## PROOF OF SERVICE

**Ursula Byram, et al. v. County of Los Angeles, et al.**
**Case No. 2:23-cv-09285-SB (MARx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 725 S. Figueroa Street, Suite 3800, Los Angeles, CA 90017.

On March 20, 2024, I served true copies of the following document(s) described as

- **DEFENDANT BLAKE RUNGE'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE;**

- **DEFENDANT BLAKE RUNGE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE;**

- **DEFENDANT COUNTY OF LOS ANGELES' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE; AND**

- **DECLARATION OF SERGEANT DONALD MOORE IN SUPPORT OF COUNTY OF LOS ANGELES' OFFICIAL INFORMATION PRIVILEGE IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address aramirez@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2024, at Los Angeles, California.


_/s/ Ana Ramirez_
Ana Ramirez

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

**SERVICE LIST**

**Ursula Byram, et al. v. County of Los Angeles, et al.**
**Case No. 2:23-cv-09285-SB (MARx)**

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Cooper Alison-Mayne, Esq.<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA  91367<br>Tel:  (818) 347-3333<br>dalekgalipo@yahoo.com<br>cmayne@galipolaw.com | ***Attorneys for Plaintiffs, Ursula Byram,<br>S.B. by and through guardian ad litem<br>Timothy Byram, N.B. by and through<br>guardian ad litem Timothy Byram, and<br>A.B. by and through guardian ad litem<br>Kaitlyn Humenchuk, individually and as<br>successors-in-interest to Everett Byram*** |
| David Rubin, Esq.<br>RUBIN LAW OFFICE, P.C.<br>2292 Faraday Avenue, Suite 100<br>Carlsbad, CA  92008<br>Tel:  (619) 719-1087<br>david@rubinlawoffice.com | ***Attorneys for Plaintiffs, Ursula Byram,<br>S.B. by and through guardian ad litem<br>Timothy Byram, N.B. by and through<br>guardian ad litem Timothy Byram, and<br>A.B. by and through guardian ad litem<br>Kaitlyn Humenchuk, individually and as<br>successors-in-interest to Everett Byram*** |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

# EXHIBIT "D"

1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Jordan S. Stern, State Bar No. 311527
   E-Mail: jstern@hurrellcantrall.com
3  Nicole G. Ortega, State Bar No. 345882
   E-Mail: nortega@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   725 S. Figueroa Street, Suite 3800
5  Los Angeles, California 90017
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendants, COUNTY OF LOS ANGELES and BLAKE RUNGE

8

9

10              UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  URSULA BYRAM, S.B. by and             Case No. 2:23-cv-09285-KS
    through guardian ad litem TIMOTHY
14  BYRAM, N.B. by and through guardian   **DEFENDANT BLAKE RUNGE'S**
    ad litem TIMOTHY BYRAM, and A.B.      **RESPONSES TO PLAINTIFF'S**
15  by and through guardian ad litem      **REQUEST FOR PRODUCTION OF**
    KAITLYN HUMENCHUK,                    **DOCUMENTS (SET ONE)**
16  individually and as successors-in-
    interest to Everett Byram,            [Assigned to Magistrate Judge Karen L.
17                                        Stevenson, Courtroom 580]
              Plaintiffs,
18
         v.
19
    COUNTY OF LOS ANGELES,
20  BLAKE RUNGE, and DOES 1-10,

21            Defendants.

22

23  PROPOUNDING PARTY:      URSULA BYRAM, ET AL.

24  RESPONDING PARTY:       DEFENDANT BLAKE RUNGE

25  SET NO.:                ONE

26        COMES NOW DEFENDANT BLAKE RUNGE, and responds to Plaintiff's

27  Requests for Production of Documents (Set One), as follows:

28  ///

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS that REFER or RELATE TO you present or past membership, participation, affiliation, or association with the Inclusive Province AKIA (IPA) gang that was led by Deputy Konrad Thieme within the Los Angeles Sheriff's Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Objection. The phrases "REFER or RELATE TO", "past or present membership, participation, affiliation, or association", and "led by" are vague, ambiguous, and overbroad as to time and scope. This request is compound. The request is also burdensome, oppressive, vexatious, and harassing. The discovery Plaintiff seeks is unreasonably cumulative and duplicative. *Federal Rules of Civil Procedure*, Rule 26(b)(2)(C)(1). Further, this request also lacks foundation and is argumentative because it assumes that there is a gang called Inclusive Province AKIA (IPA), which is not in evidence.

As phrased, the request is unintelligible, and the propounding party has failed to describe the items sought by category with reasonable particularity. *Fed. R. Civ. P.* 26(b), 24(b) and *SEC v. American Beryllium & Oil Corp.*, 47 F.R.D. 66, 68 (S.D.N.Y. 1968). The request further seeks information not reasonably likely to lead to the discovery of relevant admissible evidence.

This request calls for information protected by fundamental privacy principals, privileges and laws including, but not limited to the First Amendment of the United States Constitution, Article 1 of the California Constitution. See *Katz v. United States*, 389 U.S. 437, 350 (1967); *White v. Davis*, 13 Cal.3d 757, 773; *Arcelona v. Municipal Court*, 113 Cal.App.3d 523, 532 (1980); *Harding Lawson Assoc. v. Super. Ct.*, 10 Cal.App.4th 7, 10 (1992); and *Scharf v. Regents of Univ. of Cal.*, 234 Cal.App.3d 1393, 1408 (1991).

As phrased, this request seeks information which is presumptively privileged

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1  under both state and federal law. The official information privilege applies to
2  information acquired in confidence by a public employee in the course of his duty and
3  not open, or officially disclosed, to the public prior to the time the claim of privilege
4  is made. See *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).
5  Moreover, the potential benefit of disclosure of these documents do not outweigh the
6  potential disadvantage of such disclosure.

7  **REQUEST FOR PRODUCTION NO. 2:**

8       All DOCUMENTS that REFER or RELATE TO the Inclusive Province AKIA
9  (IPA) gang that was led by Deputy Konrad Thieme and operated (and may continue
10 to operate) within the Los Angeles Sheriff's Department.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

12      Objection. The phrases "REFER or RELATE TO", "led by", "operated", and
13 "within the Los Angeles Sheriff's Department" are vague, ambiguous, and overbroad
14 as to time and scope. This request is compound. The request is also burdensome,
15 oppressive, vexatious, and harassing. The discovery Plaintiff seeks is unreasonably
16 cumulative and duplicative. *Federal Rules of Civil Procedure*, Rule 26(b)(2)(C)(1).
17 Further, this request also lacks foundation and is argumentative because it assumes
18 that there is a gang called Inclusive Province AKIA (IPA), which is not in evidence.

19      As phrased, the request is unintelligible, and the propounding party has failed
20 to describe the items sought by category with reasonable particularity. *Fed. R. Civ. P*.
21 26(b), 24(b) and *SEC v. American Beryllium & Oil Corp*., 47 F.R.D. 66, 68 (S.D.N.Y.
22 1968). The request further seeks information not reasonably likely to lead to the
23 discovery of relevant admissible evidence.

24      This request calls for information protected by fundamental privacy principals,
25 privileges and laws including, but not limited to the First Amendment of the United
26 States Constitution, Article 1 of the California Constitution. See *Katz v. United States*,
27 389 U.S. 437, 350 (1967); *White v. Davis*, 13 Cal.3d 757, 773; *Arcelona v. Municipal
28 Court*, 113 Cal.App.3d 523, 532 (1980); *Harding Lawson Assoc. v. Super. Ct*., 10

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

3

Cal.App.4th 7, 10 (1992); and *Scharf v. Regents of Univ. of Cal.*, 234 Cal.App.3d 1393, 1408 (1991).

As phrased, this request seeks information which is presumptively privileged under both state and federal law. The official information privilege applies to information acquired in confidence by a public employee in the course of his duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made. See *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). Moreover, the potential benefit of disclosure of these documents do not outweigh the potential disadvantage of such disclosure.

**REQUEST FOR PRODUCTION NO. 3:**

Any DOCUMENTS that REFER or RELATE TO tattoos that YOU have. This includes photos of any tattoos you have on YOUR body.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Objection. The phrases "REFER or RELATE TO", "includes", "any tattoos", and "body" are vague, ambiguous, and overbroad as to time and scope. Further, it is compound and assumes facts not in evidence. The request is also burdensome, oppressive, vexatious, and harassing. It is Compound. The discovery Plaintiff seeks is unreasonably cumulative and duplicative. *Federal Rules of Civil Procedure*, Rule 26(b)(2)(C)(1). Further, this request is argumentative.

As phrased, the request is unintelligible, and the propounding party has failed to describe the items sought by category with reasonable particularity. *Fed. R. Civ. P.* 26(b), 24(b) and *SEC v. American Beryllium & Oil Corp.*, 47 F.R.D. 66, 68 (S.D.N.Y. 1968). The request further seeks information not reasonably likely to lead to the discovery of relevant admissible evidence.

This request calls for information protected by fundamental privacy principals, privileges and laws including, but not limited to the First Amendment of the United States Constitution, Article 1 of the California Constitution. See *Katz v. United States*, 389 U.S. 437, 350 (1967); *White v. Davis*, 13 Cal.3d 757, 773; *Arcelona v. Municipal*

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1  *Court*, 113 Cal.App.3d 523, 532 (1980); *Harding Lawson Assoc. v. Super. Ct*., 10

2  Cal.App.4th 7, 10 (1992); and *Scharf v. Regents of Univ. of Cal*., 234 Cal.App.3d

3  1393, 1408 (1991).

4      As phrased, this request seeks information which is presumptively privileged

5  under both state and federal law.  The official information privilege applies to

6  information acquired in confidence by a public employee in the course of his duty and

7  not open, or officially disclosed, to the public prior to the time the claim of privilege

8  is made.  See *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).

9  Moreover, the potential benefit of disclosure of these documents do not outweigh the

10  potential disadvantage of such disclosure.

11      Subject to and without waiving said objections, Responding Party answers as

12  follows: Responding Party is amenable to meet and confer with propounding party to

13  narrow the scope of this discovery request.

14  **REQUEST FOR PRODUCTION NO. 4:**

15      Any DOCUMENTS that REFER or RELATE TO the INCIDENT, including

16  but not limited to text messages and communications within any applications, that

17  refer to, concern, or are in any way related to the incident in question. This request

18  encompasses all forms of written, electronic, or digital communications.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

20      Objection. The phrases "REFER or RELATE TO", "INCIDENT", "including

21  but not limited to", "test messages and communications", "within any application",

22  "refer to, concern, or are in any way related", and "all forms of written, electrical, or

23  digital communications" are vague, ambiguous, and overbroad as to time and scope.

24  Further, it is compound and assumes facts not in evidence. The request is also

25  burdensome, oppressive, vexatious, and harassing.  It is Compound.  The discovery

26  Plaintiff seeks is unreasonably cumulative and duplicative. *Federal Rules of Civil*

27  *Procedure*, Rule 26(b)(2)(C)(1).

28      As phrased, the request is unintelligible, and the propounding party has failed

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

**PROOF OF SERVICE**

**Ursula Byram, et al. v. County of Los Angeles, et al.**
**Case No. 2:23-cv-09285-SB (MARx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 725 S. Figueroa Street, Suite 3800, Los Angeles, CA 90017.

On March 20, 2024, I served true copies of the following document(s) described as

- **DEFENDANT BLAKE RUNGE'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE;**

- **DEFENDANT BLAKE RUNGE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE;**

- **DEFENDANT COUNTY OF LOS ANGELES' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE; AND**

- **DECLARATION OF SERGEANT DONALD MOORE IN SUPPORT OF COUNTY OF LOS ANGELES' OFFICIAL INFORMATION PRIVILEGE IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address aramirez@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2024, at Los Angeles, California.

*/s/ Ana Ramirez*
Ana Ramirez

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

**SERVICE LIST**

**Ursula Byram, et al. v. County of Los Angeles, et al.**
**Case No. 2:23-cv-09285-SB (MARx)**

Dale K. Galipo, Esq.
Cooper Alison-Mayne, Esq.
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA  91367
Tel:  (818) 347-3333
dalekgalipo@yahoo.com
cmayne@galipolaw.com

*Attorneys for Plaintiffs, Ursula Byram,*
*S.B. by and through guardian ad litem*
*Timothy Byram, N.B. by and through*
*guardian ad litem Timothy Byram, and*
*A.B. by and through guardian ad litem*
*Kaitlyn Humenchuk, individually and as*
*successors-in-interest to Everett Byram*

David Rubin, Esq.
RUBIN LAW OFFICE, P.C.
2292 Faraday Avenue, Suite 100
Carlsbad, CA  92008
Tel:  (619) 719-1087
david@rubinlawoffice.com

*Attorneys for Plaintiffs, Ursula Byram,*
*S.B. by and through guardian ad litem*
*Timothy Byram, N.B. by and through*
*guardian ad litem Timothy Byram, and*
*A.B. by and through guardian ad litem*
*Kaitlyn Humenchuk, individually and as*
*successors-in-interest to Everett Byram*