Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jordan S. Stern, State Bar No. 311527
E-Mail: jstern@hurrellcantrall.com
Nicole G. Ortega, State Bar No. 345882
E-Mail: nortega@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, BLAKE RUNGE and BRENDA ALCANTARA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,<br><br>Defendants. | Case No. 2:23-cv-09285-KS<br><br>[Assigned to Hon. Karen L. Stevenson, Courtroom 580]<br><br>**JOINT NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 1 TO EXCLUDE ANY REFERENCE TO THE GEORGE FLOYD INCIDENT AND OTHER RELATED OR SIMILAR INCIDENTS DURING TRIAL (MOVING PARTY: DEFENDANTS)**<br><br>*[Filed Concurrently with the Declaration of Jordan S. Stern, in Support of JMIL No. 1, and [Proposed] Order]*<br><br>Final Pretrial Conference/Hearing on Motions in *Limine*<br>Date:        January 21, 2025<br>Time:        10:00 a.m.<br>Courtroom:   580<br>Trial Date:  February 10, 2025 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 21, 2025, at 10:00 a.m. in Courtroom "580" of the above entitled court, located at 255 E. Temple Street, Los Angeles, California 90012, Defendants COUNTY OF LOS ANGELES, DEPUTY BLAKE RUNGE and DEPUTY BRENDA ALCANTARA (collectively "Defendants") will move this Court, in *Limine*, for an Order precluding Plaintiffs URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram, (collectively "Plaintiffs") from making reference to the George Floyd incident and other related incidents, including media accounts related to these incidents at the time of trial.

Defendants bring this Motion on the following grounds: (1) Plaintiffs failed to produce any relevant evidence; (2) it constitutes inadmissible hearsay; and (3) its introduction would be unduly prejudicial to the Defendants, mislead the jury, confuse the issues and waste time.

Defendants further move this Court to instruct Plaintiffs and their counsel and to require counsel to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Not to make any mention of the fact that this motion has been filed; and

3. To warn and caution each of Plaintiffs' witnesses to strictly follow the same instructions.

This motion is made following compliance with the meet and confer requirements of *Local Rule* 7-3. (See Declaration of Jordan S. Stern in Support of Joint Motion in *Limine* No. 1 ("Stern Decl."), ¶ 3.) This motion is based upon the

accompanying memorandum of points and authorities, the declaration of Jordan S. Stern, all papers and records on file in this action, and upon such other oral or documentary evidence as may be presented at the time of the hearing on this motion.

DATED: December 10, 2024        HURRELL CANTRALL LLP

By: */s/ Jordan S. Stern*
THOMAS C. HURRELL
JORDAN S. STERN
NICOLE G. ORTEGA
Attorneys for Defendants, COUNTY OF LOS ANGELES, BLAKE RUNGE and BRENDA ALCANTARA

3

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This civil rights action arises out of Plaintiffs' URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram, (collectively "Plaintiffs") allegations that on February 10, 2023, at approximately 10:00 p.m., while Mr. Everett Byram ("Mr. Byram") was in possession of a sword, Defendant Deputy BLAKE RUNGE ("Deputy Runge") unreasonably shot Mr. Byram without a warning or command. Specifically, Plaintiffs allege the following causes of action: (1) excessive force (42 U.S.C. § 1983) against Deputy RUNGE; (2) denial of familial relationship (42 U.S.C. § 1983) against Deputy RUNGE; (3) unlawful detention (42 U.S.C. § 1983) against Deputy ALCANTARA; (4) unconstitutional custom or policy (42 U.S.C. § 1983) against the COUNTY OF LOS ANGELES ("COLA"); (5) failure to train (42 U.S.C. § 1983) against COLA; (6) ratification (42 U.S.C. § 1983) against COLA; (7) Americans with Disabilities Act (42 U.S.C. § 12132) against COLA and Deputy RUNGE; (8) battery against COLA and Deputy RUNGE; (9) negligence against COLA and Deputy RUNGE; (10) false imprisonment against Deputy ALCANTARA; and (11) violation of Cal. Civil Code § 52.1.

On May 25, 2020, the widely publicized George Floyd incident happened. Minneapolis Police Officer Derek Chauvin, along with two other officers, were accused of applying their body weight on Mr. Floyd's neck, back and legs for a prolonged period of time, while he was on the ground, handcuffed behind his back, and begging for his life. As a result, Mr. Floyd died on the street in Minneapolis. This incident led to protests by hundreds of thousands of people around the country and globe simultaneously expressing the collective condemnation for the deaths of Black, Indigenous and People of Color at the hands of law enforcement condoned by local law enforcement.  In a subsequent criminal trial, Derek Chauvin was convicted of

murdering Mr. Floyd.

Central to Plaintiffs' contention in this action is that the tactics and force used by the Deputy Defendants against Plaintiffs amounted to excessive force. Defendants anticipate that Plaintiffs will attempt to make reference to the George Floyd incident or other related incidents involving the death and/or deadly force used upon persons of color in the hands of law enforcement at the time of trial, and Defendants move to preclude Plaintiffs from making any such reference. Defendants also seek to exclude any news articles or media coverage pertaining to related incidents that tend to portray law enforcement including the Los Angeles County Sheriff's Department (LASD) in bad light. All of these media accounts represent third party reporting of events not based on personal knowledge, contain inadmissible hearsay, and are not a reliable means by which Plaintiffs should be allowed to establish any facts in this case. Additionally, they are highly prejudicial to Defendants, as they contain unverified statements which may mislead the jury as to what occurred during the incident that is the subject of this action, and may cause the jury to consider extraneous issues.

Therefore, Defendants respectfully request that the Court preclude Plaintiffs from introducing any evidence of or making reference to the George Floyd incident or other related incidents, including media coverage pertaining to these incidents and the LASD in general, at the time of trial.

## II.   ARGUMENTS

### A.   The Subject Evidence Is Irrelevant To This Case

Only relevant evidence is admissible at trial. *Fed. R. Evid*. 401, 402. Under the Federal Rules, evidence shall only be admissible if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. *Id.*

Evidence relating to the George Floyd incident and other related incidents have no tendency of proving or disproving any fact that is of consequence in this matter. Rather, they are third-hand accounts of the facts of other unrelated incidents not based

5

on personal knowledge, speculative, and not relevant to establishing the facts of the subject incident. Therefore, the evidence must be excluded from trial.

### B. The Subject Evidence Constitutes Inadmissible Hearsay.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *Fed. R. Evid.* 801. Except as otherwise provided, hearsay evidence is inadmissible. *Fed. R. Evid.* 802.

News reports and other media coverage pertaining to the George Floyd incident or other related incidents contain unsubstantiated third-party hearsay statements regarding law enforcement entities, including the LASD. The purpose of the hearsay rule is to exclude untrustworthy statements not made under oath. This purpose would be thwarted if Plaintiffs are allowed to introduce pre-selected media accounts containing unsworn third-party statements regarding other unrelated incidents. Such media accounts are not reliable evidence and are clearly out-of-court statements being used to establish the truth of the matter asserted. Consequently, any such media coverage are hearsay and should be excluded.

### C. Any Probative Value Of The Subject Evidence Is Substantially Outweighed By The Danger Of Unfair Prejudice, Misleading The Jury, Confusion of Issues And Waste Of Time.

Even if evidence is relevant, the trial judge has broad discretion, under *Federal Rules of Evidence*, Rule 403, to exclude the evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed.R.Evid.* 403; *United States v. Spencer*, 1 F.3d 742, 744 (9th Cir. 1992) (no abuse of discretion to exclude evidence under Rule 403 as district courts are given wide latitude to exclude evidence under Rule). "In balancing probative value against possible prejudice, the court must consider the need for the particular evidence 'to prove a particular point.'" *United*

*States v. Morri*s, 827 F.2d 1348, 1350 (9th Cir. 1987), *cert. denied*, 484 U.S. 1017 (1988). "Unfair prejudice" for purposes of Rule 403 means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. U.S.,* 519 U.S. 172, 180 (1997) (internal quotations omitted).

Here, the subject evidence has no conceivable purpose other than to improperly inflame the passions of the jury which may cloud their judgment on the issue of liability. Plaintiff may try to draw similarities between the George Floyd incident and the subject incident which involves the use of deadly force. This evidence will likely lead a jury to be more concerned with compensating Plaintiffs and punishing Defendants rather than considering whether Defendants are legally at fault. The jury may even conclude that the facts of the George Floyd incident are similar to the facts of this case, when in fact they are not because while Mr. Floyd was not armed, Mr. Byram was armed with a sword, which may cause the jury to input liability on Defendants. This is an improper basis upon which to infer liability.

Furthermore, it would tend to distract the trier of fact from the main question of what actually happened on this particular occasion. It would mislead the jury, confuse the issues and deprive Defendants of their right to a fair and impartial jury. Moreover, the probative value of this evidence, if any, is substantially outweighed by the danger of unfair prejudice to Defendants and having the tendency of wasting the Court's time. (Stern Decl., ¶¶ 4-6.) Therefore, the evidence at issue in the present motion should be excluded from trial under *Federal Rules of Evidence,* Rule 403.

### III. <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request the Court grant this Motion in *Limine*, and preclude Plaintiffs and their counsel from introducing any evidence of or making reference to the George Floyd incident or other related incidents, including media coverage pertaining to these incidents that tend to portray law enforcement including the LASD in bad light, at the time of trial.

**PLAINTIFFS' OPPOSITION**

Plaintiffs do not oppose this Motion in *Limine*.

DATED: December 10, 2024        HURRELL CANTRALL LLP

By: */s/ Jordan S. Stern*
THOMAS C. HURRELL
JORDAN S. STERN
NICOLE G. ORTEGA
Attorneys for Defendants, COUNTY OF LOS ANGELES, BLAKE RUNGE and BRENDA ALCANTARA

DATED: December 10, 2024        LAW OFFICES OF DALE K. GALIPO

By: */s/ Cooper Alison-Mayne*
DALE K. GALIPO
COOPER ALISON-MAYNE
Attorneys for Plaintiffs

8