Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jordan S. Stern, State Bar No. 311527
E-Mail: jstern@hurrellcantrall.com
Nicole G. Ortega, State Bar No. 345882
E-Mail: nortega@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, BLAKE RUNGE and BRENDA ALCANTARA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and A.B. by and through guardian ad litem KAITLYN HUMENCHUK, individually and as successors-in-interest to Everett Byram,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,<br><br>Defendants. | Case No. 2:23-cv-09285-KS<br><br>[Assigned to Hon. Karen L. Stevenson, Courtroom 580]<br><br>**DECLARATION OF JORDAN S. STERN, ESQ IN SUPPORT OF JOINT MOTION IN *LIMINE* NO. 1 TO EXCLUDE ANY REFERENCE TO THE GEORGE FLOYD INCIDENT AND OTHER RELATED OR SIMILAR INCIDENTS DURING TRIAL (MOVING PARTY: DEFENDANTS)**<br><br><u>Final Pretrial Conference/Hearing on Motions in *Limine*</u><br>Date:       January 21, 2025<br>Time:       10:00 a.m.<br>Courtroom: 580<br>Trial Date: February 10, 2025 |

# DECLARATION OF JORDAN S. STERN, ESQ.

I, Jordan S. Stern, Esq., declare:

1. I am an attorney duly licensed to practice before this Court and am a partner with Hurrell Cantrall LLP, attorneys of record for Defendants COUNTY OF LOS ANGELES, DEPUTY BLAKE RUNGE and DEPUTY BRENDA ALCANTARA ("Defendants"). The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. I make this declaration in support of Joint Motion in *Limine* No. 1 to exclude any reference to the George Floyd incident and other related or similar incidents during trial.

3. Pursuant to *Local Rule* 7-3 and this Court's Order (Dkt. 68), the parties thoroughly met and conferred about the subject of the instant motion in *Limine* on November 21, 2024. After such discussion, opposing counsel refused to stipulate to the exclusion of this subject evidence.

4. The subject evidence is irrelevant to this instant case, constitutes inadmissible hearsay and would be highly prejudicial to Defendants.

5. The subject evidence has no conceivable purpose other than to improperly inflame the passions of the jury which may cloud their judgment on the issue of liability. Plaintiffs may try to draw similarities between the George Floyd incident and the subject incident which involves the use of deadly force. This evidence will likely lead a jury to be more concerned with compensating Plaintiffs and punishing Defendants rather than considering whether Defendants are legally at fault. The jury may even conclude that the facts of the George Floyd incident are similar to the facts of this case, when in fact they are not, which may cause the jury to input liability on Defendants. This is an improper basis upon which to infer liability.

6. Furthermore, it would tend to distract the trier of fact from the main question of what actually happened on this particular occasion. It would mislead the jury, confuse the issues and deprive Defendants of their right to a fair and impartial

1 jury. Moreover, the probative value of this evidence, if any, is substantially
2 outweighed by the danger of unfair prejudice to Defendants and having the tendency
3 of wasting the Court's time.

4       I declare under penalty of perjury under the laws of the State of California and
5 the United States of America that the foregoing is true and correct.

7       Executed on December 10, 2024, at Los Angeles, California.

9     */s/ Jordan S. Stern*
    JORDAN S. STERN, ESQ.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000