**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and ATTICUS BYRAM, individually and as successors-in-interest to Everett Byram, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA, <br><br> Defendants. | Case No.: 2:23-cv-09285-KS <br> Hon. Karen L. Stevenson <br><br><br> **DECLARATION OF COOPER ALISON-MAYNE IN SUPPORT OF PLAINTIFFS' UNOPPOSED *EX PARTE* MOTION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS S.B. AND N.B.** |

1

I, Cooper Alison-Mayne, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' Unopposed *Ex Parte* Motion for Approval of Compromise of Claims of the Minor Plaintiffs S.B. and N.B.

2. On May 21, 2026, I e-mailed a copy of this instant *Motion* and accompanying proposed order to defense counsel for the County of Los Angeles, Deputy Blake Runge, and Deputy Brenda Alcantara at jstern@hurrell-llp.com and thurrell@hurrell-llp.com. On May 21, 2026, I was informed by Jordan Stern that Defendants and their counsel do not intend to oppose Plaintiffs' Motion.

3. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record a total sum of $6,000,000. Plaintiffs have agreed to split the settlement sum equally among the four Plaintiffs as follows:

| | |
|---|---|
| Ursula Byram (wife of Decedent) | $1,500,000.00 |
| S.B. (child of Decedent) | $1,500,000.00 |
| N.B. (child of Decedent) | $1,500,000.00 |
| Atticus Byram (child of Decedent) | $1,500,000.00 |

4. Plaintiff S.B. is a minor child and the biological son of the Decedent in this case, Everett Byram. He was born on October 14, 2021.

5. Plaintiff N.B. is a minor child and the biological daughter of the Decedent in this case, Everett Byram. She was born on October 14, 2021. S.B. and N.B. are twins (collectively, the "Minors").

2

6. Plaintiff Atticus Byram is the biological son of the Decedent in this case, Everett Byram. He turned eighteen on October 13, 2025, and is no longer a minor. The Court need not approve the compromise of his claims; however, as set forth below, Plaintiffs respectfully request that the proposed order direct the funding of his structured settlement so that the entire settlement may be funded as a single, coordinated transaction.

7. The Minors' claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreement, the Minors' claims will be compromised without a trial on the merits of the claims.

8. The Minors' damages in this case arise from the loss of Decedent's comfort, care, companionship, training, support, and guidance, for which S.B. and N.B. recover directly, and from Decedent's own pre-death damages, which the Minors are entitled to recover as his successors in interest.

9. Medical treatment and medical billing are not relevant. Additionally, the Minors have not received medical treatment in connection with this case.

10. The total amount of the settlement that Defendants agree to pay is $6,000,000. Plaintiffs' proposed gross division is stated in the table above. Plaintiffs' attorneys—the Law Offices of Dale K. Galipo—are requesting reimbursement of advanced litigation costs in the total amount of $35,502.60. The advanced costs consist of the federal-court filing fee; fees paid to retained experts (a police-practices expert and a forensic-pathology expert) and to a video editor; court reporter and deposition transcript fees for the parties' depositions; fees paid to a process-service company; and shipping and postage. The costs will be split among the four Plaintiffs equally on a *pro rata* basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting costs as follows:

| | |
|---|---|
| Ursula Byram (wife of Decedent) | $8,875.65 |

3

| S.B. (child of Decedent) | $8,875.65 |
|---|---|
| N.B. (child of Decedent) | $8,875.65 |
| Atticus Byram (child of Decedent) | $8,875.65 |

11. Thus, the total amount Plaintiffs' attorneys seek in reimbursement for advanced litigation costs from the Minors is $17,751.30 (i.e., $8,875.65 from each of S.B. and N.B.). No advances of settlement funds were made to the guardian *ad litem* or to the Minors during the pendency of the litigation.

12. The contingency retainer agreement between the Minors' guardian *ad litem* and Plaintiffs' attorneys provides for a forty (40) percent contingency fee. Plaintiffs' attorneys are requesting attorneys' fees in the amount of forty (40) percent of the settlement proceeds. Attorneys' fees are $600,000 from each of S.B.'s and N.B.'s gross share, for total attorneys' fees from the Minors of $1,200,000.

13. This case involved a substantial amount of risk, was challenging, and required significant background in § 1983 litigation. Defendants vigorously asserted that Decedent posed an immediate deadly threat at the time of the shooting because he was armed with a sword, that the shooting deputy was entitled to qualified immunity, and that Plaintiffs' damages were limited by Decedent's own conduct. If Plaintiffs had prevailed at trial, statutory attorneys' fees due to Plaintiffs' attorneys under the retainer agreements could have substantially exceeded the requested contingency fee—but the same trial would have presented real and serious risks of an adverse verdict. If the Law Offices of Dale K. Galipo are not awarded their requested compensatory fee in such cases, they would not be able to take them. In turn, minor plaintiffs such as S.B. and N.B. would not be able to attract competent counsel who could achieve similar results. Accordingly, the Minors'

4

attorneys request reimbursement of the full amount of their attorneys' fees and costs.

14. The share of these proceeds apportioned for minor Plaintiff S.B. and his attorneys is $1,500,000. After deducting advanced costs in the amount of $8,875.65 and requested attorneys' fees of $600,000, the total net settlement proceeds to Plaintiff S.B. is $891,124.35. It is requested that $891,124.35 be used to fund a structured settlement annuity for Plaintiff S.B. As set forth in **Exhibit A**, attached hereto and incorporated herein by reference, the annuities for minor Plaintiffs S.B. and N.B. will be funded together by a single check in the amount of $1,782,248.70, payable to Prudential Assigned Settlement Services Corp. and mailed to Baldwin Settlements, 24265 Juanita Dr., Laguna Niguel, CA 92677. The total amount that Plaintiff S.B. will receive after final payment is made directly to him is $3,374,896.10. Plaintiff S.B.'s guardian ad litem, Timothy Byram, agrees to this proposal and believes that it is in the best interests of S.B.

15. The share of these proceeds apportioned for minor Plaintiff N.B. and her attorneys is $1,500,000. After deducting advanced costs in the amount of $8,875.65 and requested attorneys' fees of $600,000, the total net settlement proceeds to Plaintiff N.B. is $891,124.35. It is requested that $891,124.35 be used to fund a structured settlement annuity for Plaintiff N.B. As set forth in **Exhibit A**, attached hereto and incorporated herein by reference, the annuities for minor Plaintiffs S.B. and N.B. will be funded together by a single check in the amount of $1,782,248.70, payable to Prudential Assigned Settlement Services Corp. and mailed to Baldwin Settlements, 24265 Juanita Dr., Laguna Niguel, CA 92677. The total amount that Plaintiff N.B. will receive after final payment is made directly to her is $3,374,896.10. Plaintiff N.B.'s guardian ad litem, Timothy Byram, agrees to this proposal and believes that it is in the best interests of N.B.

5

**Structured Settlement Annuity Payment Schedule — S.B. and N.B.**

*S.B. and N.B. will receive identical payments on the dates set forth below.*

| Payment Type | Amount | Schedule | Subtotal |
|---|---|---|---|
| Periodic — semi-annual | $40,000.00 | 8 payments, 10/14/2039 through 04/14/2043 | $320,000.00 |
| Periodic — monthly | $4,000.00 | 49 payments, 10/14/2043 through 10/14/2047 | $196,000.00 |
| Lump sum | $120,000.00 | 10/14/2043 | $120,000.00 |
| Lump sum | $150,000.00 | 10/14/2045 | $150,000.00 |
| Lump sum | $300,000.00 | 10/14/2048 | $300,000.00 |
| Lump sum | $500,000.00 | 10/14/2051 | $500,000.00 |
| Lump sum | $1,788,896.10 | 10/14/2056 | $1,788,896.10 |
| **Total guaranteed payments per minor** | | | **$3,374,896.10** |

*See* **Exhibit A**.

16. The structured settlement annuities for S.B. and N.B. will be issued by The Prudential Insurance Company of America ("Prudential"), and Defendant's liability to make the periodic payments will be assigned to Prudential Assigned Settlement Services Corp. ("PASSCorp") as the qualified assignee. PASSCorp will own the annuity policies and will direct Prudential to mail payments to S.B. and N.B. directly. In addition, pursuant to authority granted by its Board of Directors, Prudential has issued a written guarantee that if PASSCorp should fail to make any payment under the Assignment, Prudential will make such payment promptly after receipt of written notice of PASSCorp's default. A true and correct copy of Prudential's Evidence of Guarantee, signed by Prudential Vice President Alexandra Hyten, is attached hereto as **Exhibit B.**

17. Prudential is one of the largest financial services institutions in the world, with operations across the United States, Asia, Europe, and Latin America. According to Prudential's most recently published structured-settlements financial-strength summary, Prudential reports approximately $1.35 trillion

in total assets under management, $306 billion in admitted assets (including $153 billion held in separate accounts), and approximately $4 trillion in gross life insurance in force worldwide. Prudential is highly rated by each of the four major independent insurance-rating agencies, with the following ratings as published in the same summary: A+ (Superior) by A.M. Best, AA- by Standard & Poor's, Aa3 by Moody's, and AA- by Fitch. A true and correct copy of Prudential's published financial-strength summary is attached hereto as **Exhibit C.**

18. All sums and periodic payments described above constitute damages on account of personal physical injuries within the meaning of 26 U.S.C. § 104(a)(2). Defendant will execute a "qualified assignment" within the meaning of 26 U.S.C. § 130(c), assigning its liability to make the periodic payments to Prudential Assigned Settlement Services Corp. The structure thereby preserves the tax-free character of the Minors' recovery.

19. The structured settlement is in the best interests of S.B. and N.B. for three reasons. First, the first scheduled payment is October 14, 2039 — each Minor's eighteenth birthday — so the Minors will not receive any portion of the structured proceeds until they reach the age of majority. Second, the periodic and lump-sum payments cannot be accelerated, deferred, increased, decreased, sold, mortgaged, encumbered, or assigned by the Minors or by any other party, which provides durable protection against dissipation throughout the Minors' lives. Third, the schedule is sequenced to deliver guaranteed funds at typical life milestones: semi-annual payments beginning at age 18 covering the undergraduate years, a $120,000 lump sum at age 22 coupled with monthly payments through age 26 (post-college transition and early career), a $150,000 lump sum at age 24, a $300,000 lump sum at age 27, a $500,000 lump sum at age 30, and a final $1,788,896.10 lump sum at age 35.

20. The share of these proceeds apportioned for adult Plaintiff Atticus Byram and his attorneys is $1,500,000. After deducting advanced costs in the amount of $8,875.65 and attorneys' fees of $600,000, the total net settlement proceeds to Plaintiff Atticus Byram is $891,124.35. Plaintiff Atticus Byram has elected to use $831,124.35 of these proceeds to fund a structured settlement annuity, with the remaining $60,000 to be paid directly to him. To fund the annuity, a check in the amount of $831,124.35 shall be made payable to Prudential Assigned Settlement Services Corp. and delivered to Baldwin Settlements, 24265 Juanita Dr., Laguna Niguel, CA 92677. The remaining $60,000 shall be included in the check made payable to The Law Offices of Dale K. Galipo, Client Trust Account.

21. The share of these proceeds apportioned for adult Plaintiff Ursula Byram and her attorneys is $1,500,000. After deducting advanced costs in the amount of $8,875.65 and attorneys' fees of $600,000, the total net settlement proceeds to Plaintiff Ursula Byram is $891,124.35. Plaintiff Ursula Byram has elected not to fund a structured settlement annuity, and the full $891,124.35 shall be included in the check made payable to The Law Offices of Dale K. Galipo, Client Trust Account, for disbursement directly to her.

22. Timothy Byram, the Minors' guardian *ad litem*, is the brother of Decedent Everett Byram and the natural uncle of S.B. and N.B. He does not have any claims against Defendants in connection with the subject incident, and he does not have any claims against the Minor Plaintiffs in relation to any matter.

23. This motion does not seek an order for payment of money to a special needs trust.

24. This motion was prepared by Cooper Alison-Mayne (California State Bar Number 343169), of the Law Offices of Dale K. Galipo, located at 21800

Burbank Boulevard, Suite 310, Woodland Hills, California, which represents the Plaintiffs in this action.

25. The Law Offices of Dale K. Galipo did not become involved in this matter because of any influence or request from any party against whom the claims of the Minors are asserted.

26. The Law Offices of Dale K. Galipo represents Plaintiffs in this matter but is not employed by any other party or any insurance carrier involved in the matter.

27. The Law Offices of Dale K. Galipo has not to date received any compensation for its services in connection herewith from any person.

28. In addition to receiving compensation from the Minor Plaintiffs' share of the settlement, Plaintiffs' attorneys expect to receive compensation in the amount of $1,200,000 in attorneys' fees and $17,751.30 in reimbursed advanced litigation costs for their services in connection herewith from the gross settlement proceeds to the adult Plaintiffs in this case. Plaintiffs' attorneys will receive a total of $2,400,000 in attorneys' fees and $35,502.60 in costs.

29. The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on this 22nd day of May 2026 at Woodland Hills, California.

Dated: May 26, 2026          **LAW OFFICES OF DALE K. GALIPO**

By:    /s/   *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

9