# EXHIBIT A

**ANNUITY ATTACHMENT**
**MINORS COMPROMISE**

From the total gross settlement, the County of Los Angeles (hereinafter referred to as "Defendant") has agreed to issue a separate settlement check for the total amount of $1,782,248.70 to fund the structured annuities for the Minor Plaintiffs as detailed in Section A, by and through the Guardian ad Litem Timothy Byram (hereinafter referred to as "Plaintiffs").

Prudential Assigned Settlement Services Corp. (hereinafter referred to as "Assignee") will provide the following periodic payments in Section A to be made by The Prudential Insurance Company of America, (hereinafter referred to as "Annuity Carrier") rated A+ by A.M. Best Company.

A)    <u>PAYMENTS</u>:

**<u>Payable to N.B.:</u>**

$40,000.00    Payable Semi-annually guaranteed for 4 years, beginning on
10/14/2039 with last payment on 04/14/2043

$4,000.00    Payable Monthly guaranteed for 4 years and 1 month, beginning on
10/14/2043 with last payment on 10/14/2047

$120,000.00   Lump Sum Payment on 10/14/2043
$150,000.00   Lump Sum Payment on 10/14/2045
$300,000.00   Lump Sum Payment on 10/14/2048
$500,000.00   Lump Sum Payment on 10/14/2051
$1,788,896.10 Lump Sum Payment on 10/14/2056

**<u>Payable to S.B.:</u>**

$40,000.00    Payable Semi-annually guaranteed for 4 years, beginning on
10/14/2039 with last payment on 04/14/2043

$4,000.00    Payable Monthly guaranteed for 4 years and 1 month, beginning on
10/14/2043 with last payment on 10/14/2047

$120,000.00   Lump Sum Payment on 10/14/2043
$150,000.00   Lump Sum Payment on 10/14/2045
$300,000.00   Lump Sum Payment on 10/14/2048
$500,000.00   Lump Sum Payment on 10/14/2051
$1,788,896.10 Lump Sum Payment on 10/14/2056

**FUNDING INSTRUCTIONS:**

| | |
|---|---|
| Check Amount: | $1,782,248.70 |
| Check Payable to: | Prudential Assigned Settlement Services Corp. |
| Tax I.D. | 22-3444614 |
| Deliver check to: | Baldwin Settlements<br>24265 Juanita Dr.<br>Laguna Niguel, CA 92677 |

The details of the periodic payments will be set forth in section (A). All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

The Defendant will execute a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant's liability to make the periodic payments described in paragraph (A) herein. Such assignment, if made, shall be accepted by the Plaintiffs without right of rejection and shall completely release and discharge the Defendant from such obligations hereunder as are assigned to Assignee.

The Defendant shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset", within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check or via wire transfer, in the amount specified above.

The Plaintiffs hereto expressly understand and agree that upon the qualified assignment being made by the Defendant to Assignee as authorized by this agreement, all of the duties and responsibilities to make the periodic payments otherwise imposed upon the Defendant by this agreement shall instead be binding upon Assignee, and the Defendant shall be released from all obligations to make said periodic payments, and Assignee shall at all times remain directly and solely responsible for and shall receive credit for all such payments made to Plaintiffs. It is further understood and agreed that, upon such a qualified assignment, Assignee assume all of the duties and responsibilities of the Defendant to make the periodic payments.

Payments hereunder cannot be accelerated, deferred, increased or decreased by the Plaintiffs and/or Assignee and no part of the payment(s) called for herein or any assets of the Defendant

and/or Assignee is to be subject to execution of any legal process for any obligation in any manner. Furthermore, the Plaintiffs shall not have the power to sell, increase, decrease, mortgage or encumber the same, or any part thereof, anticipate the same, or any part thereof, by assignment or otherwise, directly or indirectly.

The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership. The Assignee will have the Annuity Carrier mail payments directly to the Plaintiffs. The Plaintiffs shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.