# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

URSULA BYRAM, S.B. by and through guardian ad litem TIMOTHY BYRAM, N.B. by and through guardian ad litem TIMOTHY BYRAM, and ATTICUS BYRAM, individually and as successors-in-interest to Everett Byram,

Plaintiffs,

vs.

COUNTY OF LOS ANGELES, BLAKE RUNGE, and BRENDA ALCANTARA,

Defendants.

Case No.: 2:23-cv-09285-KS
Hon. Karen L. Stevenson

**[PROPOSED] ORDER RE: PLAINTIFFS' UNOPPOSED EX PARTE MOTION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS S.B. AND N.B.**

1

# [PROPOSED] ORDER

This Court, having considered Plaintiffs' Unopposed *Ex Parte* Motion for Approval of Compromise of Claims of Minor Plaintiffs S.B. and N.B., and good cause appearing therefore, hereby GRANTS the motion and makes the following orders:

1. The settlement of minor Plaintiff S.B.'s action against the Defendants in the gross amount of $1,500,000 is hereby approved.

2. The settlement of minor Plaintiff N.B.'s action against the Defendants in the gross amount of $1,500,000 is hereby approved.

3. The Court further approves the requested attorneys' fees of $600,000 and the requested reimbursement of advanced litigation costs of $8,875.65 from each of S.B.'s and N.B.'s gross settlement share, leaving net settlement proceeds of $891,124.35 to each of S.B. and N.B.

4. **Within 30 days of this Order**, Defendant County of Los Angeles shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $6,000,000 payable as follows:

   a. Defendant County of Los Angeles will purchase a structured annuity for minor **Plaintiffs S.B. and N.B.** in the amount of $1,782,248.70 issued by The Prudential Insurance Company of America (the 'Annuity Carrier'), rated A+ Class XV by A.M. Best Company, with Defendant's liability to make the periodic payments assigned to Prudential Assigned Settlement Services Corp. ('Assignee') as the qualified assignee under 26 U.S.C. § 130, rated A+ Class XV by A.M. Best Company as set forth in "**Exhibit A**" to the Declaration of Cooper Alison-Mayne and in the table below.  The annuities for minor Plaintiffs S.B. and N.B. will be funded together by a single check in the amount of $1,782,248.70, payable to Prudential Assigned

2

Settlement Services Corp. and mailed to Baldwin Settlements, 24265 Juanita Dr., Laguna Niguel, CA 92677.

    b. Defendant County of Los Angeles will purchase a structured annuity for adult **Plaintiff Atticus Byram** in the amount of $831,124.35 from Assignee. To fund the annuity, a check in the amount of $831,124.35 shall be made payable to Prudential Assigned Settlement Services Corp. and delivered to Baldwin Settlements, 24265 Juanita Dr., Laguna Niguel, CA 92677. Atticus Byram is no longer a minor and the Court need not approve the compromise of his claims; this provision is included so that the settlement may be funded as a single, coordinated transaction in accordance with Atticus Byram's election.

    c. A draft for $3,386,626.95 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account," and sent to the Law Offices of Dale K. Galipo. These funds shall be used to satisfy (1) the attorneys' fees and costs owed to the Law Offices of Dale K. Galipo by all Plaintiffs; (2) the remaining $60,000 portion of Atticus Byram's settlement funds; and (3) Ursula Byram's settlement funds.

5. Annuity Carrier shall provide periodic payments in accordance with **"Exhibit A"** to the Declaration of Cooper Alison-Mayne and as set forth in the tables below.

6. All sums and periodic payments set forth in the "Periodic Payments" tables below constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

7. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff S.B. upon reaching the age of majority according to the payment schedule below.

3

| Payment Type | Amount | Schedule | Subtotal |
|---|---|---|---|
| Periodic — semi-annual | $40,000.00 | 8 payments, 10/14/2039 through 04/14/2043 | $320,000.00 |
| Periodic — monthly | $4,000.00 | 49 payments, 10/14/2043 through 10/14/2047 | $196,000.00 |
| Lump sum | $120,000.00 | 10/14/2043 | $120,000.00 |
| Lump sum | $150,000.00 | 10/14/2045 | $150,000.00 |
| Lump sum | $300,000.00 | 10/14/2048 | $300,000.00 |
| Lump sum | $500,000.00 | 10/14/2051 | $500,000.00 |
| Lump sum | $1,788,896.10 | 10/14/2056 | $1,788,896.10 |

8. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff N.B. upon reaching the age of majority according to the payment schedule below.

| Payment Type | Amount | Schedule | Subtotal |
|---|---|---|---|
| Periodic — semi-annual | $40,000.00 | 8 payments, 10/14/2039 through 04/14/2043 | $320,000.00 |
| Periodic — monthly | $4,000.00 | 49 payments, 10/14/2043 through 10/14/2047 | $196,000.00 |
| Lump sum | $120,000.00 | 10/14/2043 | $120,000.00 |
| Lump sum | $150,000.00 | 10/14/2045 | $150,000.00 |
| Lump sum | $300,000.00 | 10/14/2048 | $300,000.00 |
| Lump sum | $500,000.00 | 10/14/2051 | $500,000.00 |
| Lump sum | $1,788,896.10 | 10/14/2056 | $1,788,896.10 |

9. Defendant County of Los Angeles will make a "qualified assignment," within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, to Assignee of the Defendant County of Los Angeles's liability to make the periodic payments as described in the above tables, as described in "Exhibit A" to the Declaration of Cooper Alison-Mayne. Such assignment, if made, shall be accepted by the Plaintiffs without right of

rejection and shall completely release and discharge Defendant County of Los Angeles from such obligations hereunder as are assigned to Assignee. This includes that Defendant County of Los Angeles shall execute a Qualified Assignment document.

10. Defendant County of Los Angeles and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

11. Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

12. Assignee will have the Annuity Carrier mail payments directly to Plaintiffs S.B. and N.B. as set forth above. Timothy Byram (until Plaintiffs S.B. and N.B. reach the age of majority) and then Plaintiffs S.B. and N.B. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

**IT IS SO ORDERED.**

_____

DATED:                           HON. KAREN L. STEVENSON

                                 UNITED STATES MAGISTRATE JUDGE

5